**TYCKO & ZAVAREEI LLP**
Annick M. Persinger (CA Bar No. 272996)
*apersinger@tzlegal.com*
Lavanya Prabhakar (CA Bar No. 358175)
*lprabhakar@tzlegal.com*
1970 Broadway – Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Fax: (202) 973-0950

[Additional counsel in signature block]

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURA PERJANIK, SAMUEL MCCLAIN, and VICTORIA TULSIDAS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROCTORU, INC. D/B/A MEAZURE LEARNING,<br><br>Defendant. | Case No. 4:25-cv-2095-JST<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Jon S. Tigar<br>Courtroom: 6<br><br>Complaint Filed: February 27, 2025 |

Plaintiffs Laura Perjanik, Samuel McClain, and Victoria Tulsidas hereby move pursuant to Local Rule 3-12 of the U.S. District Court for the Northern District of California, for an order designating the case captioned *A.M. v. ProctorU, Inc.*, No. 4:25-cv-2197-DMR (N.D. Cal.) ("*A.M.*") as related to *Perjanik v. ProctorU, Inc.*, No. 4:25-cv-2095-JST (N.D. Cal.) ("*Perjanik*").

## BACKGROUND

These actions arise from the disastrous administration of the February 2025 California Bar Examination ("Exam"). The State Bar of California contracted with Defendant ProctorU, Inc. d/b/a Meazure Learning ("Meazure") to provide remote proctoring software and testing platform that test-takers were required to use to take the Exam on a computer. But Meazure's testing platform was not up to the task, and on February 25 and 26, while administering the Exam, Meazure's platform crashed repeatedly. Plaintiffs and Class Members faced server crashes, instructions to uninstall and reinstall software, inability to open and run required programs, malfunctioning functionalities, and lack of access to exam questions, among other problems. Plaintiffs and the proposed Class Members were unable to access promised features that would have made the test go more smoothly, including copy/paste functionality, highlighter, notepad, spell check, strikethrough, annotation features, a tagging system, and searching.

On February 27, 2025, Plaintiffs Perjanik, McClain and Tulsidas filed this action seeking redress for the injuries they suffered due to Meazure's failures. Four days later, Plaintiff Trisha A.M. filed her action seeking redress for the same injuries suffered as a result of the same failed Exam administration.

## LEGAL STANDARD

Under Local Rule 3-12, "[a]n action is related to another when: (1) [t]he action concerns substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a).

**ARGUMENT**

The *Perjanik* and *A.M.* actions are related because they satisfy both prongs of Local Rule 3-12(a). First, the action concerns substantially the same parties, transaction, and event. The actions both arise from Meazure's administration of the February 2025 California Bar Examination on July 25-26, 2025. Plaintiffs in both actions suffered similar injuries arising from the same failed testing software. Each case names Meazure as the defendant. The proposed classes in both cases are identical; each proposed class action is brought on behalf of test-takers who were injured when Meazure's testing platform malfunctioned during the Exam.

Second, if the cases proceed separately there is likely to be an unduly burdensome duplication of labor and expense, as well as the possibility of conflicting results. The two complaints raise overlapping legal claims, including (1) unjust enrichment, (2) violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, and (3) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750. Since the proposed classes overlap, the issues to be decided at class certification are also substantially the same. The risk of conflicting results is substantial as the cases arise from a single event involving the same parties. There is no good reason why the overlapping legal issues to be determined in these actions should be determined twice before different Judges.

Accordingly, the parties and the Court will benefit from greater efficiency if the actions are deemed related.

**CONCLUSION**

Plaintiffs respectfully request that the Court deem *A.M.* and *Perjanik* related and assign both to the Honorable Jon S. Tigar.

Dated: March 18, 2025

Respectfully submitted,

*/s/ Annick M. Persinger*
Annick M. Persinger

**TYCKO & ZAVAREEI LLP**
Annick M. Persinger (CA Bar No. 272996)
apersinger@tzlegal.com

Lavanya Prabhakar (CA Bar No. 358175)
*lprabhakar@tzlegal.com*
1970 Broadway – Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Fax: (202) 973-0950

**TYCKO & ZAVAREEI LLP**
Katherine M. Aizpuru*
*kaizpuru@tzlegal.com*
2000 Pennsylvania Avenue NW, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 973-0900
Fax: (202) 973-0950

*pro hac vice to be filed*

*Attorneys for Plaintiffs and the Proposed Class*