# EXHIBIT A

**FARUQI & FARUQI, LLP**
Lisa T. Omoto (State Bar No. 303830)
*lomoto@faruqilaw.com*
1901 Avenue of the Stars, Suite 1060
Los Angeles, California 90067
Telephone: (424) 256-2884
Facsimile: (424) 256-2885

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA MCDOWELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROCTORU, INC. D/B/A MEAZURE LEARNING,<br>Defendant. | Case No.  5:25-cv-00705<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Katrina McDowell ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against defendant ProctorU, Inc. d/b/a Meazure Learning ("Meazure Learning" or "Defendant"), and respectfully alleges as follows. Plaintiff bases the allegations herein on personal knowledge as to matters related to, and known to, her. As to all other matters, Plaintiff bases her allegations on information and belief, through investigation of her counsel.

## NATURE OF THE ACTION

1.     Plaintiff brings this class action lawsuit against Defendant, based on Defendant's misleading representations about its ability to competently administer the February 2025 California Bar Exam. Defendant represented that it would provide competent exam administration services, which included a "fully operational" exam platform that is capable of providing "uninterrupted service levels."[1] Contrary to this representation, Defendant's administration of the February 2025 California Bar Exam was a disaster, as the two-day exam was plagued with significant technical issues.

2.     The California Bar Exam is the culmination of years of legal education, months of intensive studying, and significant financial and personal sacrifice. It is often the last and most crucial step to becoming a California-licensed attorney. The exam is only administered twice per year and takes months to grade, meaning that if an examinee does not successfully pass the February exam, they cannot practice law in California for at least nine more months. Accordingly, for many, the California Bar Exam is the most important exam they will ever take.

---

[1] Attached hereto as **Exhibit 1** is a true and correct copy of Exhibit 26, Term Sheet: Meazure Learning Administration of California Bar Examination, included in the Renewed Request that The Supreme Court Approve Proposed Modifications to the California Bar Exam, Case No. S287231 (Cal. Unrep. Oct. 4, 2024).

3.     For the February 2025 California Bar Exam, Defendant contracted to provide administration and proctoring services. The State Bar of California ("State Bar") considered several examination administration vendors before recommending Defendant.[2] The decision to engage Meazure Learning was "grounded in their capacity and ability to deliver a high volume of complex examinations efficiently and securely."[3] The exam was to be administered both remotely and in-person. All examinees, besides those that registered to handwrite the exam, were required to pay a fee in order to use Defendant's platform.

4.     Meazure Learning offers online exam administration services through the ProctorU Platform, which is "backed by the largest certified remote proctoring and support workforce globally."[4] Its server has the capacity to deliver multiple exams (not just the California Bar Exam) throughout the world on any given day, and it was capable of accommodating *at least* 9,000 California bar examinees.[5] In a Term Sheet dated October 4, 2024, Meazure Learning represented to the State Bar that it would reserve enough capacity to administer the February 2025 California Bar Exam to all examinees.[6]

5.     In the months leading up to the exam, Meazure Learning was aware of the number of applicants that had registered for the February 2025 California Bar Exam and assured the State Bar that it would be able to "deliver the bar examination to all applicants over the course of the two-day examination."[7]

---

[2] https://www.calbar.ca.gov/portals/0/documents/admissions/examinations/Renewed-Request-to-Approve-Proposed-Modifications-to-the-CA-Bar-Examination.pdf at 24 (last visited March 17, 2025).
[3] *Id.*
[4] https://pages.meazurelearning.com/accuplacer-portal#:~:text=Meazure%20Learning%20offers%20online%20proctoring,proctoring%20and%20support%20workforce%20globally (last visited March 17, 2025).
[5] *See* **Exhibit 1**.
[6] *Id.*
[7] *See* n.2, *supra*, at 25-26.

6.     Despite these representations, in order to maximize its profits[8], Defendant did not dedicate enough server capacity for the February 2025 California Bar Exam. Therefore, during both days of the exam, Defendant's server could not handle the demand of examinees using its platform. This caused many technical issues including, but not limited to, delays, excessive lagging, and inability to access and respond to portions of the exams.

7.     As a result of Defendant's failure to competently administer the February 2025 California Bar Exam, examinees were forced to waste time navigating and troubleshooting technical issues. They were unable to fully focus on the exam. Their scores on this career-altering exam will inevitably be affected.

8.     Consequently, Plaintiff and Class Members have suffered an injury-in-fact as a result of Defendant's practices. Thus, Plaintiff, on behalf of herself and all others similarly situated, brings this case seeking damages and all other remedies this Court deems appropriate.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity of citizenship between some members of the proposed classes and the Defendant.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant administered and proctored the February 2025 California Bar Exam throughout the State of California, including in this District, and caused harm to class members residing in this District.  Further, Plaintiff resides in this District

---

[8] Despite having significant server capacity, Defendant would not reserve more space for the February 2025 California Bar Exam absent a price increase. *See* attached hereto as **Exhibit 2** is a true and correct copy of a presentation before the Contracts Committee and Board Executive Committee Meeting, dated February 3, 2025.

1  and paid the laptop fee in this District.

2       11.    This Court has personal jurisdiction over Defendant because Defendant

3  has sufficient minimum contacts in the State of California, and/or otherwise

4  intentionally avails itself of the markets within the State of California, through the

5  sale of its exam administration services in this State and to California consumers to

6  render the exercise of jurisdiction by this Court permissible under traditional notions

7  of fair play and substantial justice.

8                   **PARTIES**

9  **Plaintiff**

10       12.    Plaintiff Katrina McDowell is a citizen of California and resides in

11  Indio, California.

12       13.    Plaintiff successfully registered for the February 2025 California Bar

13  Exam prior to the deadline.

14       14.    Plaintiff paid the laptop fee required to use Defendant's exam platform.

15  She ultimately was assigned to take the exam in-person in Ontario, CA at a Meazure

16  Learning test center. At the time she paid the laptop fee, Plaintiff reasonably believed

17  that Defendant would provide competent administration services, including a fully

18  operational platform that was capable of providing uninterrupted service levels.

19       15.    On February 25 and 26, 2025, Plaintiff attempted to take the February

20  2025 California Bar Exam. On both days, she experienced significant technical

21  issues, including but not limited to significant lag time and an inability to utilize the

22  copy/paste function. Moreover, when she attempted to access the exam on the

23  second day, Plaintiff received a message stating "This website is under heavy load

24  (queue full) – We're sorry, too many people are accessing this website at the same

25  time. We're working on this problem. Please try again later." She was unable to

26  continue working on the exam for an extended period of time.

27       16.    As a result of Defendant's failure to competently administer the exam,

28  Plaintiff wasted time navigating and troubleshooting these technical issues.

17.     Plaintiff relied on Defendant's platform to be fully operational. Had she known that the platform would not be fully operational, she would not have registered for the February 2025 California Bar Exam or would not have paid the laptop fee.

**Defendant**

18.     Defendant ProctorU, Inc. d/b/a Meazure Learning is a Delaware corporation with its headquarters and principal place of business at 7901 Jones Branch Drive, Suite 330, McLean, VA 22012. Defendant's majority owner is Gryphon Investors ("Gryphon"), a leading middle-market private equity firm based in San Francisco, CA. During the February 2025 California Bar Exam, Defendant operated a number of "Meazure Learning test center[s]" throughout California and this District.

19.     During the statute of limitations period, Defendant represented to the State Bar and consumers that it would provide competent exam administration services.

## FACTUAL ALLEGATIONS

20.     The California Bar Examination is intended to test the abilities of those seeking admission to the State Bar of California. It is administered only twice a year and takes months to grade, meaning that if an examinee does not successfully pass the exam, they cannot practice law in California for several months. Accordingly, examinees dedicate months of intensive studying and significant financial resources to prepare for this important exam.

21.     Many examinees spend thousands of dollars to prepare for the Califronia Bar Exam. Popular bar preparation courses such as Themis, BARBRI, and Kaplan can cost over $4,000. This does not include the prices for other bar preparation supplements such as practice question banks, which can cost an additional $1,000 or more.

22.     The cost to register for the February 2025 California Bar Exam was $850.[9] Additionally, all examinees who did not handwrite the exam paid a laptop fee of $153, which permitted them to use Defendant's exam platform.

**Meazure Learning**

23.     Meazure Learning is an exam administration and proctoring service provider. Among Meazure Learning's offerings is a platform that enables examinees to take exams remotely while a virtual proctor monitors them during the exam. In addition to providing remote services, Defendant operates physical test centers equipped with laptops and computers for in-person examinees.[10]

24.     Meazure Learning markets its proctoring services as being able "to provide enhanced security, streamline the remote testing experience, and make proctoring sessions more equitable for all test-takers."[11]

25.     In or around October 2024, Meazure Learning negotiated with the State Bar for the "development of the platform and administration of the California Bar Examination in 2025."[12] During these negotiations, Defendant represented that it "has the capacity to deliver all of the examinations (approximately 13,500 annually – 4,500 in February and 9,000 in July) via its remote online platform . . ."[13] Defendant further represented that it would "provide skilled information technology (IT) technicians capable of addressing unexpected technical issues that could adversely affect administration of each Examination."[14]

---

[9] https://www.ncbex.org/print/pdf/jurisdiction/CA#:~:text=Bar%20exam%20fee%20for%20first,Late%20filing%20deadline%20June%201 (last visited March 17, 2025).

[10] https://www.calbar.ca.gov/Portals/0/documents/admissions/Examinations/February-2025-Bar-Exam-FAQs.pdf at 10 (last visited March 17, 2025).

[11] https://www.meazurelearning.com/exam-technology/proctoru-online-proctoring/guardian-browser (last visited March 17, 2025).

[12] **Exhibit 1**.

[13] *Id.*

[14] *Id.*

26.     Under its Term Sheet with the State Bar, Meazure Learning was to administer the examination remotely via secure live remote proctoring and in-person at test centers.[15]

27.     Meazure Learning's servers have the capacity to deliver multiple exams (not just the California Bar Exam) throughout the world on any given day, and it was capable of accommodating at least 9,000 California bar examinees.[16] Approximately 4100 examinees attempted to take the exam using Defendant's platform.

28.     Meazure Learning provided assurance under its Term Sheet that its platform is "fully operational" and "provides uninterrupted service levels."[17] Meazure Learning also ensured that all proctors would be "fully trained" and there would be one live remote proctor for every four examinees.[18]

29.     In the months leading up to the exam, Meazure Learning was aware of the number of applicants that had registered for the February 2025 California Bar Exam and assured the State Bar that it would be able to "deliver the bar examination to all applicants over the course of the two-day examination."[19]

30.     On or around January 13, 2025, Meazure Learning sent an email to applicants, instructing them to register for a mandatory mock exam. Because Meazure Learning had access to all applicants' email addresses, they knew the total number of registered applicants at that time.

31.     By accepting the $153 laptop fee and providing Class Members with permission to use its exam platform in exchange for this fee, Defendant represented to examinees that they would have the opportunity to take a competently administered exam (the "*Exam Administration Representation*").

---

[15] **Exhibit 1**.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *See* n.2, *supra*, at 25-26.

32.     Despite Meazure Learning's representations, Defendant did not dedicate enough server capacity for the February 2025 California Bar Exam. Therefore, during both days of the exam, Defendant's server could not handle the demand of examinees using its platform. This caused many technical issues including, but not limited to, delays, excessive lagging, and inability to access and respond to portions of the exam.

**California Bar Examination Issues**

33.     On February 25 and 26, 2025, Defendant administered and proctored the California Bar Exam.

34.     In-person examinees had to use computers provided to them by Meazure Learning. Remote examinees were able to use their own laptops/computers to take the exam. Both in-person and remote examinees had to use Meazure Learning's software platform to take the exam.

35.     During the two-day examination, examinees experienced significant technical and logistical issues that diverted focus away from the actual substance of this difficult exam. Such issues included, but are not limited to, issues with the copy/paste and highlighting functions, excessive lagging, the inability to access and respond to portions of the exam, and delayed exam start times.

36.     Examinees were also unable to load their screens mid-way through the exam and were faced with the following message:



37.     Moreover, the proctors were not capable of addressing these technical issues.

38.     As a result of Defendant's failure to competently administer the February 2025 California Bar Exam, examinees were forced to waste time navigating and troubleshooting technical issues.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following Classes (collectively the Classes are referred to herein as the "Classes"):

**California Subclass**

All persons who attempted to take the February 2025 California Bar Exam and paid the laptop fee in the State of California.

**Nationwide Class**

All persons who attempted to take the February 2025 California Bar Exam and paid the laptop fee in the United States.

40.     Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

41.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes after having had an opportunity to conduct discovery.

42.     Plaintiff is a member of all Classes.

43.     <u>Numerosity:</u> The proposed Classes are so numerous that joinder of all members would be impractical.  Defendant administered the February 2025 California Bar Exam to thousands of examinees.  Accordingly, members of the Classes are so numerous that their individual joinder herein is impractical.  While

the precise number of members of each of the Classes and their identities are unknown to Plaintiff at this time, the members of the Classes are identifiable and ascertainable.

44. <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual members of the Classes. These questions include, but are not limited to, the following:

      a.    Whether Defendant misrepresented material facts and/or failed to disclose material facts in connection with the administration of the February 2025 California Bar Exam;

      b.    Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

      c.    Whether Defendant's unlawful conduct, as alleged herein, was intentional and knowing;

      d.    Whether Plaintiff and the Classes are entitled to damages and/or restitution, and in what amount;

      e.    Whether Defendant is likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

      f.    Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

45. Defendant has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff and members of the Classes. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Defendant's misleading conduct in connection with its ability to competently administer the February 2025 California Bar Exam. Each instance of harm suffered by Plaintiff and members of the Classes has directly resulted from a

single course of conduct. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

46.  <u>Superiority</u>: Because of the relatively small size of the claims of the individual members of the Classes, no member of the Classes could afford to seek legal redress on an individual basis.  Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  A class action is superior to any alternative means of prosecution.

47.  <u>Typicality</u>: The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Defendant's uniform unlawful conduct as alleged herein.

48.  <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the proposed Classes as her interests do not conflict with the interests of the members of the proposed Classes she seeks to represent, and she has retained counsel competent and experienced in class action litigation.  The interests of the members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

49.  This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23, including Fed. R. Civ. P. Rule 23(b)(2), because Defendant acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of uniform relief, both monetary and injunctive, to ensure compatible standards of conduct toward the members of the Classes.

50.  Plaintiff reserves the right to alter the definitions of the Classes as she deems necessary at any time to the full extent that the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, and applicable precedent allow.

51.  Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide

1  basis using the same evidence as individual members of the Classes would use to

2  prove those elements in individual actions alleging the same claims.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Violation of California's Consumers Legal Remedies Act ("CLRA")**
**CAL. CIV. CODE § 1750,** *et seq.*
**(*for the Classes*)**

52.  Plaintiff repeats the allegations contained in paragraphs 1-38 above as if fully set forth herein.

53.  Plaintiff brings this claim individually and on behalf of the Nationwide Class or, in the alternative, for the California Subclass.

54.  Meazure Learning's exam administration and proctoring services for the February 2025 California Bar Exam are "services" pursuant to California Civil Code § 1761(b). Further, Plaintiff and members of the Classes are consumers within the meaning of Cal. Civ. Code § 1761(d).

55.  Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have . . ." By making the *Exam Administration Representation*, Meazure Learning represented that its exam administration services have characteristics which they do not possess (*i.e.*, that examinees would have the opportunity to take a competently administered exam). Therefore, Meazure Learning has violated section 1770(a)(5) of the CLRA.

56.  Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By representing that examinees would have the opportunity to take a competently administered exam, but not intending to provide such services, Meazure Learning has violated section 1770(a)(9) of the CLRA.

57.  At all relevant times, Meazure Learning knew or reasonably should have known that the *Exam Administration Representation* was false and deceptive,

and that Plaintiff and other members of the Classes would reasonably and justifiably rely on it when paying the laptop fee. Nonetheless, Meazure Learning persisted in making the *Exam Administration Representation* to deceive consumers into believing that they will have the opportunity to take a competently administered exam.

58. Plaintiff and members of the Nationwide Class and California Subclass reasonably and justifiably relied on the *Exam Administration Representation* when paying the laptop fee. Moreover, based on the materiality of Meazure Learning's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of the Classes.

59. Plaintiff and members of the Classes suffered injuries caused by Meazure Learning because they would not have registered for the February 2025 California Bar Exam, or would not have paid the laptop fee, had they known that the *Exam Administration Representation* was false.

60. Pursuant to Cal. Civ. Code § 1780(d), Plaintiff is filing a declaration of venue, attached as **Exhibit 3** to this Complaint.

61. On March 13, 2025, a CLRA demand letter was sent to Defendant's California registered agent and Virginia headquarters via certified mail (return receipt requested), providing notice of Defendant's violations of the CLRA and demanding that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged herein. If Defendant does not fully correct the problem for Plaintiff and for each member of the Classes within 30 days of receipt, Plaintiff and the Classes will seek all monetary relief allowed under the CLRA.

62. Plaintiff and members of the proposed Classes have no adequate remedy at law and are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

## SECOND CLAIM FOR RELIEF
### Violation of California's Unfair Competition Law
### CAL. BUS. & PROF. CODE § 17200 *et seq.*
### (*for the Classes*)

63.     Plaintiff realleges Paragraphs 1-38 above as if fully set forth herein.

64.     Plaintiff brings this claim individually and on behalf of members of the proposed Classes against Defendant.

65.     The UCL prohibits "unfair competition," which it defines to "mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . ." CAL. BUS. & PROF. CODE § 17200.

66.     Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. As detailed herein, Defendant's false and misleading representations about its exam administration and proctoring services were and continue to be "unlawful" because they violate, *inter alia*, the FAL and the CLRA. On account of each of these violations of law, Defendant has also violated the "unlawful" prong of the UCL. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff and members of the Classes.

67.     Under the UCL, a business act or practice is "unfair" if the Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to consumers of its services, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the *Exam Administration Representation*. Deceiving consumers to believe that they will have the opportunity to take a competently administered exam, when they will not, is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and

1  practices, Defendant has unlawfully obtained money from Plaintiff and members of

2  the Classes.

3       68.    Under the UCL, a business act or practice is "fraudulent" if it actually

4  deceives or is likely to deceive members of the consuming public. Defendant's

5  conduct was and continues to be fraudulent because it has the effect of deceiving

6  consumers into believing that they will have the opportunity to take a competently

7  administered exam. Because Defendant misled Plaintiff and members of both

8  Classes, Defendant's conduct was "fraudulent." As a result of Defendant's

9  fraudulent business acts and practices, Defendant has and continues to fraudulently

10  obtain money from Plaintiff and members of the proposed Classes.

11       69.    Plaintiff requests that this Court cause Defendant to restore this

12  unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of

13  the Classes, to disgorge the profits Defendant made on these transactions, and to

14  enjoin Defendant from violating the UCL or violating it in the same fashion in the

15  future as discussed herein. Otherwise, Plaintiff, and members of the Classes, may be

16  irreparably harmed and/or denied an effective and complete remedy if such an order

17  is not granted.

18       70.    Plaintiff and members of the proposed Classes have no adequate

19  remedy at law and are therefore entitled to restitution, disgorgement, and/or the

20  imposition of a constructive trust to recover the amount of Defendant's ill-gotten

21  gains, and/or other sums as may be just and equitable.

22  **THIRD CLAIM FOR RELIEF**

**Violation of California's False Advertising Law**

23  **California Business & Professions Code § 17500,** *et seq*

24  (***for the Classes***)

25       71.    Plaintiff realleges Paragraphs 1-38 above as if fully set forth herein.

26       72.    Plaintiff brings this claim individually and on behalf of the members of

27  the Classes against Defendant pursuant to California's False Adverting Law

28  ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq*.

73.   The FAL makes it "unlawful for any person . . . to make or disseminate or cause to be made or disseminated before the public . . . [in] any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

74.   Defendant has represented to the public, including Plaintiff and members of the proposed Classes, through its deceptive representations, that they will have the opportunity to take a competently administered exam. Because Defendant has disseminated misleading information regarding its exam administration services, and Defendant knows, knew, or should have known, through the exercise of reasonable care, that the *Exam Administration Representation* is false and misleading, Defendant has violated the FAL.

75.   As a result of Defendant's false advertising, Defendant has unlawfully obtained money from Plaintiff and members of both Classes. Plaintiff therefore requests that the Court cause Defendant to restore this fraudulently obtained money to her and members of the proposed Classes, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed Classes may be irreparably harmed and/or denied an effective and complete remedy.

76.   Plaintiff and members of the proposed Classes have no adequate remedy at law and are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

# FOURTH CLAIM FOR RELIEF
## Quasi-Contract/Restitution/Unjust Enrichment
### *(for the Classes)*

77.     Plaintiff repeats the allegations contained in paragraphs 1-38 above as if fully set forth herein.

78.     Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

79.     As alleged herein, Defendant intentionally, recklessly, and/or negligently misrepresented information about its exam administration services. Plaintiff and members of the Classes have reasonably relied on the misleading representations. Plaintiff and members of the Classes have therefore been induced by Defendant's misleading representations about its exam administration services, and paid money for such services, when they otherwise would not have been willing to pay.

80.     Plaintiff and members of the Classes have conferred a benefit upon Defendant, as Defendant has retained monies paid to it by Plaintiff and members of the Classes.

81.     The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Classes – *i.e.,* Plaintiff and members of the Classes did not receive the full value of the benefit conferred upon Defendant because Defendant misrepresented its ability to competently administer the February 2025 California Bar Exam .

82.     Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon it without paying Plaintiff and members of the Classes back for the difference of the full value of the benefit compared to the value actually received.

83.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other

compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the members of the Classes, respectfully requests the following relief:

A.      certifying the proposed Classes under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), as set forth above;

B.      declaring that Defendant is financially responsible for notifying the members of the Classes of the pendency of this suit;

C.      declaring that Defendant has committed the violations of law alleged herein;

D.      providing for any and all injunctive relief the Court deems appropriate;

E.      awarding statutory damages in the maximum amount for which the law provides;

F.      awarding monetary damages, including, but not limited to, any compensatory, incidental, or consequential damages in an amount that the Court or jury will determine, in accordance with applicable law;

G.      providing for any and all equitable monetary relief the Court deems appropriate;

H.      awarding punitive or exemplary damages in accordance with proof and in an amount consistent with applicable precedent;

I.      awarding Plaintiff her reasonable costs and expenses of suit, including attorneys' fees;

J.      awarding pre- and post-judgment interest to the extent the law allows; and

K.      providing such further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and the proposed Classes, hereby demands a trial by jury on all claims so triable.

Date: March 17, 2025                    Respectfully submitted,

**FARUQI & FARUQI, LLP**

By: _/s/ Lisa T. Omoto_
    Lisa T. Omoto (SBN 303830)
    _lomoto@faruqilaw.com_
    1901 Avenue of the Stars, Suite 1060
    Los Angeles, California 90067
    Telephone: (424) 256-2884
    Facsimile: (424) 256-2885