Annick M. Persinger (CA Bar No. 272996)
Lavanya Prabhakar (CA Bar No. 358175)
**TYCKO & ZAVAREEI LLP**
1970 Broadway – Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Fax: (202) 973-0950
apersinger@tzlegal.com
lprabhakar@tzlegal.com

[Additional counsel in signature block]

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAURA PERJANIK, SAMUEL MCCLAIN, and VICTORIA TULSIDAS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROCTORU, INC. D/B/A MEAZURE LEARNING,<br><br>Defendant. | Case No. 4:25-cv-2095-JST<br><br>**NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM LEAD COUNSEL**<br><br>Judge: Jon S. Tigar<br>Courtroom: 6<br>Date: May 29, 2025<br>Time: 2:00 p.m.<br>Complaint Filed: February 27, 2025 |
| TRISHA A.M., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROCTORU, INC. D/B/A MEAZURE LEARNING,<br><br>Defendant. | Case No. 4:25-cv-02197-DMR<br><br>Assigned for All Purposes to:<br>Hon. Donna M. Ryu<br><br>Complaint Filed: March 3, 2025 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, May 29, 2025, at 2:00 p.m., or as soon thereafter as the motion may be heard before the Honorable Jon S. Tigar in Courtroom 6 of the United States District Court for the Northern District of California located at 1301 Clay Street, Oakland, CA 94612, Plaintiffs Laura Perjanik, Samuel McClain, Victoria Tulsidas, and Trisha A.M., will and hereby do move the Court for an Order:

1.    Consolidating, pursuant to Federal Rule of Civil Procedure 42(a), the Related Cases presently pending in this District (*Perjanik v. ProctorU, Inc.*, No. 4:25-cv-2095-JST (N.D. Cal.) and *A.M. v. ProctorU, Inc.*, No. 4:25-cv-2197-DMR (N.D. Cal.)), and any other related actions arising from the administration of the February 2025 California Bar Examination which may be filed in, removed to, or transferred to this Court, under Case No. 4:25-cv-2095-JST, the number assigned to the first-filed case, with the caption *In re: ProctorU California Bar Exam Litigation*;

2.    Appointing Annick M. Persinger and Joseph G. Sauder as interim co-lead counsel pursuant to Federal Rule of Civil Procedure 23(g).

These actions arise from the disastrous administration of the February 2025 California Bar Examination ("Exam"). The State Bar of California contracted with Defendant ProctorU, Inc. d/b/a Meazure Learning ("Meazure") to provide remote proctoring software and testing platform that test-takers were required to pay a fee to use in order to be able to take the Exam on a computer. But Meazure's testing platform was not up to the task, and on February 25 and 26, while administering the Exam, Meazure's platform crashed repeatedly. Plaintiffs filed these actions seeking redress for the injuries they suffered as a result of Meazure's failed exam administration.

As discussed in the accompanying memorandum of law, consolidation of these related actions and appointment of interim co-lead counsel is appropriate under the circumstances. Consolidation is appropriate to conserve the parties' and court's resources; the cases arise from the same transaction or event, involve the same parties, seek to represent overlapping proposed classes, and raise overlapping legal claims. Further, appointment of interim lead counsel is appropriate and will protect the interests of the proposed Class Members by ensuring that all plaintiffs speak with one voice and are represented by

experienced, skilled class action counsel. Consolidation and appointment of interim co-lead counsel will result in efficiency for the parties and the Court and will serve the best interests of Plaintiffs and the proposed Class.

Counsel for Defendant ProctorU, Inc. d/b/a Meazure Learning has not yet entered an appearance, so Plaintiffs have been unable to confer with it as to its position on this Motion. However, Plaintiffs have served Defendant with a copy of this Motion consistent with Rule 5.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the firm resumes attached hereto as **EXHIBITS A-B**; the Proposed Order submitted herewith; and any other matter the Court may consider.

Dated: March 20, 2025                     Respectfully submitted,

                                          */s/ Annick M. Persinger*

                                          Annick M. Persinger (CA Bar No. 272996)
                                          Lavanya Prabhakar (CA Bar No. 358175)
                                          **TYCKO & ZAVAREEI LLP**
                                          1970 Broadway – Suite 1070
                                          Oakland, CA 94612
                                          Telephone: (510) 254-6808
                                          Fax: (202) 973-0950
                                          apersinger@tzlegal.com
                                          lprabhakar@tzlegal.com

                                          Katherine M. Aizpuru*
                                          **TYCKO & ZAVAREEI LLP**
                                          2000 Pennsylvania Avenue, NW, Suite 1010
                                          Washington, District of Columbia 20006
                                          Telephone: (202) 973-0900
                                          Fax: (202) 973-0950
                                          kaizpuru@tzlegal.com

                                          Joseph G. Sauder*
                                          Joseph B. Kenney*
                                          **SAUDER SCHELKOPF LLC**
                                          1109 Lancaster Avenue
                                          Berwyn, PA 19312
                                          Telephone: (610) 200-0581
                                          Fax: (610) 421-1326

NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM LEAD COUNSEL
Case No. 4:25-CV-2095

jgs@sstriallawyers.com
jbk@sstriallawyers.com

*pro hac vice application to be filed*

1  Annick M. Persinger (CA Bar No. 272996)
   Lavanya Prabhakar (CA Bar No. 358175)
2  **TYCKO & ZAVAREEI LLP**
   1970 Broadway – Suite 1070
3  Oakland, CA 94612
   Telephone: (510) 254-6808
4  Fax: (202) 973-0950
   apersinger@tzlegal.com
5  lprabhakar@tzlegal.com

6  [Additional counsel in signature block]

7  *Attorneys for Plaintiffs and the Proposed Class*

8                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10  LAURA PERJANIK, SAMUEL MCCLAIN, and VICTORIA TULSIDAS on behalf of themselves and all others similarly situated, | Case No. 4:25-cv-2095-JST |
| 11 | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM LEAD COUNSEL** |
| 12           Plaintiffs, | |
| 13  v. | |
| 14 | |
| 15  PROCTORU, INC. D/B/A MEAZURE LEARNING, | Judge: Jon S. Tigar Courtroom: 6 Date: May 29, 2025 Time: 2:00 p.m. Complaint Filed: February 27, 2025 |
| 16           Defendant. | |
| 17 | |
| 18  TRISHA A.M., individually and on behalf of all others similarly situated, | |
| 19 | Case No. 4:25-cv-02197-DMR |
| 20           Plaintiff, | Assigned for All Purposes to: Hon. Donna M. Ryu |
| 21  v. | |
| 22  PROCTORU, INC. D/B/A MEAZURE LEARNING, | Complaint Filed: March 3, 2025 |
| 23 | |
| 24           Defendant. | |

25

26

27

28

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................................ 1

II.    BACKGROUND ................................................................................................................. 2

III.   LEGAL STANDARD .......................................................................................................... 3

IV.    ARGUMENT ..................................................................................................................... 3

       A.     Consolidation is appropriate under Rule 42(a). ........................................................ 3

       B.     Appointing Annick M. Persinger and Joseph G. Sauder as interim co-lead counsel is in
              the proposed Class's best interests. ........................................................................ 5

              1.     Ms. Persinger and Mr. Sauder thoroughly investigated the applicable facts and
                     law, including the core claims brought on behalf of the proposed Class (Fed. R.
                     Civ. P. 23(g)(1)(A)(i)). ........................................................................................ 5

              2.     Ms. Persinger and Mr. Sauder have a wealth of experience litigating complex
                     consumer class actions, including in this District (Fed. R. Civ. P.
                     23(g)(1)(A)(ii)). .................................................................................................. 6

              Annick M. Persinger ........................................................................................................... 6

              Joseph G. Sauder ............................................................................................................... 8

              3.     Ms. Persinger and Mr. Sauder have knowledge of the applicable law (Fed. R.
                     Civ. P. 23(g)(1)(A)(iii). ....................................................................................... 9

              4.     Ms. Persinger and Mr. Sauder will commit the resources necessary to pursue
                     this litigation (Fed. R. Civ. P. 23(g)(1)(A)(iv)). .................................................. 10

              5.     Other considerations support appointing Ms. Persinger and Mr. Sauder (Fed. R.
                     Civ. P. 23(g)(1)(B)). ........................................................................................... 10

V.     CONCLUSION ................................................................................................................ 11

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Cases**

4

*Harrison v. City and Cty. of San Francisco*,
5
    21-cv-06484-JST, 2023 WL 4241689 (N.D. Cal. Apr. 19, 2023) ......................................4

6

*Investors Research Co. v. U.S. Dist. Court. for Cent. Dist. of Cal.*,
    877 F.2d 777 (9th Cir. 1989) ...............................................................................................3
7

8

*Levine v. Andreessen*,
    C 10-03608 JW, C 10-03659 JW, C 10-03660 JW, C 10-03716 JW, 2010 WL
    11639935 (N.D. Cal. Nov. 1, 2010)....................................................................................4
9

10

*Lima v. Cal. Faculty Ass'n*,
    No. 05-03828, 2006 WL 8442117 (N.D. Cal. Mar. 22, 2006) ...........................................10

11

*McDowell v. ProctorU, Inc.*,
12
    No. 5:25-cv-0705 (C.D. Cal.) ..............................................................................................3

13

*In re Oreck Corp. Halo Vacuum and Air Purifiers Marketing and Sales Practice Litig.*,
    282 F.R.D. 486 (C.D. Cal. 2012) .........................................................................................4
14

15

*Perez-Funez v. Dist. Director, I.N.S.*,
    611 F. Supp. 990 (C.D. Cal. 1984) ......................................................................................3

16

*Radford v. Nexstar Broadcasting, Inc.*,
17
    24-cv-08118-RFL, 2025 WL 829601 (N.D. Cal. Mar. 14, 2025)........................................4

18

*Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*,
    720 F. Supp. 805 (N.D. Cal. 1989) .....................................................................................3
19

**Statutes**
20

21
California Unfair Competition Law...........................................................................................1

22
Consumer Legal Remedies Act .............................................................................................1, 6

23
**Rules**

24
Fed. R. Civ. P. 23(g) ...............................................................................................1, 3, 5, 6, 9, 10

25
Fed. R. Civ. P. 23(g)(1)(A)(i) ....................................................................................................5

26
Fed. R. Civ. P. Rule 42(a)......................................................................................................1, 11

27
Federal Rule of Civil Procedure 42(a) .......................................................................................3

28

ii

1   **Other Authorities**

2   Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large
        and Mass-Tort MDLs* 28 (2d ed. 2018) ............................................................11

4   *Manual for Complex Litigation, Fourth,* § 10.22 (2004)........................................10

**I.    INTRODUCTION**

On February 25, and 26, 2025, Defendant ProctorU, Inc. d/b/a Meazure Learning ("Meazure") administered the California Bar Examination ("Bar Exam") to thousands of test-takers who had paid for Meazure's test platform. But on the day of the test, Meazure's platform crashed and continually malfunctioned, disrupting the Exam and traumatizing the test-takers, who were interrupted and in many cases prevented from accessing and completing the test. Test-takers faced server crashes, instructions to uninstall and reinstall required software, inability to open and run required programs, malfunctioning copy/paste functionality, and lack of access to exam questions, among other things. Plaintiffs Laura Perjanik, Samuel McClain, Victoria Tulsidas, and Trisha A.M. all took the Bar Exam using Meazure's failed platform and were injured due to the platform's inadequacy for its task. They filed their cases— *Perjanik v. ProctorU, Inc.*, No. 4:25-cv-2095-JST (N.D. Cal.) and *A.M. v. ProctorU, Inc.*, No. 4:25-cv-2197-DMR (N.D. Cal.) (the "Related Cases")—to obtain redress for themselves and a proposed Class of similarly situated persons who were injured by Meazure.

The above-captioned cases each arise from the same event: Meazure's failed administration of the Bar Exam. They each name the same defendant: Meazure. They raise overlapping legal claims, including claims for unjust enrichment, the California Unfair Competition Law, and the Consumer Legal Remedies Act. They involve the same proposed Class and will address similar if not identical questions at class certification. They were filed within days of each other and thus, given the common questions of law and fact, consolidation under Rule 42(a) is appropriate for promoting efficiency and judicial economy while avoiding delay, confusion, and inconsistent results.

Under these circumstances, appointing Interim Co-Lead Counsel is particularly appropriate and necessary at this juncture because other related cases have been filed and duplicative actions may continue to be filed. And Annick M. Persinger and Joseph G. Sauder, are "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Ms. Persinger is the Oakland-based Managing Partner of the California offices of Tycko & Zavareei LLP, a nationally-recognized class action firm. Mr. Sauder is a named partner at Sauder Schelkopf, another nationally-recognized class action firm. Ms. Persinger and Mr. Sauder have been appointed lead counsel in numerous complex class actions and possess the

1  experience and savvy to obtain excellent results for the proposed Class. Further, they have already

2  performed substantial work to identify and investigate the claims in this action. They and their law firms

3  have heavily litigated and briefed highly technical consumer protection cases like this one. Their

4  experience will allow Plaintiffs to manage and effectively litigate issues that are pivotal to the success

5  of this case with great efficiency.

6       Appointment now of interim co-lead counsel will clarify the roles and responsibilities of

7  Plaintiffs' counsel and ensure that the proposed Class speaks with one voice.

8  **II.    BACKGROUND**

9       The California Bar Exam is one of the country's most difficult bar exams, but it is a requirement

10  for law graduates who hope to practice in the State of California. For the February 2025 Bar Exam, the

11  California State Bar contracted with Meazure to administer and proctor the computerized version of the

12  exam—the format selected by the vast majority of test-takers, since handwriting the timed Exam risks

13  significant disadvantage. Test-takers who wished to take the Bar Exam on a computer were required to

14  pay hefty fees to use Meazure's platform. Meazure knew well in advance how many people were

15  planning to take the February Bar Exam and raked in cash from applicants. And it became aware well

16  before the day of the test that its platform was not ready, as technical problems manifested weeks ahead

17  of exam day. On February 25-26, during the two day Bar Exam, Meazure's platform continually crashed

18  and malfunctioned, depriving Plaintiffs and the Class Members of promised functionality as well as the

19  ability to complete the exam in a timely manner. Plaintiffs and the Class Members were injured when

20  Meazure's defunct platform deprived them of the ability to use software functions they had been

21  promised would be available and impeded their ability to complete the Bar Exam they had spent

22  significant time and money preparing for.

23       Plaintiffs Perjanik, McClain, and Tulsidas filed their action the day after the Bar Exam, on

24  February 27, 2025, and Plaintiff A.M. filed her action on March 3, 2025. Dozens of Class Members

25  seeking to participate in the litigation contacted plaintiffs' counsel. Before and after filing, counsel

26  worked diligently to read publicly available news articles about the runup to the exam, study complaint

27  boards and online fora where Class Members were posting about their experience and scrutinize the

28

1   requirements for using Meazure's platform. Counsel also contacted Meazure to make a demand for

2   redress and corrective action.

3         Two weeks later, a third plaintiff, Katrina McDowell, filed a duplicative action in the U.S.

4   District Court for the Central District of California. *McDowell v. ProctorU, Inc.*, No. 5:25-cv-0705 (C.D.

5   Cal.).

6   **III.    LEGAL STANDARD**

7         Under Federal Rule of Civil Procedure 42(a), "if actions before the court involve a common

8   question of law or fact, the court may … consolidate the actions." Fed. R. Civ. P. 42(a). The district

9   court has "broad discretion under this rule to consolidate cases pending in the same district." *Investors*

10  *Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989) (citation omitted).

11  To determine whether to consolidate actions, the court "weighs the interest of judicial convenience

12  against the potential for delay, confusion and prejudice caused by consolidation." *Southwest Marine,*

13  *Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). Courts typically favor

14  consolidation. *Perez-Funez v. Dist. Director, I.N.S.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984).

15        Federal Rule of Civil Procedure 23(g)(3) provides that "[t]he court may designate interim

16  counsel to act on behalf of a putative class before determining whether to certify the action as a class

17  action." Fed. R. Civ. P. 23(g)(3). In appointing class counsel, courts must consider four factors: "(i) the

18  work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's

19  experience in handling class actions, other complex litigation, and the types of claims asserted in the

20  action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit

21  to representing the class." Fed. R. Civ. P. (23)(g)(1)(A)(i)-(iv). Courts may also consider "any other

22  matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R.

23  Civ. P. 23(g)(1)(B).

24  **IV.    ARGUMENT**

25        **A.    Consolidation is appropriate under Rule 42(a).**

26        Consolidation of the Related Cases is appropriate under Rule 42(a). Each Related Case concerns

27  the same issue: Meazure's provision of a defunct and glitchy exam platform to thousands of California

28

---

3

1    Bar test-takers, impeding their ability to complete and submit the Bar Exam, which they spent thousands
2    of dollars to prepare for. Each Related Case would seek largely, if not completely, identical discovery
3    including Meazure's technical protocols and procedures surrounding its test-taking platform. Future
4    motion practice and any trial in this matter will also be based on these common facts and the same legal
5    issues. Consolidation would thus promote efficiency and save time by limiting the amount of pretrial
6    discovery and motions filed with the court. *See Harrison v. City and Cty. of San Francisco,* 21-cv-
7    06484-JST, 2023 WL 4241689, at *7 (N.D. Cal. Apr. 19, 2023) (finding that consolidation "will
8    streamline discovery motion practice, and trial"); *In re Oreck Corp. Halo Vacuum and Air Purifiers
9    Marketing and Sales Practice Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) (stating that consolidation
10   would serve "the interests of judicial efficiency by promoting efficiency and saving time for purposes
11   of pretrial discovery and motion practice). Not only will consolidation promote efficiency, the factors
12   that typically counsel against consolidation, like potential delay, confusion, and prejudice, are not
13   present here. Because these actions are at their early stages, before Defendants have even responded to
14   the Complaints in any of the actions, the potential for delay or prejudice is minimal. *See Radford v.
15   Nexstar Broadcasting, Inc.*, 24-cv-08118-RFL, 2025 WL 829601, at *6 (N.D. Cal. Mar. 14, 2025)
16   (stating that because of "substantial overlap and the early stage of both cases, consolidation can be
17   accomplished without a lengthy delay."); *Levine v. Andreessen*, C 10-03608 JW, C 10-03659 JW, C 10-
18   03660 JW, C 10-03716 JW, 2010 WL 11639935, at *1 (N.D. Cal. Nov. 1, 2010) (finding consolidation
19   appropriate because the actions at issue were at similarly early stages of litigation where defendants had
20   not yet responded to the complaints in any of the actions); *In re Oreck Corp. Halo Vacuum and Air
21   Purifiers Marketing and Sales Practice Litig.*, 282 F.R.D. at 490 (stating that courts should weigh
22   "judicial convenience" against "delay, confusion, and prejudice.").
23         Plaintiffs therefore request that the Court consolidate the Related Cases presently pending in this
24   District (*Perjanik v. ProctorU, Inc.*, No. 4:25-cv-2095-JST (N.D. Cal.) and *A.M. v. ProctorU, Inc.*, No.
25   4:25-cv-2197-DMR (N.D. Cal.)), and any other related actions arising from the administration of the
26   February 2025 California Bar Examination which may be filed in, removed to, or transferred to this
27   Court, under Case No. 4:25-cv-2095-JST, the number assigned to the first-filed case, with the caption
28

*In re: ProctorU California Bar Exam Litigation.*

**B.    Appointing Annick M. Persinger and Joseph G. Sauder as interim co-lead counsel is in the proposed Class's best interests.**

Appointing Ms. Persinger and Mr. Sauder as Interim Co-Lead Counsel is in the best interests of the proposed Class. They satisfy each factor enumerated in Rule 23(g) as well as other relevant considerations.

**1.    Ms. Persinger and Mr. Sauder thoroughly investigated the applicable facts and law, including the core claims brought on behalf of the proposed Class (Fed. R. Civ. P. 23(g)(1)(A)(i)).**

First, Ms. Persinger and Mr. Sauder have done substantial work identifying and investigating potential claims in the action. Fed. R. Civ. P. 23(g)(1)(A)(i). Before filing the *Perjanik* and *A.M.* actions, Ms. Persinger, Mr. Sauder, and their firms thoroughly investigated the applicable facts and law, including the core claims brought on behalf of the proposed Class. They reviewed dozens of articles about the California State Bar's decision to retain Meazure to administer upcoming bar examinations, the technical problems identified in the runup to the test, and the issues that test-takers faced during the exam. They studied the correspondence between the California State Bar and the proposed Class Members, including promises regarding makeup tests and the upcoming July bar examination. They searched for and read online fora where Class Members described their experiences taking practice tests with Meazure's failed platform and their experiences on test day. They analyzed the agreements, contracts, representations and terms of use that might be relevant to the Class Members' claims and could impact the litigation. And they were contacted by, and interviewed, dozens of potential Class Members who were eager both to participate in litigation and to share their stories.

Counsel also investigated the legal claims to be raised in the litigation, including Ninth Circuit case law concerning lawsuits against the California State Bar; cases on the consumer protection statutes, breach of contract and warranty theories, and unjust enrichment claims raised in both complaints. They considered what venue would be appropriate in light of Meazure's headquarters outside the state.

Counsel thoroughly vetted and interviewed the named plaintiffs in their actions, including their adequacy and typicality as class representatives.

1    And, counsel prepared detailed complaints and required appurtenant materials including demand

2   letters for corrective action and redress under the Consumer Legal Remedies Act.

3    Since filing, Ms. Persinger and Mr. Sauder have worked cooperatively to determine the best and

4   most efficient course of action with regard to consolidating these actions and moving the case forward

5   expeditiously. They have continued to monitor developments on the ground including communications

6   between the State Bar and Class Members regarding potential redress.

7    This work demonstrates that Ms. Persinger, Mr. Sauder, and their firms have and will continue

8   to perform thorough and diligent work on behalf of the class, including identifying and investigating

9   potential claims in the action. Their understanding of the facts and issues will enable them to handle

10   discovery and complex briefing skillfully and efficiently.

11          **2.    Ms. Persinger and Mr. Sauder have a wealth of experience litigating
               complex consumer class actions, including in this District (Fed. R. Civ. P.**
12          **23(g)(1)(A)(ii)).**

13    Ms. Persinger and Mr. Sauder are both highly qualified, experienced class action litigators who

14   have "experience in handling class actions, other complex litigation, and the types of claims asserted in

15   the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Their substantial experience litigating not just consumer

16   protection claims in general but consumer protection claims under California law in this court positions

17   them to protect the interests of the proposed Class and litigate this case effectively. *See* **Exhibits A-B**

18   (firm resumes).

19                          **Annick M. Persinger**

20    Annick M. Persinger leads Tycko & Zavareei LLP's ("TZ") California office as California's

21   Managing Partner and practices from TZ's office in Oakland. She has nearly fifteen years of experience

22   litigating complex consumer cases before this Court and others throughout the State of California. She

23   has dedicated her practice to utilizing California's prohibitions against unfair competition and false

24   advertising to advocate for consumers.

25    Ms. Persinger graduated magna cum laude as a member of the Order of the Coif from the

26   University of California, Hastings College of the Law in 2010. While in law school, Ms. Persinger

27   served as a member of Hastings Women's Law Journal, and authored two published articles. In 2008,

28

1    Ms. Persinger received an award for Best Oral Argument in the first year moot court competition. In

2    2007, Ms. Persinger graduated *cum laude* from the University of California, San Diego with a B.A. in

3    Sociology, and minors in Law & Society and Psychology. After law school, Ms. Persinger worked as a

4    legal research attorney for Judge John E. Munter in Complex Litigation at the San Francisco Superior

5    Court.

6          A collaborative leader with a track record of working with diverse groups to obtain outstanding

7    results for her clients, Ms. Persinger has recovered hundreds of millions of dollars for consumers across

8    the country. She has deep knowledge and understanding of California consumer law and the local

9    procedures in this Court. She has been appointed lead counsel or co-lead counsel in numerous consumer

10   class actions, including *In re GEICO Gen. Ins. Co.*, No. 19-cv-3768-HSG (N.D. Cal.) (multi-million

11   dollar settlement in class action alleging breach of insurance contract); *Gorzo v. Rodan & Fields, LLC*,

12   No. CJC-18-004981 (Cal. Super. Ct.) (after four-year legal fight, obtained final approval for $38 million

13   class action settlement along with injunctive relief); *Wang v. StubHub, Inc.*, No. CGC-18-564120 (Cal.

14   Super. Ct.) (obtained $20 million credit common fund in false advertising case); *Wallace v. Wells Fargo

15   & Co.*, No. 17-cv-317775 (Cal. Super. Ct.) ($10 million common fund in breach of contract action);

16   *Morgan v. Apple Inc.*, No. 17-cv-5277 (N.D. Cal.) ($9.75 million common fund in breach of warranty

17   case involving defective products); *Dukes v. Delta Air Lines, Inc.*, No. 1:20-cv-1664 (N.D. Ga.) ($27.3

18   million settlement in breach of contract case). She is currently leading consumer class actions pending

19   before this Court in *Yamasaki v. Natrol, LLC*, No. 23-cv-0182 (N.D. Cal.), *Tempest v. Safeway Inc.*, 24-

20   cv-6553 (N.D. Cal.), *Isgur v. Meta Platforms, Inc.*, No. 24-cv-6559 (N.D. Cal.), and *LaBella v. Apple

21   Inc.*, No. 24-cv-7588 (N.D. Cal.).

22          Ms. Persinger was named a Law360 Class Action Rising Star in 2024 and was a finalist for the

23   2024 California Legal Awards Mentorship Award. She was also named a Southern California Super

24   Lawyers Rising Star from 2020-2024. From 2017-2019, Ms. Persinger served as an elected board leader

25   for Bay Area Lawyers for Individual Freedom (BALIF), and she served as Co-Chair of BALIF from

26   2018-2019. She has also served as a Steering Committee member for the Cambridge Forum on

27   Plaintiffs' Food Fraud Litigation. In 2023, Ms. Persinger presented on a panel on Product Liability and

28

Consumer Food Labeling for the Western Alliance Bank's Annual Class Action Law forum.

Ms. Persinger will be supported in this litigation by other TZ attorneys, including partner Katherine M. Aizpuru, a Harvard Law School graduate and former Federal Trade Commission attorney, and Public Interest Fellow Lavanya Prabhakar, a recent graduate of Northwestern Pritzker School of Law who is also based in Oakland. TZ attorneys have won contested class certification motions and attained preliminary and final approval of numerous multimillion dollar settlements.

### Joseph G. Sauder

Joseph G. Sauder is a partner at the law firm of Sauder Schelkopf LLC in Berwyn, Pennsylvania, and admitted to practice in the Commonwealth of Pennsylvania and the State of New Jersey. Sauder Schelkopf is a national class action and personal injury law firm located in Berwyn, Pennsylvania. The attorneys at Sauder Schelkopf have been selected as Pennsylvania *SuperLawyers*, Pennsylvania *SuperLawyers Rising Stars*, *LawDragon*'s 500 Leading Plaintiff Consumer and Civil Rights Lawyers, as well as Trailblazers by *The Legal Intelligencer* and *The American Lawyer*. In addition, the 2024 edition of U.S. News & World Report, *Best Lawyers®* recognized our firm as a *Best Law Firm*. In 2024, the firm was recognized as the Products Liability Practice Group of the Year by *The National Law Journal's* Elite Trial Lawyers.

Mr. Sauder started his legal career as a prosecutor in the Philadelphia District Attorney's Office where, from 1998 to 2003, he successfully tried hundreds of criminal cases to verdict. *LawDragon* has recognized him in its list of the "500 Leading Plaintiff Consumer Lawyers" since 2022. *The American Lawyer* named him to its 2021 Northeast Trailblazers. The honor recognizes 60 lawyers who are "truly agents of change." It "recognizes professionals in the Northeast who have moved the needle in the legal industry." *The Legal Intelligencer* named him in its 2020 Pennsylvania Trailblazers list recognizing 31 lawyers who "have taken extra measures to contribute to positive outcomes . . . and who are truly agents of change." *The Legal* highlights his innovative work on advocacy as class counsel in large institutional sex abuse cover-ups, women's, and children's rights. Since 2011, he has been selected as a Pennsylvania SuperLawyer, a distinction held by the top 5% of attorneys in Pennsylvania, as chosen by their peers and through the independent research of Law & Politics.

Mr. Sauder has served as lead or co-lead counsel in class actions in courts across the country, many of which included California consumer protection claims. *See, e.g.*, *Balfour v. iFIT Health and Fitness Inc.*, No. 1:23-cv-00067-CFC (D. Del.) (class action settlement which provided for free repairs, reimbursements, and other relief to approximately 2.7 million class members); *McMahon v. Generac Power Systems, Inc.*, No. 2:21-cv-05560 (E.D. Pa.) (class action settlement that provided 100% relief to a class of approximately 230,000 individuals that included free safety inspections and reimbursements for out-of-pocket expenses incurred related to fuel plenum on standby home generators that were allegedly susceptible to corrosion); *Jackson v. Viking Group, Inc.*, No. 8:18-cv-02356-PJM, ECF No. 46 (D. Md.) (class action settlement valued between $30.45 million and $50.75 million that provided a free replacement program to replace the allegedly defective sprinklers with non-defective sprinklers, and a claims program to reimburse those who experienced non-fire activations); *Bromley v. SXSW LLC*, No. 1:20-cv-439-LY (W.D. Tex.) (class action settlement related to ticket purchases for festival canceled by COVID-19 pandemic); *Cole v. NIBCO, Inc.*, No. 13-7871, ECF No. 227 (D.N.J.) ($43.5 million settlement related to allegedly defective plumbing products); *In re Checking Account Overdraft Litig.*, MDL No. 2036 (S.D. Fla.) ($55 million class action settlement with US Bank and $14.5 million class action settlement with Comerica); *Traxler v. PPG Indus., Inc.*, No. 1:15-cv-00912-DAP (N.D. Ohio); ($6.5 million class action settlement on behalf of homeowners who purchased and used defective deck resurfacer); *Klug v. Watts Regulator Co.*, No. 8:15-cv-61 (D. Neb.) and *Ponzo v. Watts Regulator Co.*, No. 8:16-200 (D. Neb.) (achieved $14 million joint settlement related to defective toilet connectors and water heater connectors).

### 3. Ms. Persinger and Mr. Sauder have knowledge of the applicable law (Fed. R. Civ. P. 23(g)(1)(A)(iii).

Meazure's failure to provide a functioning platform implicates California's unique consumer protections, as well as issues of breach of contract and warranty and unjust enrichment under California

law. As described above, Ms. Persinger and Mr. Sauder and their teams have specialized and deep knowledge of the law in these areas and in litigating complex consumer class actions generally. *See* Fed. R. Civ. P. 23(g)(1)(A)(iii). Indeed, the quality of the pleadings thus far demonstrates their team's knowledge of the applicable law. *See Lima v. Cal. Faculty Ass'n*, No. 05-03828, 2006 WL 8442117, at *6 (N.D. Cal. Mar. 22, 2006) (in Rule 23(g) analysis, court noted that "the quality of counsel's pleadings [in that case] to date attests to his knowledge of the applicable law").

**4.      Ms. Persinger and Mr. Sauder will commit the resources necessary to pursue this litigation (Fed. R. Civ. P. 23(g)(1)(A)(iv)).**

Ms. Persinger and Mr. Sauder will commit the resources necessary to pursue this litigation. They are both partners at well-established, successful law firms with the financial resources, personnel, and expertise necessary to pursue a case of this magnitude. They will not take litigation funding from third parties to fund this litigation.

In addition, TZ has an office conveniently located in this District, with four attorneys based in California. As a result, the firm can fully utilize its resources and knowledge of local practice while minimizing attorneys' fees and costs for travel associated with the litigation.

**5.      Other considerations support appointing Ms. Persinger and Mr. Sauder (Fed. R. Civ. P. 23(g)(1)(B)).**

Alongside the factors enumerated in Rule 23(g)(1)(A), the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Here, two additional considerations support appointing Ms. Persinger and Mr. Sauder.

First, in appointing interim counsel, courts consider whether proposed leadership will "act fairly, efficiently, and economically in the interests of all parties and parties' counsel." *Manual for Complex Litigation, Fourth,* § 10.22 (2004). In particular, the *Manual for Complex Litigation* notes the desirability of attorneys coordinating their activities without the Court's assistance. *See id.* §§ 10.22, 10.272. Ms. Persinger and Mr. Sauder have worked cooperatively with each other and other plaintiffs' counsel on cases in the past, and will continue to do so here. To the extent other plaintiffs' counsel want to be involved, Ms. Persinger and Mr. Sauder will include them and allocate work appropriately, but appointing interim lead counsel will allow all plaintiffs to speak with one voice to the Court and to

1    Defendant.

2         Second, Ms. Persinger, Mr. Sauder, and their firms bring diverse experiences to the leadership

3    table. As set forth in the *Duke Guidelines* (Best Practice 3C), a leadership slate should "responsibly and

4    fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and

5    background." Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and*

6    *Mass-Tort MDLs* 28 (2d ed. 2018). Here, the diversity in gender and experience shared by Mr. Sauder

7    and Ms. Persinger, as well as their firms, reflects the diversity of the bar and the proposed nationwide

8    class of consumers. For example, TZ is a leader in diversity amongst its peers. In recognition of its

9    commitment to diversity and inclusion, TZ was selected as a winner for the Elite Trial Lawyers Diversity

10   Initiative Award in 2022. And Ms. Persinger is a leader in the LGBTQ community. Mr. Sauder,

11   meanwhile, brings unique government experience to the table, including having tried hundreds of

12   criminal cases to jury verdict. Both TZ and Sauder Schelkopf fund unique fellowship programs—TZ's

13   for recent law graduates and Sauder Schelkopf's for law and college students—that provide young

14   professionals with significant litigation and nonprofit experience. In addition, Sauder Schelkopf

15   received the Diversity Initiative Award from *The National Law Journal's Elite Trial Lawyers* for its

16   Law and College Fellowship program.

17   **V.    CONCLUSION**

18        These cases should be litigated in one consolidated proceeding, and Ms. Persinger and Mr.

19   Sauder possess the talent, resources, and expertise to vigorously pursue this litigation on behalf of all

20   plaintiffs and the proposed Class Members. Accordingly, Plaintiffs request that the Court enter an order

21   (1) directing that the cases be consolidated under Rule 42(a) and (2) appointing Ms. Persinger and Mr.

22   Sauder as interim co-lead counsel.

23

24   Dated: March 19, 2025              Respectfully submitted,

25                                      */s/ Annick M. Persinger*

26

27                                     Annick M. Persinger (CA Bar No. 272996)
                                       Lavanya Prabhakar (CA Bar No. 358175)

28

**TYCKO & ZAVAREEI LLP**
1970 Broadway – Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Fax: (202) 973-0950
apersinger@tzlegal.com
lprabhakar@tzlegal.com

Katherine M. Aizpuru*
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 973-0900
Fax: (202) 973-0950
kaizpuru@tzlegal.com

Joseph G. Sauder*
Joseph B. Kenney*
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
Fax: (610) 421-1326
jgs@sstriallawyers.com
jbk@sstriallawyers.com

*pro hac vice to be filed*

MEMORANDUM IN SUPPORT OF MOTION TO CONSOLIDATE AND APPOINT INTERIM COUNSEL
Case No. 4:25-CV-2095