**Esbrook P.C.**
Christopher J. Esbrook (pro hac vice)
Stephen R. Brown (pro hac vice)
Laura Newcomer Cohen (pro hac vice)
321 N. Clark Street, Suite 1930
Chicago, IL 60654
Phone: (312) 319-7680
christopher.esbrook@esbrook.com
stephen.brown@esbrook.com
laura.cohen@esbrook.com

**Potomac Law Group, PLLC**
Emma Leheny (Cal. Bar. No. 196167)
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
1255 Treat Boulevard, Suite 300
Walnut Creek, CA 94597
Phone: (202) 670-1094
Fax:    (202) 318-7707
eleheny@potomaclaw.com

*Counsel for ProctorU, Inc. d/b/a Meazure Learning*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA PERJANIK, SAMUEL MCCLAIN, and VICTORIA TULSIDAS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROCTORU, INC. d/b/a MEAZURE LEARNING,<br><br>Defendant. | Case No. 4:25-cv-02095-JST<br><br>**PROCTORU, INC.'S MEMORANDUM IN PARTIAL OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM LEAD COUNSEL**<br><br>JUDGE: JON S. TIGAR<br>COURTROOM: 6<br>HEARING DATE: MAY 29, 2025<br>TIME: 2:00 P.M.<br><br>COMPLAINT FILED: FEBRUARY 27, 2025 |

ProctorU, Inc. d/b/a Meazure Learning ("Meazure Learning") hereby provides its Memorandum in Partial Opposition to Plaintiff's Motion to Consolidate Cases and Appoint Interim Lead Counsel (ECF 16).

**INTRODUCTION**

Plaintiffs' Motion includes two requests for relief. First, Plaintiffs ask this Court to consolidate this *Perjanik* action and *Trisha A.M. v. ProctorU, Inc. d/b/a Meazure Learning*, No. 25-cv-02197-JST (N.D. Cal.), which is a related action that is also pending before this Court, for pretrial proceedings. Meazure Learning does not oppose Plaintiffs' request for consolidation.

Second, Plaintiffs request that the Court appoint attorneys from two law firms—Tycko & Zavareei LLP and Sauder Schelkopf LLC—as "Interim Co-Lead Counsel." Meazure Learning does not oppose the appointment of interim lead counsel, and Meazure Learning would not object to either law firm serving in that role. Plaintiffs, however, have made no showing that the appointment of two law firms as interim co-lead counsel is necessary or would be efficient. Accordingly, Meazure Learning opposes Plaintiffs' request to have both firms appointed as interim co-lead counsel.

Finally, in their Proposed Order (ECF 16-3), Plaintiffs propose that the Court order that "[a]dditional related cases filed, transferred, or removed to this District will be consolidated with this action." (ECF 16-3, Proposed Order ¶ 4, p. 1.) Although Meazure Learning anticipates that consolidation likely will be appropriate for a related case filed in, transferred to, or removed to this District, a preemptive, blanket order is not necessary. Paragraph 4 of Plaintiffs' Proposed Order should be struck.

**ARGUMENT**

**I.     Consolidation of the *Perjanik* Action and the *Trisha A.M.* Action**

Meazure Learning does not oppose Plaintiffs' request to consolidate this *Perjanik* action and the *Trisha A.M.* action for pretrial proceedings.

**II.    Appointment of Interim Co-Lead Counsel**

Under Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts in this district typically consider the factors set forth in 23(g)(1)." *In re Meta Pixel Healthcare Litig.*, No. 22-cv-03580-WHO, 2022 WL 18399978, at *2 (N.D. Cal.

1   Dec. 21, 2022); Fed. R. Civ. P. 23(g)(1)(A) ("In appointing class counsel, the court . . . must
2   consider: (i) the work counsel has done in identifying or investigating potential claims in the action;
3   (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims
4   asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that
5   counsel will commit to representing the class.").

6        The advisory committee's notes to Rule 23 state that a "the court should be alert to the need
7   for adequate staffing of the case, but also to the risk of overstaffing or an ungainly counsel
8   structure." Fed. R. Civ. P. 23 advisory committee's notes to 2003 amendment.[1]

9        "[A] single firm will usually provide more effective and efficient representation than a
10  group of two or more firms." *In re Cathode Ray Tubes (CRT) Antitrust Litig.*, No. 07-cv-5944,
11  2008 WL 2024957, at *1 (N.D. Cal. May 9, 2008); *see also Nicolow v. Hewlett Packard Co.*, No.
12  12-cv-5980, 2013 WL 792642, at *9 (N.D. Cal. Mar. 4, 2013) ("This Court agrees with other district
13  courts that have acknowledged the tendency of shared leadership structures to complicate, muddle,
14  and otherwise bloat litigation."). As the court explained in *In re Cathode Ray Tubes*, "[a] single
15  firm is already organized with internal levels of communication and management structure" but
16  "[a] group of firms, on the other hand, must create these structures." 2008 WL 2024957, at *1.
17  "This will tend to increase the risk that items may fall through the cracks." *Id.* Similarly, in *In re*
18  *Allergan PLC Securities Litigation*, the court noted that "the involvement of multiple firms tends
19  to inflate legal fees to the detriment of the other class members." No. 18-cv-12089, 2020 WL
20  5796763, at *6 (S.D.N.Y. Sept. 29, 2020).

---

[1] *See also* Manual for Complex Litigation § 10.224, pp. 27–28 (4th ed. 2004, 3d printing 2020) ("Deferring to proposals by counsel without independent examination, even those that seem to have the concurrence of a majority of those affected, invites problems down the road if designated counsel turn out to be unwilling or unable to discharge their responsibilities satisfactorily or if they incur excessive costs . . . The court should inquire as to normal or anticipated billing rates, define record-keeping requirements, and establish guidelines, methods, or limitations to govern the award of fees. While it may be appropriate and possibly even beneficial for several firms to divide work among themselves, such an arrangement should be necessary, not simply the result of a bargain among the attorneys.").

"Where there is no demonstrable need for more than one class counsel, courts reject such applications." *Fan v. PHL Variable Life Ins. Co.*, No. 18-cv-1288, 2019 WL 10948633, at *3 (S.D.N.Y. May 29, 2019).

Here, Plaintiffs state that the two proposed law firms "have worked cooperatively to determine the best and most efficient course of action with regard to consolidating these actions and moving the case forward expeditiously." (ECF 16, Mot. 6.) Plaintiffs, however, do not identify any reason why it is necessary or appropriate for two law firms to be appointed as interim co-lead counsel. If two law firms were to serve as interim co-lead counsel, there would be a risk of "overstaffing," Fed. R. Civ. P. 23 advisory committee's notes to 2003 amendment, and "inflate[d] legal fees," *In re Allergan PLC*, 2020 WL 5796763, at *6. Meazure Learning opposes the appointment of two law firms as interim co-lead counsel but would not object to the appointment of either law firm to serve as interim lead counsel in the consolidated case.

## **CONCLUSION**

In sum: (1) Meazure Learning does not oppose the consolidation of this *Perjanik* action and the *Trisha A.M.* action for pretrial proceedings; (2) Meazure Learning does oppose the appointment of two firms to serve as interim co-lead counsel, but Meazure Learning would not object to either firm—Tycko & Zavareei LLP and Sauder Schelkopf LLC—serving as interim lead counsel in the consolidated action; and (3) Paragraph 4 of Plaintiffs' Proposed Order (ECF 16-3), which concerns prospective consolidation of actions filed in, removed to, or transferred to this District, should be struck.

| | | |
|---|---|---|
| 1 | Dated: April 24, 2025 | */s/ Emma Leheny* |
| 2 | | Emma Leheny (Cal. Bar. No. 196167) **Potomac law Group, PLLC** |
| 3 | | 1717 Pennsylvania Avenue, NW, Suite 1025 Washington, D.C. 20006 |
| 4 | | 1255 Treat Boulevard, Suite 300 Walnut Creek, CA 94597 |
| 5 | | Phone: (202) 670-1094 Fax:   (202) 318-7707 |
| 6 | | eleheny@potomaclaw.com |
| 7 | | **Esbrook P.C.** Christopher J. Esbrook (pro hac vice) |
| 8 | | Stephen R. Brown (pro hac vice) Laura Newcomer Cohen (pro hac vice) |
| 9 | | 321 N. Clark Street, Suite 1930 Chicago, IL 60654 |
| 10 | | Phone: (312) 319-7680 christopher.esbrook@esbrook.com |
| 11 | | stephen.brown@esbrook.com laura.cohen@esbrook.com |
| 12 | | |
| 13 | | *Counsel for Defendant ProctorU, Inc. d/b/a Meazure Learning* |

PROCTORU, INC.'S MEMORANDUM IN PARTIAL OPPOSITION TO PLAINTIFFS' MOTION TO
CONSOLIDATE CASES AND APPOINT INTERIM LEAD COUNSEL

5