Annick M. Persinger (CA Bar No. 272996)
Lavanya Prabhakar (CA Bar No. 358175)
**TYCKO & ZAVAREEI LLP**
1970 Broadway – Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Fax: (202) 973-0950
apersinger@tzlegal.com
lprabhakar@tzlegal.com

[Additional counsel in signature block]

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA PERJANIK, SAMUEL MCCLAIN, and VICTORIA TULSIDAS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROCTORU, INC. D/B/A MEAZURE LEARNING,<br><br>Defendant. | Case No. 4:25-cv-2095-JST<br><br>**REPLY IN SUPPORT OF MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM LEAD COUNSEL**<br><br>Judge: Jon S. Tigar<br>Courtroom: 6<br>Date: May 29, 2025<br>Time: 2:00 p.m.<br>Complaint Filed: February 27, 2025 |
| TRISHA A.M., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROCTORU, INC. D/B/A MEAZURE LEARNING,<br><br>Defendant. | Case No. 4:25-cv-02197-JST<br><br>Assigned for All Purposes to:<br>Jon S. Tigar<br><br>Complaint Filed: March 3, 2025 |

## I. INTRODUCTION

As noted in Plaintiffs' opening motion, appointing both Tycko & Zavareei LLP and Sauder Schelkopf LLC as Interim Co-Lead Counsel serves the best interests of the proposed class. This co-lead structure is well-supported by precedent and ensures the case is staffed with experienced firms that can efficiently share resources, divide labor, and mitigate litigation risk—particularly in a complex, high-stakes testing software failure case impacting potentially thousands of class members.

## II. ARGUMENT

### A. Co-Leadership Structure Is Appropriate and Well-Supported by Precedent

Defendant's assertion that co-leadership inherently leads to inefficiency overlooks the practical benefits of collaboration between firms with demonstrated success in nationwide class actions. In a case involving strikingly similar facts, the court appointed five firms to serve as class counsel. *West v. ExamSoft Worldwide Inc.*, No. 1:14-cv-22950, Dkt. 37 (S.D. Fla. May 12, 2015) (Ungaro, J.) (certifying nationwide settlement class in a consumer software malfunction case arising from ExamSoft's failure during the July 2014 bar exam, preliminarily approving settlement, and appointing five firms as class counsel).

This Court and Courts in this District[1] and across the country have routinely approved the appointment of multiple firms as co-lead counsel where doing so promotes effective case management and ensures adequate representation. *See, e.g., Aberin, et al., v. Am. Honda Motor Co. Inc.*, No. 16-cv-04384, 2017 WL 3641793 (N.D. Cal. Aug. 24, 2017) (Tigar, J.) (appointing two firms as interim class counsel); *Tabak v. Apple Inc.*, No. 4:19-cv-02455, Dkt. 176 at 1 (N.D. Cal. Nov. 21, 2023) (Tigar, J.)

---

[1] *See In re Uber Techs., Passenger Sexual Assault Litig.*, MDL No. 3084, Dkt. 152 (N.D. Cal. Dec. 6,2023) (Breyer, J.) (appointing multiple firms as co-lead counsel and establishing a Plaintiffs' Steering Committee to manage nationwide class litigation). *Frasco v. Flo Health Inc.*, No. 3:21-cv-00757-JD, Dkt. 80 (N.D. Cal. Oct. 12, 2021) (Donato, J.) (appointing two firms as co-lead counsel in a data privacy class action regarding unauthorized data sharing with third parties). *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, Dkt. 284 (N.D. Cal. Sept. 11, 2015) (Koh, J.) (appointing several firms to lead roles in data breach MDL). *In re Facebook, Inc. Consumer Privacy User Profile Litig.*, 3:18-md-02843, Dkt. 102(N.D. Cal. Jul. 27, 2018) (Chhabria, J.) (appointing two firms as co-lead counsel in privacy litigation).

(appointing two firms, including Tycko & Zavareei, LLP, as class counsel). *In re Wells Fargo & Co. S'holder Derivative Litig.*, No. 3:16-cv-05541, Dkt. 312 at 2-3 (N.D. Cal. Apr. 7, 2020) (Tigar, J.) (appointing multiple law firms to lead role in shareholder derivative case resulting in historic $240 million settlement); *In re Plantronics, Inc. Sec. Litig.*, No. 4:19-cv-07481-JST, Dkt. 62 at 3 (N.D. Cal. 2020) (Tigar, J.) (appointing two firms as co-leads in securities fraud action).

B. **The Proposed Structure Will Promote Efficiency and Adequate Representation**

The structure Plaintiffs propose is neither unusual nor excessive. Rather, it reflects the realities of modern complex litigation, where the volume of discovery, the number of class members, and the technical nature of the issues benefit from multiple firms with complementary experience and capacity. This case involves issues requiring substantial technical expertise and the resources of more than one firm. Appointing two firms to lead this matter ensures appropriate staffing levels without unnecessary duplication and provides built-in checks to avoid overstaffing or inefficiencies. Defendant has not offered any factual or legal support for its contention that appointing two firms will lead to bloat, as there is none.

Moreover, the proposed co-lead counsel have already demonstrated a strong collaborative working relationship. As reflected in the record, they have jointly investigated the claims, coordinated communications with related plaintiffs, and taken the lead in moving this litigation forward. This cooperation will continue under the co-lead structure and will only enhance the quality and efficiency of representation. Significantly, the Proposed Interim Co-Lead Counsel have worked cooperatively in the past. *See, e.g., Gorzo, et al. v. Rodan & Fields, LLC*, No. CJC-18-004981 (Cal. Superior Court, San. Francisco County) **(**approving $38 million settlement where Sauder Schelkopf LLC and Tycko & Zavareei LLP served as class counsel).

C. **Paragraph 4 of the Proposed Order Should Not Be Stricken**

Defendant also requests the Court strike Paragraph 4 of Plaintiffs' Proposed Order, which states: "Additional related cases filed, transferred, or removed to this District will be consolidated with this action." ECF No. 16-3, at ¶ 4. Defendant admits that "consolidation likely will be appropriate for a related case filed in, transferred to, or removed to this District," but argues that "a preemptive, blanket

order is not necessary." ECF No. 31, at 2. Striking Paragraph 4, however, would undermine the central purpose of the leadership order, which is to provide clarity on who can prosecute the litigation and negotiate on behalf of the proposed class. If there were no obligation to consolidate related cases, other counsel would be permitted to engage in the duties and responsibilities in Paragraph 7, thus circumventing the leadership order and impeding the undersigned counsel's authority. Plaintiffs respectfully request that the Court reject Defendant's request to strike Paragraph 4.

### III. CONCLUSION

Defendant does not oppose consolidation and does not oppose appointment of interim lead counsel. As its challenge to appointing two well-qualified firms is unsupported and wrong, Plaintiffs request that the Court grant Plaintiffs' Motion and enter Plaintiffs' proposed order.

Dated: May 1, 2025

Respectfully submitted,

*/s/ Annick M. Persinger*
Annick M. Persinger (CA Bar No. 272996)
Lavanya Prabhakar (CA Bar No. 358175)
**TYCKO & ZAVAREEI LLP**
1970 Broadway – Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Fax: (202) 973-0950
apersinger@tzlegal.com
lprabhakar@tzlegal.com

Katherine M. Aizpuru*
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 973-0900
Fax: (202) 973-0950
kaizpuru@tzlegal.com

Joseph G. Sauder
Joseph B. Kenney*
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581

Fax: (610) 421-1326
jgs@sstriallawyers.com
jbk@sstriallawyers.com

*pro hac vice application to be filed