UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA PERJANIK, SAMUEL MCCLAIN, and VICTORIA TULSIDAS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROCTORU, INC. D/B/A MEAZURE LEARNING,<br><br>Defendant. | Case No. 4:25-cv-2095-JST<br><br>[PROPOSED] ORDER GRANTING MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM LEAD COUNSEL<br>**AS MODIFIED**<br><br>Judge: Jon S. Tigar<br><br>Complaint Filed: February 27, 2025 |
| TRISHA A.M., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROCTORU, INC. D/B/A MEAZURE LEARNING,<br><br>Defendant. | Case No. 4:25-cv-02197-JST<br><br>Complaint Filed: March 3, 2025 |

| | |
|---|---|
| Katrina McDowell, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PROCTORU, INC. D/B/A MEAZURE LEARNING,<br><br>Defendant. | Case No: 4:25-cv-04259-JST<br><br>Complaint Filed: March 17, 2025 |

The Court has reviewed the Motion to Consolidate Cases and Appoint Interim Lead Counsel ("Motion") submitted by Plaintiffs Laura Perjanik, Samuel McClain, Victoria Tulsidas, and Trisha A.M. The Court has determined that consolidation of the cases is appropriate under Federal Rule of Civil Procedure 42(a). The Court has further determined that Annick M. Persinger and Joseph G. Sauder are well-qualified to serve as Interim Co-Lead Counsel, and that appointing them as Interim Co-Lead Counsel is in the best interests of the proposed Class under Federal Rule of Civil Procedure 23(g). Accordingly, it is hereby ordered THAT:

1. The Motion is GRANTED.

2. The following cases shall be consolidated under Rule 42(a):

    a. *Perjanik v. ProctorU, Inc.*, No. 4:25-cv-2095-JST;

    b. *A.M. v. ProctorU, Inc.*, No. 4:25-cv-2197-JST;

    c. *McDowell v. ProctorU, Inc.*, No. 4:25-cv-04259-JST.

Each of these actions is a class action brought on behalf of individuals affected by the administration of the February 2025 California Bar Examination. Consolidating these actions into a single proceeding, with 25-cv-2095 serving as the master docket, will promote the efficient resolution of the actions, avoid unnecessary duplication, and preserve judicial resources.

3. The Clerk is respectfully instructed to consolidate these actions for pretrial proceedings under Case No. 4:25-cv-2095-JST with the case caption *In re: ProctorU California Bar Exam Litigation*. The Clerk is respectfully directed to administratively close Case Nos. 4:25-cv-2197 and 25-cv-04259.

4. When Interim Lead Counsel believes that a subsequently-filed case is related, Interim Lead Counsel shall file an administrative motion to consider whether cases should be related pursuant to Civil Local Rule 3-12(b). If the Court grants the motion to relate, Interim Lead Counsel may then file a motion or stipulation to consolidate the new case with this one.

5. The Court appoints Annick M. Persinger and Joseph G. Sauder as Interim Co-Lead Counsel for the putative Class.

6. Interim Counsel shall have the following responsibilities:

    a. To make, brief and argue motions, and to file papers and participate in proceedings initiated by other parties;

    b. To initiate, conduct and defend discovery proceedings;

    c. To act as spokesperson at pretrial conferences;

    d. To negotiate with defense counsel with respect to settlement and other matters;

    e. To call meetings of counsel for Plaintiffs in this action;

    f. To make all work assignments to Plaintiffs' counsel to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

    g. To conduct trial and post-trial proceedings;

    h. To consult with and employ experts;

    i. To request that the Court approve settlements, if any, and fee awards;

    j. To allocate fees;

    k. To perform such other duties and to undertake such other responsibilities as it deems necessary or desirable in the prosecution of this litigation; and

    l. To coordinate and communicate with Defendant's counsel with respect to matters addressed in this paragraph and subparts.

7. Interim Counsel shall have the sole authority to communicate with Defendants' counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Interim Counsel and such agreements shall be binding on all other Plaintiffs' counsel.

8. On or before June 23, 2025, Interim Counsel are directed to file a Consolidated

Amended Complaint.

9. Interim Lead Counsel shall submit an application for renewal of Interim Lead Counsel status within one year from today's date. The Court may also review the selection of Interim Lead Counsel at any time on a showing of good cause.

**IT IS SO ORDERED.**

Dated:  June 3, 2025

_____
Hon. Jon S. Tigar
UNITED STATES DISTRICT JUDGE