1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ESBROOK P.C.**
Christopher J. Esbrook (pro hac vice)
Stephen R. Brown (pro hac vice)
Laura Newcomer Cohen (pro hac vice)
321 N. Clark Street, Suite 1930
Chicago, IL 60654
Phone: (312) 319-7680
christopher.esbrook@esbrook.com
stephen.brown@esbrook.com
laura.cohen@esbrook.com

**POTOMAC LAW GROUP, PLLC**
Emma Leheny (Cal. Bar. No. 196167)
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
1255 Treat Boulevard, Suite 300
Walnut Creek, CA 94597
Phone: (202) 670-1094
eleheny@potomaclaw.com

*Counsel for ProctorU, Inc. d/b/a Meazure Learning*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| *In re ProctorU California Bar Exam Litigation* | No. 4:25-cv-02095-JST<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>Judge: Jon S. Tigar<br>Courtroom: 6<br>Date: December 11, 2025<br>Time: 2:00 p.m.<br>Amended Complaint Filed: June 23, 2025 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE** that on Thursday, December 11, 2025, at 2:00 p.m., or as soon

thereafter as the motion may be heard before the Honorable Jon S. Tigar in Courtroom 6 of the

United States District Court for the Northern District of California located at 1301 Clay Street,

Oakland, CA 94612, Defendant ProctorU, Inc. d/b/a Meazure Learning will and hereby does move the Court pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) for an Order dismissing Plaintiffs' Consolidated Amended Class Action Complaint with prejudice (ECF No. 46).

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Proposed Order submitted herewith; and any other matter the Court may consider.

Dated:  October 6, 2025                          Respectfully submitted,

                                        /s/ Christopher J. Esbrook

                                        **ESBROOK P.C.**
                                        Christopher J. Esbrook (pro hac vice)
                                        Stephen R. Brown  (pro hac vice)
                                        Laura Newcomer Cohen (pro hac vice)
                                        321 N. Clark Street, Suite 1930
                                        Chicago, IL 60654
                                        Phone: (312) 319-7680
                                        christopher.esbrook@esbrook.com
                                        stephen.brown@esbrook.com
                                        laura.cohen@esbrook.com

                                        **POTOMAC LAW GROUP, PLLC**
                                        Emma Leheny (Cal. Bar. No. 196167)
                                        1717 Pennsylvania Avenue, NW, Suite 1025
                                        Washington, D.C. 20006
                                        1255 Treat Boulevard, Suite 300
                                        Walnut Creek, CA 94597
                                        Phone: (202) 670-1094
                                        eleheny@potomaclaw.com

                                        *Counsel for ProctorU, Inc. d/b/a Meazure Learning*

2

**ESBROOK P.C.**
Christopher J. Esbrook (pro hac vice)
Stephen R. Brown  (pro hac vice)
Laura Newcomer Cohen (pro hac vice)
321 N. Clark Street, Suite 1930
Chicago, IL 60654
Phone: (312) 319-7680
christopher.esbrook@esbrook.com
stephen.brown@esbrook.com
laura.cohen@esbrook.com

**POTOMAC LAW GROUP, PLLC**
Emma Leheny (Cal. Bar. No. 196167)
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
1255 Treat Boulevard, Suite 300
Walnut Creek, CA 94597
Phone: (202) 670-1094
eleheny@potomaclaw.com

*Counsel for ProctorU, Inc. d/b/a Meazure Learning*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| *In re ProctorU California Bar Exam Litigation* | Case No. 4:25-cv-02095-JST<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>Judge: Jon S. Tigar<br>Courtroom: 6<br>Date: December 11, 2025<br>Time: 2:00 p.m.<br>Amended Complaint Filed: June 23, 2025 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS.................................................................................................... 2

MOTION TO DISMISS STANDARD ................................................................................ 4

ARGUMENT ........................................................................................................................ 5

   I. Plaintiffs' Warranty and CLRA Claims (Claims 1–4) Fail as a Matter of Law Because the
     Statutes Do Not Apply to Meazure's Online Exam Platform. ...................................... 5

     A. Meazure's Exam Platform Is Not a "Good" or "Service" Entitling Plaintiffs to Relief
       Under the Commercial Code, Song-Beverly Act, or the CLRA (Claims 1-4)................. 6

        1.   The Meazure Exam Platform Is Not a "Good" or "Service" Because It Is an
            Intangible Product. ........................................................................................... 6

        2.   The Meazure Exam Platform Is Licensed for One-Time Use, Not Sold or
            Transferred for Ongoing Use. ...........................................................................7

     B. Plaintiffs' Implied Warranty Claim Fails Because They Fail to Allege Privity of
       Contract Between Plaintiffs and Meazure (Claim 2). ...................................................... 9

     C. Plaintiffs' Claims Under the Song-Beverly Act and the CLRA (Claims 3-4) Also Fail
       Because the Exam Platform Was Not Purchased for a "Personal, Family, or Household"
       Purpose. ..........................................................................................................................10

  II. Plaintiffs Fail to State a Claim Under the CLRA, UCL, or FAL (Claims 4, 5, and 8)..........11

     A. Plaintiffs Fail to Allege Any Actionable Representation. ...............................................12

        1.   The "Competent Exam Administration" Representation. ..................................... 12

        2.   The Platform Features Representation. ................................................................. 13

     B. Plaintiffs Fail to Allege Any Actionable Omission to Support a Claim under the
       UCL or FAL. ................................................................................................................... 14

     C. Plaintiffs Also Fail to State a Claim Under the UCL's Unlawful or Unfair Prongs........ 14

  III. Plaintiffs' Negligent Infliction of Emotional Distress Claim (Claim 6) Fails...................... 16

     A. Meazure Did Not Owe a Legal Duty to Plaintiffs to Protect Their Emotional
       Well-Being.......................................................................................................................16

     B. Plaintiffs Did Not Suffer a Physical Injury and Are Not Entitled to Emotional
       Distress Damages. ...........................................................................................................17

  IV. Plaintiffs Cannot State a Claim for Unjust Enrichment Because California Does
     Not Recognize the Claim (Claim 7). ............................................................................... 18

CONCLUSION ................................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**

*Abuelhawa v. Santa Clara Univ.*, 529 F. Supp. 3d 1059 (N.D. Cal. 2021) ................................... 18

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 4

*Balistreri v. McCormick & Co., Inc.*, No. 5:22-CV-00349-EJD, 2023 WL 5988600
(N.D. Cal. Sept. 13, 2023) ................................................................................................. 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................. 4

*Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110 (N.D. Cal. 2020) ........................................... 18

*Carlsen v. Koivumaki*, 174 Cal. Rptr. 3d 339 (Ct. App. 2014) ......................................... 17

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163 (Cal. 1999) ............. 15

*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) ...................................... 9

*De Havilland v. FX Networks, LLC*, 230 Cal. Rptr. 3d 625 (Ct. App. 2018) ............................ 18

*Ferrington v. McAfee, Inc.*, No. 10-cv-01455, 2010 WL 3910169 (N.D. Cal. Oct. 5, 2010) .......... 7

*Friedman v. Merck & Co.*, 131 Cal. Rptr. 2d 885 (Ct. App. 2003) ......................................... 16, 17

*Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052 (N.D. Cal. 2017) .................................... 11, 14

*Haskins v. Symantec Corp.*, No. 13-cv-01834, 2013 WL 6234610 (N.D. Cal. Dec. 2, 2013) ..... 7, 8

*Hodsdon v. Mars*, 891 F.3d 857 (9th Cir. 2018) .............................................................. 14

*In re iPhone Application Litigation*, 844 F. Supp. 2d 1040 (N.D. Cal. 2012) ................................ 6

*In re Natera Prenatal Testing Litig.*, 664 F. Supp. 3d 995 (N.D. Cal. 2023) ................................ 14

*In re Tobacco II Cases*, 207 P.3d 20 (Cal. 2009) ............................................................... 13

*Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050 (Cal. Ct. App. 2005) .......... 15

*Klein v. Facebook, Inc.*, 580 F. Supp. 3d 743 (N.D. Cal. 2022) ........................................... 18

*Kwikset Corp. v. Superior Court*, 246 P.3d 877 (Cal. 2011) ............................................. 13

*LeGrand v. Abbott Lab'ys*, 655 F. Supp. 3d 871 (N.D. Cal. 2023) ..................................... 11

*Milman v. FCA U.S., LLC*, No. 18-CV-02151-JST, 2019 WL 3334612

iii

(N.D. Cal. Apr. 15, 2019) ................................................................................................... 15

*Park City Servs., Inc. v. Ford Motor Co.*, 50 Cal. Rptr. 3d 373 (Ct. App. 2006) ........................... 5

*Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795 (Cal. 1993) ........................................... 16, 17

*Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101 (N.D. Cal. 2016) ................................. 6, 7, 8

*Runner v. C.R. Bard*, 108 F. Supp. 3d 261 (E.D. Pa. 2015) ............................................................ 17

*Shaeffer v. Califia Farms, LLC*, 258 Cal. Rptr. 3d 270 (Cal. Ct. App. 2020) ......................... 12, 13

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ...................................................... 4

*Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008) ....................................................... 11

*Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012) ....................................................... 5

*Woulfe v. Universal City Studios LLC*, No. 2:22-cv-00459, 2022 WL 18216089
(C.D. Cal. Dec. 20, 2022) .................................................................................................................. 8

**Statutes**

Cal. Bus. & Prof. Code § 17200 ...................................................................................................... 11

Cal. Bus. & Prof. Code § 17500 ...................................................................................................... 11

Cal. Civ. Code § 1750 ...................................................................................................................... 15

Cal. Civ. Code § 1761 .................................................................................................................. 6, 10

Cal. Civ. Code § 1770(a) ........................................................................................................ 5, 6, 7, 11

Cal. Civil Code § 1790, *et seq.* ................................................................................................ 5, 6, 7, 10

Cal. Com. Code § 2102 ...................................................................................................................... 6

Cal. Com. Code § 2105 ...................................................................................................................... 6

Cal. Com. Code § 2106 ...................................................................................................................... 7

Cal. Com. Code §§ 2313–2315 ................................................................................................. 5, 9, 15

**Rules**

Fed. R. Civ. P. 9(b) ........................................................................................................................... 4

1

2

3

4

5

6

7

8

## INTRODUCTION

This lawsuit arises from the administration of the February 2025 California Bar Examination.  Plaintiffs have filed a single Consolidated Amended Class Action Complaint (ECF No. 46) against Defendant ProctorU, Inc. d/b/a Meazure Learning ("**Meazure**"), the vendor hired by the State Bar of California (the "**State Bar**") to provide the online exam platform at issue in Plaintiffs' Complaint.  Despite having no direct relationship with Meazure—contractual or otherwise—Plaintiffs assert an array of claims against Meazure:

9

10

11

12

13

14

15

16

17

18

19

20

21

| Claim | Cause of Action | Legal Authority |
|---|---|---|
| 1 | Breach of Express Warranty under the California Commercial Code | Cal. Commercial Code § 2313 |
| 2 | Breach of Implied Warranties under the Commercial Code | Cal. Commercial Code §§ 2314–2315 |
| 3 | Violations of the Song-Beverly Consumer Warranty Act  (the "**Song-Beverly Act**") | Cal. Civil Code § 1790, *et seq.* |
| 4 | Violations of the California Consumer Legal Remedies Act (the "**CLRA**") | Cal. Civil Code § 1770(a) |
| 5 | Violations of the California Unfair Competition Law (the "**UCL**") | Cal. Bus. & Prof. Code § 17200 |
| 6 | Negligent Infliction of Emotional Distress | Common Law |
| 7 | Unjust Enrichment | Common Law |
| 8 | Violations of California's False Advertising Law (the "**FAL**") | Cal. Bus. & Prof. Code § 17500 |

22

23

24

(ECF No. 46).  California law, however, does not support the claims brought against Meazure in its role as the exam administration vendor for the State Bar, and Plaintiffs' claims are subject to dismissal pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

25

26

27

28

*First*, Plaintiffs' claims for breach of warranty and violations of the Song-Beverly Act and the CLRA (Claims 1–4) fail because Meazure's online exam platform, which is online software licensed for a one-time use, is neither a "good" nor a "service" as defined by those statutes.

1

Plaintiffs have also failed to allege any privity with Meazure giving rise to implied warranties under the Commercial Code. In addition, Meazure's exam platform was not a consumer good or service used for a personal, family, or household purpose as required by the Song-Beverly Act and the CLRA.

*Second*, Plaintiffs' CLRA claim (Claim 4) also fails, along with Plaintiffs' UCL and FAL claims (Claims 5 and 8), because Plaintiffs fail to allege actionable misrepresentations or omissions by Meazure that would have been "likely to deceive" a "reasonable consumer."

*Third*, the claim for negligent infliction of emotional distress (Claim 6) fails because Plaintiffs have alleged no threat of physical injury, and they cannot establish the "special relationship" required to recover for purely emotional harm.

*Fourth*, the claim for unjust enrichment (Claim 7) is not a standalone cause of action and therefore, lacking any viable underlying claim, is subject to dismissal.

For these reasons, which are further detailed below, the Complaint should be dismissed in its entirety pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

### STATEMENT OF FACTS

In October 2024, the California Supreme Court approved the State Bar of California's plan to allow examinees to take the February 2025 California bar exam either remotely or at in-person test centers. (ECF No. 46, Compl., Ex. A at 2.) Additionally, the California Supreme Court authorized an experimental version of the exam to be conducted in November 2024. (*Id.* at 3.)

The State Bar of California subsequently entered into a contract with Meazure, wherein Meazure was to host the February 2025 California bar exam on its testing platform (the "Meazure Exam Platform"). (Compl. ¶ 3.) Meazure "has extensive experience administering over 600,000 high-stakes professional examinations and certifications around the world annually," (*id.* ¶ 4 n.1) and the Meazure Exam Platform "has the capacity to deliver multiple exams (not just the CA Bar

2

1    Exam) throughout the world on any given day." (*Id.* ¶ 4.)

2         Prior to the February 2025 California bar exam, the State Bar of California provided a page

3    on its website answering frequently asked questions ("FAQs"). (Compl., Ex. A.) Therein, the State

4    Bar of California stated that test takers testing remotely or in person on a computer or laptop must

5    pay a laptop fee to the State Bar for a one-time license to access Meazure's software platform. (*Id.*

6    at 6.) Those test takers who opted to handwrite the exam were not required to pay a laptop fee to

7    the State Bar. (*Id.*) Plaintiffs allege that Meazure falsely represented that applicants would receive

8    a "competently administered exam" by "accepting the $153 laptop fee and providing Class

9    Members with permission to use its exam Platform in exchange for this fee" and "failing to disclose

10   the problems with the Meazure Learning Platform." (Compl. ¶¶ 40, 172, 186–87, 206.)

11

12        The State Bar of California's FAQs also stated that the Meazure Exam Platform would

13   include, for the essay and multiple-choice portions of the exam, "a single-color highlighter, digital

14   notepad, timer, spell check, copy-and-paste functionality (shortcuts such as Ctrl+C and Ctrl+V will

15   be available), [and] strikethrough functionality (limited to the question stem)." (*Id.* at 10.) Further,

16   it noted that the Meazure Exam Platform would include, for the performance test, "[a] resource

17   packet in a separate tab with features such as search functionality and bookmarks for easy

18   navigation," "[s]ingle color highlighter functionality," "[t]ext annotation and comment features,"

19   "[a] tagging system to help organize notes," "[t]he ability to copy and paste text from the materials

20   into the response field," and "[s]pell check." (*Id.*)

21

22        The California bar exam took place on February 25–26, 2025. (*Id.* ¶¶ 24–25.) The first day

23   of the exam consisted of essays and a performance test. (*Id.* ¶ 24.) The second day of the exam

24   consisted of multiple-choice questions. (*Id.*) Plaintiffs allege that many test takers reported

25   technical problems they experienced during the exam, including error messages, the inability to

26   submit essay responses and use tools such as copy and paste, and frozen screens. (*Id.* ¶ 51–57.)

27

28

3

1

The named Plaintiffs each allege that:

2

3
- They reasonably relied upon Meazure's promises about its Platform's utility (*Id.* ¶¶ 75, 84, 93, 101, 111, 122, 133);

4

5
- They suffered stress and anxiety because of the Meazure Exam Platform's malfunctioning (*Id.* ¶¶ 70, 91, 109, 120, 131, 201);

6

7
- They were deprived of the benefit of the fees that they paid in exchange for the opportunity to take a functioning test for admission to the State Bar (*Id.* ¶¶ 74, 83, 92, 100, 110, 121, 132); and

8

9
- They were harmed when Meazure's Exam Platform prevented them from completing the exam as planned.  (*Id.* ¶¶ 74, 83, 92, 100, 110, 121, 132.)

10

Plaintiffs bring this suit as a class action on behalf of themselves and on behalf of all others similarly

11

situated.  (*Id.* ¶ 138.)

12

13

## **MOTION TO DISMISS STANDARD**

14

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient

15

factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v.*

16

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

17

A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw

18

a reasonable inference that the defendant is liable for the alleged misconduct.  *Iqbal*, 556 U.S. at

19

678.  Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"

20

are insufficient.  *Twombly*, 550 U.S. at 555.

21

22

Where a claim sounds in fraud, it must also satisfy the heightened pleading requirements of

23

Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting

24

fraud."  Fed. R. Civ. P. 9(b).  This includes the "who, what, when, where, and how" of the alleged

25

misconduct.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

26

27

28

4

**ARGUMENT**

Pursuant to Federal Rules 9(b) and 12(b)(6), Plaintiffs' Consolidated Amended Class Action Complaint should be dismissed in its entirety.

**I.      Plaintiffs' Warranty and CLRA Claims (Claims 1–4) Fail as a Matter of Law Because the Statutes Do Not Apply to Meazure's Online Exam Platform.**

Plaintiffs assert claims for breach of express and implied warranties under the Commercial Code and violations of the Song-Berkeley Act and the CLRA (Claims 1–4).  Article 2 of the Commercial Code governs express and implied warranties made in connection with the sale of goods.  Cal. Com. Code §§ 2313–2315.  The Song-Beverly Act serves as a supplement to the Commercial Code and provides additional rights and remedies for consumers in their purchases of goods.  Cal. Civil Code § 1790, *et seq.*; *Park City Servs., Inc. v. Ford Motor Co.*, 50 Cal. Rptr. 3d 373, 378 (Ct. App. 2006)

The CLRA serves a different but complementary purpose, prohibiting "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) (quoting Cal. Civ. Code § 1770(a)).

Claims 1 through 4 all fail for one common reason:  Meazure's online exam platform is neither a "good" nor a "service" that was "sold" to Plaintiffs as defined by any of the relied-upon statutes.  Additionally, the implied warranty claim fails because Plaintiffs have not alleged and cannot allege privity with Meazure.  Finally, Plaintiffs' claims under the Song-Beverly Act and the CLRA also fail because Meazure's online exam platform was not purchased for a "personal, family, or household" purpose.

5

**A. Meazure's Exam Platform Is Not a "Good" or "Service" Entitling Plaintiffs to Relief Under the Commercial Code, Song-Beverly Act, or the CLRA (Claims 1-4).**

Invocation of the Commercial Code and the Song-Beverly Act requires a plaintiff to allege a sale or lease of goods. Cal. Com. Code § 2102; Cal. Civ. Code §1791(a). Under the Commercial Code, goods are "all things . . . which are movable at the time of identification to the contract for sale." Cal. Com. Code § 2105(1). Under the CLRA, recovery can be sought in connection with sales or leases of goods or services. Cal. Civ. Code § 1770(a). The CLRA requires a "good" to be "tangible chattel," and it defines "services" as "work, labor, and services for other than a commercial or business use." Cal. Civ. Code § 1761(a)–(b).

As explained below, software that is available only online and licensed for a one-time use, such as the Meazure Exam Platform, does not qualify as goods or services under any of the relevant statutory provisions.

**1. The Meazure Exam Platform Is Not a "Good" or "Service" Because It Is an Intangible Product.**

Because online software is an intangible item, courts have regularly found that such software cannot be considered a good or service. For example, in *Rojas-Lozano v. Google, Inc.*, the court held that reCAPTCHA, a software program requiring website visitors to ensure they are human before accessing certain websites, is neither a good nor a service under the CLRA because, in part, the software **is available only online**. 159 F. Supp. 3d 1101, 1117 (N.D. Cal. 2016) ("Plaintiff has cited to no case, and indeed the Court is unaware of even one, that holds that software utilized entirely online constitutes a CLRA good or service."); *see also In re iPhone Application Litigation*, 844 F. Supp. 2d 1040, 1070 (N.D. Cal. 2012) (noting that "to the extent Plaintiffs' allegations are based solely on software, Plaintiffs do not have a claim under the CLRA"). The court contrasted the reCAPTCHA software with the antivirus software in *Haskins v. Symantec*

6

*Corp.*, in which this Court determined that the antivirus software at issue was a good because it "**could be purchased both online and in a store**." *Id.* at 1116 (emphasis added) (citing *Haskins v. Symantec Corp.*, No. 13-cv-01834, 2013 WL 6234610, at *10 (N.D. Cal. Dec. 2, 2013)).

Additionally, in *Ferrington v. McAfee, Inc.*, the court held that a McAfee anti-virus software program purchased online is not a good or service under the CLRA.  No. 10-cv-01455, 2010 WL 3910169, at *19 (N.D. Cal. Oct. 5, 2010).  With respect to goods, the court explained that the CLRA's "express limitation of goods to 'tangible chattels' must be given meaning, and current California law suggests that these words exclude software from the Act's coverage." *Id.*  With respect to services, the court noted that "software generally is not a service for purposes of the CLRA." *Id.*

Like *Rojas-Lozano* and *Ferrington*, and in contrast to *Haskins*, Meazure's Exam Platform is not a tangible, movable thing; rather, it is software that test takers access online.  For these reasons, Meazure's online exam platform cannot be considered a good or service under the California Commercial Code, the Song-Beverly Act, or the CLRA.

### 2. The Meazure Exam Platform Is Licensed for One-Time Use, Not Sold or Transferred for Ongoing Use.

In addition to being intangible, the Meazure Exam Platform is also not designed for ongoing use by test takers.  The Commercial Code, Song-Beverly Act, and CLRA all require a "sale" or "lease" to trigger their protections.  *See* Cal. Com. Code § 2106(1); Cal. Civ. Code §§ 1791(l), 1770(a).  The State Bar made the Meazure Exam Platform available to Plaintiffs as a mandatory component of the February 2025 Bar Exam for those taking the exam on a computer.  (Compl. ¶ 3.)  Plaintiffs did not engage in a voluntary consumer transaction with Meazure; rather, they were required by the State Bar to use its chosen vendor.  *Id.*

7

1    The single-use nature of the platform precludes the platform from being considered a good

2    or service under the California Commercial Code, the Song-Beverly Act, and the CLRA.   For

3    example, in *Rojas-Lozano*, the court found it relevant that the reCAPTCHA software was "a one-

4    time use software program" in finding that the software was not a good or service under the CLRA.

5    159 F. Supp. 3d at 1116.  Similarly, in *Woulfe v. Universal City Studios LLC*, the court determined

6    that the plaintiffs' purchase of a "limited-time license" to access a digital copy of a movie was

7    neither a good nor a service under the CLRA.   No. 2:22-cv-00459, 2022 WL 18216089, at *15

8    (C.D. Cal. Dec. 20, 2022).  In contrast, this Court determined that the antivirus software at issue in

9    *Haskins* could be considered a service under the CLRA because it "continually updates and runs

10   regular virus checking."  *Haskins*, 2013 WL 6234610, at *9 n.9.

11        Here, the Meazure Exam Platform is more akin to the software in *Rojas-Lozano* and *Woulfe*

12   than that in *Haskins*.   The State Bar's FAQs confirm that the fee paid by applicants was for

13   "licensing software." (Compl., Ex. A.)  Test takers access the Meazure Exam Platform for a limited

14   time—the time it takes to complete an exam.  Unlike the antivirus software in *Haskins*, test takers

15   do not benefit from any ongoing updates that Meazure makes to its software.  Plaintiffs did not

16   purchase or lease the software from Meazure but were instead granted a temporary license to use it

17   as required by the State Bar.  Accordingly, the Meazure Exam Platform is not a good or service sold

18   or leased under the California Commercial Code, the Song-Beverly Act, or the CLRA.

19        For the aforementioned reasons, Plaintiffs' warranty and CLRA claims (Claims 1–4) must

20   be dismissed because the Meazure Exam Platform does not meet the statutory definitions of goods

21   or services under California law.

8

1

2

   **B.  Plaintiffs' Implied Warranty Claim Fails Because They Fail to Allege Privity of Contract Between Plaintiffs and Meazure (Claim 2).**

3

4

5

6

7

8

9

10

       Plaintiffs' inability to allege privity between Plaintiffs and Meazure is an independent reason to dismiss Plaintiffs' implied warranty claim under California Commercial Code § 2314 (Claim 2).  Courts interpreting California law have held that a plaintiff asserting breach of warranty claims under § 2314 must stand in vertical contractual privity with the defendant.  *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008).  In *Clemens*, the plaintiff's breach of implied warranty claim failed because she purchased the good from a retailer and was attempting to sue the manufacturer, with whom she was not in privity.  *Id.* at 1023–24.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

       As explained above, the Complaint and its exhibits make clear that the only direct contractual relationship Meazure entered into was with the State Bar of California.  Moreover, the Complaint fails to allege any facts showing that Plaintiffs paid any money directly to Meazure.  While Plaintiffs allege in conclusory fashion that they "paid a fee to Meazure" (Compl. ¶ 3), the Complaint is devoid of any factual allegations establishing a separate transaction, invoice, or payment portal through which Plaintiffs tendered funds directly to Meazure.  Indeed, the supporting exhibits contradict this.  The State Bar's FAQs simply state that examinees "are required to pay the laptop fees" to cover the software license (Compl., Ex. A at 6), without specifying to whom the fee is paid.  Given that Plaintiffs cite to the State Bar's FAQs and do not allege any monies paid directly to Meazure, the only plausible reading is that the State Bar collected this fee as part of the total application cost.  Without a direct transaction or contractual relationship between Plaintiffs and Meazure, there is no vertical privity.  Accordingly, and because the implied warranty claim fails as a matter of law, Claim 2 should also be dismissed.

26

27

28

### C. Plaintiffs' Claims Under the Song-Beverly Act and the CLRA (Claims 3-4) Also Fail Because the Exam Platform Was Not Purchased for a "Personal, Family, or Household" Purpose.

The Song-Beverly Consumer Warranty Act and the CLRA are California consumer protection statutes. Both are expressly limited to transactions involving goods or services for "personal, family, or household purposes." Cal. Civ. Code §§ 1761(a), 1791(a). The Meazure Exam Platform, however, was used for commercial purposes.

As alleged in Plaintiffs' Complaint, the Bar Exam is "a milestone that aspiring California lawyers must pass" and "law graduates who fail the CA Bar Exam cannot earn livelihoods as lawyers in California." (Compl. ¶ 2.) This is a professional purpose, placing it outside the scope of these consumer protection statutes.

Moreover, Meazure's contractual relationship was with the State Bar as a third-party vendor. Plaintiffs allege they "registered for the February 2025 CA Bar Exam" (Compl. ¶¶ 64, 76), which is "offered by the State Bar of California." (Compl. ¶ 2.) The State Bar's own FAQs, attached as Exhibit A, merely identify Meazure as a State Bar "vendor." (Compl., Ex. A at 6.) Finally, the Term Sheet, attached as Exhibit B to the Complaint, is exclusively between "The State Bar of California" and "ProctorU, Inc. d/b/a Meazure Learning." (Compl., Ex. B.) The purpose of the transaction, as established by the allegations and exhibits to the Complaint, was for Meazure Learning to provide the State Bar with exam administration services for the State Bar's professional licensing exam—not for a personal, family, or household purpose. Accordingly, Claims 3 and 4 should be dismissed for that reason, as well.

10

1

**II.    Plaintiffs Fail to State a Claim Under the CLRA, UCL, or FAL (Claims 4, 5, and 8).**

2

3    As explained above, Plaintiffs' claim under the CLRA fails for the threshold reason that the

Meazure Exam Platform was not a good or service, nor was it for a personal, family, or household

4

5    purpose.  Even if the CLRA could apply, however, Plaintiffs have failed to sufficiently allege any

6    unlawful, fraudulent, or unfair conduct. In addition to the CLRA, Plaintiffs have also alleged claims

7    under California's Unfair Competition Law ("UCL") and False Advertising Law ("FAL").

8    "Because the same standard for fraudulent activity governs all three statutes, courts often analyze

9    the three statutes together." *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1063 (N.D. Cal.

10    2017).

11

12    (a)    The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices . . . by any person in a transaction."  Cal. Civ. Code § 1770(a).

13

14    (b)    The UCL similarly proscribes "any unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  "The UCL creates a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Each 'prong' of the UCL provides a separate and distinct theory of liability." *Hadley*, 273 F. Supp. 3d at 1063.

15

16

17

18    (c)    The FAL prohibits any untrue or misleading advertising.  Cal. Bus. & Prof. Code § 17500.

19

20    "Under the FAL, the CLRA, and the fraudulent prong of the UCL, conduct is considered deceptive

21    or misleading if the conduct is 'likely to deceive' a "reasonable consumer.'"  *Hadley*, 273 F. Supp.

22    3d at 1063 (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)).  These

23    claims, which sound in fraud, must be pled with the particularity required by Rule 9(b).  *LeGrand*

24    *v. Abbott Lab'ys*, 655 F. Supp. 3d 871, 895 (N.D. Cal. 2023) ("Rule 9(b)'s heightened pleading

25    standard applies to UCL, FAL, and CLRA causes of action that are grounded in fraud or sound in

26    fraud." (quotations omitted).

27

28

11

**A. Plaintiffs Fail to Allege Any Actionable Representation.**

In support of their CLRA, UCL, and FAL claims, Plaintiffs point to two categories of alleged misrepresentations: (1) a promise of "competent exam administration services" and (2) promises of specific software features. Neither is actionable.

**1. The "Competent Exam Administration" Representation.**

Plaintiffs rely on what they have defined as the "Exam Administration Representation," alleging:

> 4. In a Term Sheet dated October 4, 2024, Meazure represented to the State Bar that it would reserve enough capacity to administer the February 2025 California Bar Exam to all examinees. Meazure further represented that it would provide competent exam administration services, which included a "fully operational" exam platform that was capable of providing "uninterrupted service levels." Exhibit B.

* * *

> 40. By accepting the $153 laptop fee and providing Class Members with permission to use its exam Platform in exchange for this fee, Defendant represented to examinees that they would have the opportunity to take a competently administered exam (the *Exam Administration Representation*").

(Compl. ¶¶ 4, 40.) The statement regarding a "competent exam administration," however, was made in the term sheet between Meazure and the State Bar, and not to Plaintiffs. (Compl., Ex. B.) Plaintiffs were not parties to that agreement and have not alleged they saw or relied upon the term sheet when deciding to pay the laptop fee. In sum, the implied "Exam Administration Representation" is not actionable under the UCL or FAL because it is not based on any affirmative statement by Meazure to Plaintiffs. *See Shaeffer v. Califia Farms, LLC*, 258 Cal. Rptr. 3d 270, 279 (Cal. Ct. App. 2020) ("[A]n implied representation [under the UCL or FAL] is actionable only if a reasonable consumer is likely to infer that representation from . . . affirmative content.").

12

**2.   The Platform Features Representation.**

Plaintiffs also allege that they relied on Meazure's alleged promise that it would provide features such as spell check and copy-and-paste functionality.  (Compl. ¶¶ 75, 84, 93, 101, 111, 122, 133.)  To state a claim, Plaintiffs must plausibly allege that these specific representations were a "substantial factor" in their decision to pay for and use the computer-based exam.  *In re Tobacco II Cases*, 207 P.3d 20, 39 (Cal. 2009). "A misrepresentation is judged to be material if a reasonable [person] would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question."  *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 892 (Cal. 2011) (quotation omitted).

Plaintiffs cannot meet this threshold.  The Complaint itself acknowledges that taking the exam by hand confers a "significant disadvantage."  (Compl. ¶ 29.)  As alleged, the core, driving motivation for any reasonable applicant to pay the laptop fee is to avoid this disadvantage—to be able to type rather than handwrite the timed exam. It is not plausible that the availability of secondary features like a digital highlighter or a timer was a "substantial factor" in this fundamental decision.   Because the decision to use a computer was reasonably driven by the alleged necessity of typing, Plaintiffs cannot plausibly allege they relied on the availability of these ancillary "promised features." Their conclusory allegations of reliance are insufficient to meet the heightened pleading standards of Rule 9(b).

Moreover, statements regarding the availability of features such as spell check were made by the State Bar on its FAQs webpage.  Plaintiffs have not alleged any affirmative statements made by Meazure to Plaintiffs about these features.  Accordingly, as with the "Exam Administration Representation," the representation about the availability of features such as spell check is not actionable under the UCL or FAL because it is not based on any affirmative statement by Meazure to Plaintiffs.  *See Shaeffer*, 258 Cal. Rptr. 3d at 279.

13

1

**B.  Plaintiffs Fail to Allege Any Actionable Omission to Support a Claim under the UCL or FAL.**

Plaintiffs also allege that Meazure failed to disclose problems with the Meazure Exam Platform or that the Meazure Exam Platform would "crash."  (Compl. ¶¶ 177, 187.)

"Under California law, to be actionable [under the UCL and FAL], the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose."  *In re Natera Prenatal Testing Litig.*, 664 F. Supp. 3d 995, 1008 (N.D. Cal. 2023) (Tigar, J.).  "[A] plaintiff sufficiently pleads a duty to disclose where: (1) the plaintiff alleges the omission was material; (2) the alleged defect was central to the product's function; and (3) the defendant (a) is plaintiff's fiduciary, (b) has 'exclusive knowledge' of material facts, (c) 'actively conceals' a material fact, or (d) makes misleading partial representations."  *Id.* (citing *Hodsdon v. Mars*, 891 F.3d 857, 863 (9th Cir. 2018)).

As discussed above, Plaintiffs point to no statements expressly made by Meazure to them. Thus, with no underlying representation, there can be no actionable omission. Moreover, Plaintiffs have pleaded no facts showing a duty to disclose.  Accordingly, Plaintiffs' CLRA and FAL claims must be dismissed, and Plaintiffs' claim also fails under the "fraudulent" prong of the UCL.

**C.    Plaintiffs Also Fail to State a Claim Under the UCL's Unlawful or Unfair Prongs.**

As stated above, "[t]he UCL creates a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Each 'prong' of the UCL provides a separate and distinct theory of liability." *Hadley*, 273 F. Supp. 3d at 1063.  As already explained, Plaintiffs have failed to sufficiently allege a claim under the "fraudulent" prong.  They also cannot sufficiently allege a claim under the "unlawful" or "unfair" prongs of the UCL.

14

First, a defendant cannot be liable under the UCL for "**unlawful**" business practices without having violated another law. *Ingels v. Westwood One Broad. Servs., Inc*., 129 Cal. App. 4th 1050, 1060 (Cal. Ct. App. 2005) (citation omitted). Plaintiffs expressly allege that Meazure's conduct was "unlawful" based on alleged violations of "California Civil Code §§ 1750 [the CLRA] and California Commercial Code § 2313 [Express Warranty]." (Compl. ¶ 189.) As demonstrated above, however, Plaintiffs' warranty and consumer protection claims fail as a matter of law because the Meazure Exam Platform is neither a "good" nor a "service" under those statutes. Because Plaintiffs have failed to plead a viable underlying violation, their claim under the "unlawful" prong necessarily fails. *See Milman v. FCA U.S., LLC*, No. 18-CV-02151-JST, 2019 WL 3334612, at *8 (N.D. Cal. Apr. 15, 2019) (dismissing UCL unlawful prong claim where all underlying tort and statutory claims failed).

The claim under the "**unfair**" prong also fails. "California courts have come to define 'unfair' business practices under UCL section 72000 as 'conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.'" *Balistreri v. McCormick & Co., Inc.*, No. 5:22-CV-00349-EJD, 2023 WL 5988600, at *11 (N.D. Cal. Sept. 13, 2023) (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (Cal. 1999)). Plaintiffs have failed to allege any conduct by Meazure that threatens competition. The allegations center on a technical failure during a single exam administration, not on anticompetitive practices such as price fixing or exclusionary conduct. As such, the conduct does not fall within the definition of "unfair."

15

1   In sum, because Plaintiffs cannot plead an actionable misrepresentation or omission, and

2   because Meazure's alleged conduct was neither unlawful nor unfair, Plaintiffs' claims under the

3   CLRA, FAL, and UCL (Claims 4, 5, and 8) all fail and must be dismissed.

4

5   **III.    Plaintiffs' Negligent Infliction of Emotional Distress Claim (Claim 6) Fails.**

6   In California, "there is no independent tort of negligent infliction of emotional distress."

7   *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 807 (Cal. 1993).  Rather, "[t]he tort is

8   negligence, a cause of action in which a duty to the plaintiff is an essential element." *Id.*   In

9   negligence cases alleging emotional distress, "unless the defendant has assumed a duty to plaintiff

10  in which the emotional condition of the plaintiff is an object, recovery is available only if the

11  emotional distress arises out of the defendant's breach of some other legal duty and the emotional

12  distress is proximately caused by that breach of duty." *Id.* at 807–08.

13

14  Plaintiffs' negligent infliction of emotional distress ("NIED") claim must be dismissed

15  pursuant to Rule 12(b)(6) because Meazure owed no duty to Plaintiffs, and the emotional distress

16  that Plaintiffs allege does not support a claim for NIED.

17

18  **A.    Meazure Did Not Owe a Legal Duty to Plaintiffs to Protect Their Emotional Well-Being.**

19  In support of their NIED claim, Plaintiffs only allege that Meazure "had a duty to provide

20  a platform free of defects that would allow users to take and complete the exam."  (Compl. ¶ 200.)

21  Duty for negligence purposes may (1) be imposed by law, (2) be assumed by the defendant, or

22  (3) exist by virtue of a special relationship.  *Friedman v. Merck & Co.*, 131 Cal. Rptr. 2d 885, 890

23  (Ct. App. 2003). Plaintiffs, however, have not sufficiently alleged that Meazure owes a duty under

24  any of these circumstances to protect their emotional well-being.

25

26  First, Plaintiffs have not identified any duty **imposed** on Meazure to protect users of its

27  software from the emotional distress of a technical failure.

28

16

Second, Meazure also did not **assume** a duty to protect Plaintiffs' emotional well-being. An assumed duty arises when a defendant's undertaking places the plaintiff's emotional well-being at the center of the service. *See Friedman*, 131 Cal. Rptr. 2d at 898–99. Examples include services such as a therapist who agrees to treat a patient, or a mortuary's duty to the family of the deceased. *Id*. There was no duty assumed by Meazure in these circumstances.

Finally, Meazure was not in a **special relationship** with Plaintiffs. "Typically, in special relationships, the plaintiff is particularly vulnerable and dependent upon the defendant who, correspondingly, has some control over the plaintiff's welfare." *Carlsen v. Koivumaki*, 174 Cal. Rptr. 3d 339, 353 (Ct. App. 2014). A defendant who "is found to have a 'special relationship' with another may owe an affirmative duty to protect the other person from foreseeable harm, or to come to the aid of another in the face of ongoing harm or medical emergency." *Id.* No such relationship exists here. *See Runner v. C.R. Bard*, 108 F. Supp. 3d 261, 272 (E.D. Pa. 2015) (no special relationship between consumer and prescription surgical mesh medical product manufacturer that would create an "implied duty to care for the plaintiff's emotional wellbeing"). Plaintiffs have not alleged any special relationship between a software developer or a test taker that would create a legal duty to care for an examinee's emotional well-being.

### B. Plaintiffs Did Not Suffer a Physical Injury and Are Not Entitled to Emotional Distress Damages.

Although Plaintiffs have alleged emotional distress resulting from their use of the exam platform, Plaintiffs have failed to sufficiently allege any threatened physical injury supporting a claim for NIED. "[W]ith rare exceptions, a breach of the duty must threaten physical injury, not simply damage to property or financial interests." *Potter*, 863 P.2d at 808.

Here, Plaintiffs have not alleged that Meazure threatened physical injury or that their case is an exception. Therefore, Plaintiffs' seventh claim for relief must be dismissed.

17

**IV.    Plaintiffs Cannot State a Claim for Unjust Enrichment Because California Does Not Recognize the Claim (Claim 7).**

"California does not recognize a separate cause of action for unjust enrichment." *Abuelhawa v. Santa Clara Univ.*, 529 F. Supp. 3d 1059, 1070 (N.D. Cal. 2021) (quoting *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 132–33 (N.D. Cal. 2020) (collecting California and federal cases)); *Klein v. Facebook, Inc.*, 580 F. Supp. 3d 743, 829 (N.D. Cal. 2022) ("California law is clear: 'Unjust enrichment is not a cause of action.'" (quoting *De Havilland v. FX Networks, LLC*, 230 Cal. Rptr. 3d 625 (Ct. App. 2018))).  Thus, "courts have consistently dismissed stand-alone claims for unjust enrichment." *Brodsky*, 445 F. Supp. 3d at 132.

Accordingly, Plaintiffs' unjust enrichment claim must also be dismissed.

## CONCLUSION

For the foregoing reasons, ProctorU, Inc. d/b/a Meazure Learning respectfully requests that this Honorable Court dismiss with prejudice Plaintiffs' Consolidated Amended Class Action Complaint in its entirety pursuant to Rules 9(b) and 12(b)(6).


Dated:  October 6, 2025                          Respectfully submitted,

                                                 */s/ Christopher J. Esbrook*

                                                 **ESBROOK P.C.**
                                                 Christopher J. Esbrook (pro hac vice)
                                                 Stephen R. Brown  (pro hac vice)
                                                 Laura Newcomer Cohen (pro hac vice)
                                                 321 N. Clark Street, Suite 1930
                                                 Chicago, IL 60654
                                                 Phone: (312) 319-7680
                                                 christopher.esbrook@esbrook.com
                                                 stephen.brown@esbrook.com
                                                 laura.cohen@esbrook.com

18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**POTOMAC LAW GROUP, PLLC**
Emma Leheny (Cal. Bar. No. 196167)
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
1255 Treat Boulevard, Suite 300
Walnut Creek, CA 94597
Phone: (202) 670-1094
eleheny@potomaclaw.com

*Counsel for ProctorU, Inc. d/b/a Meazure Learning*

19