**Esbrook P.C.**
Christopher J. Esbrook (pro hac vice)
Stephen R. Brown (pro hac vice)
Laura Newcomer Cohen (pro hac vice)
321 N. Clark Street, Suite 1930
Chicago, IL 60654
Phone: (312) 319-7680
christopher.esbrook@esbrook.com
Stephen.brown@esbrook.com
laura.cohen@esbrook.com

[Additional counsel in signature block]

*Counsel for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re ProctorU California Bar Exam Litigation* | Case Number: 4:25-cv-02095-JST<br><br>**THIRD UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Jon S. Tigar<br>Courtroom: 6<br>Date: October 14, 2025<br>Time: 2:00 p.m.<br>Amended Complaint Filed: June 23, 2025 |

The parties to the above-entitled action jointly submit this UPDATED JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.    Jurisdiction & Service**

This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), as this is a class action in which at least some members of the proposed Class are citizens of a different State than Defendant and the claims of the proposed Class Members exceed $5,000,000 in the aggregate.

Meazure was initially served with the complaint in the Perjanik and McDowell actions, and was served with the consolidated amended complaint via ECF on June 23, 2025.

**2.    Facts**

**Plaintiffs' Statement:** Plaintiffs brought this action against ProctorU, Inc. d/b/a Meazure Learning ("Meazure"), seeking relief individually and behalf of all those whose Bar Examinations were disrupted because of Meazure's software malfunction.

For the February 2025 Exam, the State Bar contracted with Meazure for the remote proctoring software that test-takers were required to use to complete the exam on a computer. Applicants who do not wish to handwrite the exam are required to use Meazure's Platform and to pay a fee to Meazure to take the test. Meazure knew well in advance how many thousands of applicants would be taking the Exam, as thousands sign up for the CA Bar Exam each February and each July. Meazure also knew how important the CA Bar Exam is for test takers. It understands that the expenses associated with the test are significant, and that failure to pass the bar will prevent law graduates from working as attorneys within the state of California.

Plaintiffs and Class Members invested significant time and money to prepare for the Exam. They spent hundreds of hours studying, they invested in expensive test-preparation classes, and they paid hefty fees to both the State Bar and to Meazure to take the Exam using its Platform. They also spent time and money traveling to testing locations and taking practice tests to familiarize themselves with the Platform. Despite the tremendous stakes associated with the CA Bar Exam, on February 25 and 26, 2025, Meazure's testing software crashed repeatedly during the Exam. Meazure's testing software crashed because it had insufficient infrastructure and/or lack of servers

and server space to process the foreseeable number of exam takers. Meazure failed to design, maintain, and/or improve the infrastructure of the exam software to sufficiently and adequately service Plaintiffs and Class Members who had no choice but to pay Meazure's fee to take the Exam on a computer.

As a result of Meazure's failure to have a properly functioning software available for applicants, Plaintiffs and the Class did not receive what they paid for – working test software that would let them complete one of the most important tests of their careers. Plaintiffs sat for the CA Bar Exam and suffered injury from these technical failures. Plaintiffs seek monetary redress and injunctive relief for themselves and the proposed Class who were injured when the February 2025 CA Bar Exam fell apart due to Meazure's failures.

**Defendant's Statement:** Meazure Learning contracted with the State Bar to administer the February 2025 California bar exam. Meazure Learning did not contract with any of the Plaintiffs, and none of the Plaintiffs paid any money to Meazure Learning. Further, Meazure Learning denies that it made any actionable misrepresentation to any Plaintiff, and Meazure Learning denies that it caused any Plaintiff any injury. Meazure Learning does not adopt or agree to Plaintiffs' recitation of the facts.

**3.     Legal Issues**

The legal issues include (1) whether Plaintiffs have adequately pled each of their claims; (2) whether the proposed action can be maintained as a class action; (3) whether Defendant Meazure is liable under any of the claims alleged in Plaintiffs' complaint; and (4) whether Plaintiffs are entitled to any damages, restitution, equitable, and/or injunctive relief as alleged in Plaintiffs' complaint.

**4.     Motions**

On October 6, 2025, Defendant filed its Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint [ECF No. 56]. Plaintiffs' response to the motion is currently due on October 20, 2025, and Defendant's reply in support of the motion is currently due

October 27, 2025. The hearing on the motion is currently scheduled for December 11, 2025 at 2:00 p.m. The parties are conferring on a briefing schedule for the Motion.

**Plaintiffs' Statement:** Plaintiffs' Motion to Consolidate Cases and Appoint Interim Lead Counsel was granted by the Court. Plaintiffs anticipate filing a motion for class certification, and possibly, a motion for summary judgment. It may also be necessary to file discovery motions and other pre-trial motions.

**Defendant's Statement:** Defendant anticipates filing a motion for summary judgment. Defendant will file discovery motions and other pre-trial motions as necessary.

5. **Amendment of Pleadings**

**Plaintiffs' Statement:** Plaintiffs filed their consolidated amended complaint on June 23, 2025.

**Defendant's Statement:** On October 6, 2025, Defendant filed its Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint [ECF No. 56].

6. **Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have confirmed they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evidenced in this action.

7. **Disclosures**

The parties served initial disclosures on June 10, 2025.

8. **Discovery**

On September 3, 2025, Plaintiffs served their First Set of Requests for Production and First Set of Interrogatories on Defendant. On September 19, 2025, Defendant served its First Discovery Requests to Plaintiffs. The parties have not identified any discovery disputes to date.

On September 23, 2025, the Court entered the parties' Stipulated Protective Order (ECF 53). The parties' responses to the written discovery requests are currently due on October 20, 2025.

Plaintiffs seek discovery including the following subjects: (i) Meazure's exam testing platform and why it failed to perform during the February 2025 California Bar Examination; (ii) the amount of fees Meazure received for providing exam testing services, including the fees received by Meazure from Plaintiffs and putative Class Members; (iii) Meazure's policies and procedures for administering and proctoring exams, including training of employees; (iv) Meazure's agreements with the California State Bar regarding the February 2025 Bar Exam; (v) any audits, reviews, or investigations of Meazure or its agents for its test-taking platform; (vi) the total number of persons in the proposed class and the location of those persons; and (vii) other damages incurred by the Class Members.

Defendant seeks discovery including the following subjects: (i) the nature and extent of the technical issues allegedly experienced by Plaintiffs; (ii) Plaintiffs' compliance with system checks or hardware requirements prior to the Exam, (iii) Plaintiffs' claimed damages, including alleged costs incurred by Plaintiffs; (iv) Plaintiffs' efforts to mitigate any alleged damages; (v) Plaintiffs' communications with the State Bar regarding the Exam; (vi) Plaintiffs' satisfaction of prerequisites to class certification.

**9.   Class Actions**

Plaintiffs seek certification of a nationwide class of individuals who took the February 2025 California Bar Exam and suffered exam disruptions due to the failure of Meazure's testing platform. Plaintiffs reserve the right to alter or amend the class definition prior to class certification. The parties have reviewed the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements.

**10.   Related Cases**

*Trisha A.M. v. ProctorU, Inc.*, No. 4:25-cv-02197-JST (N.D. Cal.); and *McDowell v. ProctorU, Inc.*, No. 25-cv-4259-JST (N.D. Cal.).

**11.  Relief**

**Plaintiffs' statement:** Plaintiffs seek actual damages in the amount to be decided at trial, including total fees paid by Plaintiffs and the Class Members to take the February 2025 Bar Exam, damages for consequential losses including lost job opportunities, costs of preparing for and taking the exam, costs of preparing for and retaking the exam, damages for emotional distress suffered for the exam disruptions, statutory damages, pre- and post-judgment interest punitive damages, and attorney's fees and costs.

**Defendant's statement:** Defendant denies that Plaintiffs or any putative Class Members are entitled to the relief sought in their Complaint. Defendant seeks judgment in its favor on Plaintiffs' claims.

**12.  Settlement and ADR**

The parties have been working to schedule a private mediation and intend to move jointly for a stay pending mediation. The parties request that the parties discuss the potential for mediation and a stay at the CMC, as indicated in the parties' ADR statements.

**13.  Other References**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. The parties do not consent to a Magistrate Judge for all purposes.

**14.  Narrowing of Issues**

This case is still in its initial stages and, as such, there are no issues that can be narrowed by agreement or motion at the present time. The parties will continue to meet and confer regarding issues that might be narrowed.

**15.  Scheduling**

**Plaintiffs' Proposed Schedule**

Plaintiffs propose the following schedule:

| Event | Plaintiff's Proposed Deadline |
|---|---|
| Add parties or amend pleadings | 30 days before class certification |
| Fact discovery cut-off | August 10, 2026 |
| Exchange of initial expert designations | September 10, 2026 |
| Exchange of rebuttal expert designations | October 9, 2026 |
| Expert discovery cut-off | November 10, 2026 |
| Class certification motion and dispositive motions | January 18, 2027 |
| Pretrial conference | The parties agree to meet and confer and submit proposals for the remainder of the case within 30 days after the Court's decision on dispositive motions. |
| Trial | The parties agree to meet and confer and submit proposals for the remainder of the case within 30 days after the Court's decision on any dispositive or class certification motions |

Plaintiffs' position is that unitary, not bifurcated, discovery is appropriate. The issues related to Plaintiffs' individual claims and the class certification issues, on the one hand, and class merits discovery, on the other, substantially overlap. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) ("Frequently [the class certification] 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."). For example, if, as Plaintiffs allege, Meazure breached its warranties as to its Platform, they breached them as to all class members. Similarly, whether and the extent to which Meazure's Platform malfunctioned is a common question of fact as to all class members. And Meazure's defenses, including its position that Plaintiffs did not pay Meazure directly, are also common to the class.

Attempting to untangle which discrete categories of discovery can be deferred until some later portion of the case because they are relevant only to class merits and not to individual merits or a rigorous analysis of the Rule 23 factors is likely to generate more discovery disputes, not fewer, and prolong the case schedule, not shorten it. *See True Health Chiropractic Inc. v.*

*McKesson Corp.*, 2015 WL 273188, at *2-3 (N.D. Cal. Jan. 20, 2015) (discussing the delays associated with bifurcating discovery and preventing class merits discovery while individual issues are litigated). If Meazure contends that particular discovery requests are unduly burdensome or disproportionate to the needs of the case, the Federal and Local Rules provide mechanisms for resolving those disputes; there is no need for an artificial and unwieldy bifurcation of discovery further complicating what is otherwise a relatively straightforward class action.

**Defendant's Proposed Schedule**

| Event | Defendant's Proposed Deadline |
| --- | --- |
| Defendant's response to Consolidated Amended Complaint (filed June 23, 2025) | October 6, 2025 |
| Class certification discovery cutoff | 4 months from filing of an answer by Defendant |
| Class certification motion | 30 days following close of class certification discovery |
| Fact discovery cutoff | 6 months from order on class certification |
| Add parties or amend pleadings | 3 months from fact discovery cutoff |
| Exchange of initial expert designations | 45 days from close of fact discovery |
| Exchange of rebuttal expert designations | 45 days from exchange of initial expert designations |
| Expert discovery cut-off | 45 days from exchange of rebuttal expert designations |
| Pretrial conference | The parties agree to meet and confer and submit proposals for the remainder of the case within 30 days after the Court's decision on dispositive motions. |
| Trial | The parties agree to meet and confer and submit proposals for the remainder of the case within 30 days after the Court's decision on any dispositive or class certification motions |

Federal Rule 23 states: "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A); *see also* Manual for Complex Litigation § 21.14, p. 256 (4th ed. 2004, 3d printing 2020) ("Courts often bifurcate discovery between certification issues and those related to the merits of the allegations. . . . [I]n cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden."). Plaintiffs propose that the parties file class certification and dispositive motions at the same time; Meazure proposes that the parties proceed with discovery on class-related issues first. Plaintiffs' assertion that there necessarily will be disputes regarding the scope of class-related discovery is speculative—the pleadings are not set (Plaintiffs will be filing an amended pleading on June 23) and the parties have not discussed the scope of class-related versus merits-related discovery. Although Meazure believes that bifurcated (or phased) discovery is appropriate, this issue can be revisited after the pleadings are set, which will give the parties and the Court a concrete understanding of the claims and issues to be litigated here.

**16.   Trial**

Plaintiffs have requested a jury trial. The Parties believe it is premature to discuss any length or schedule for trial at this stage.

**17.   Disclosure of Non-party Interested Entities or Persons**

The parties have filed their "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

**18.   Professional Conduct**

All attorneys of record for the respective Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    Other**

The Parties are not presently aware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

**20.    Class Action**

Pursuant to L.R. 16-9(b), Plaintiffs further state that they seek to bring this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4), on behalf of a proposed class comprised of all persons who used the Meazure Exam Platform to take the February 2025 California Bar Examination. Plaintiffs may modify the class definition as appropriate prior to filing a motion for class certification.

Dated: October 8, 2025

/s/ Katherine M. Aizpuru
Annick M. Persinger (CA Bar No. 272996)
Lavanya Prabhakar (CA Bar No. 358175)
**TYCKO & ZAVAREEI LLP**
1970 Broadway – Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Fax: (202) 973-0950
apersinger@tzlegal.com
lprabhakar@tzlegal.com

Katherine M. Aizpuru*
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 973-0900
Fax: (202) 973-0950
kaizpuru@tzlegal.com

Joseph G. Sauder
Joseph B. Kenney*
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
Fax: (610) 421-1326
jgs@sstriallawyers.com
jbk@sstriallawyers.com

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

**pro hac vice application to be filed*

Dated: October 8, 2025                              /s/ Laura Newcomer Cohen

**Esbrook P.C.**
Christopher J. Esbrook (pro hac vice)
Stephen R. Brown (pro hac vice)
Laura Newcomer Cohen (pro hac vice)
321 N. Clark Street, Suite 1930
Chicago, IL 60654
Phone: (312) 319-7680
christopher.esbrook@esbrook.com
Stephen.brown@esbrook.com
laura.cohen@esbrook.com

**Potomac Law Group, PLLC**
Emma Leheny (Cal. Bar. No. 196167)
1717 Pennsylvania Avenue, NW, Suite 1025
Washington, D.C. 20006
1255 Treat Boulevard, Suite 300
Walnut Creek, CA 94597
Phone: (202) 670-1094
Fax: (202) 318-7707
eleheny@potomaclaw.com

*Counsel for Defendant ProctorU, Inc. d/b/a Meazure learning*

---

11

JOINT CASE MANAGEMENT STATEMENT
Case No. 4:25-CV-2095