Annick M. Persinger (CA Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Fax: (202) 973-0950
*apersinger@tzlegal.com*

Joseph G. Sauder (pro hac vice)
Joseph B. Kenney (pro hac vice)
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
Fax: (610) 421-1326
*jgs@sstriallawyers.com*
*jbk@sstriallawyers.com*

[Additional counsel in signature block]

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re ProctorU California Bar Exam Litigation* | Case No. 4:25-cv-02095-JST<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Jon S. Tigar<br>Date: January 7, 2027<br>Time: 2:00 p.m.<br>Courtroom: 6 |

**PLEASE TAKE NOTICE** that, on January 7, 2027 at 2:00 p.m., or at another time agreeable to the Court, Plaintiffs Laura Perjanik, Samuel McClain, Victoria Tulsidas, Katrina McDowell, Jenny Ayoub, Tamir Sukkary, and Edina Cole, on behalf of themselves and all others similarly situated, will and hereby do respectfully move for an order to preliminarily approve the Class Action Settlement reached in this case.

Plaintiffs respectfully request that the Court:

1) Preliminarily approve the proposed Settlement;
2) Provisionally certify the Settlement Class for settlement purposes only;
3) Appoint Plaintiffs Laura Perjanik, Samuel McClain, Victoria Tulsidas, Katrina McDowell, Jenny Ayoub, Tamir Sukkary, and Edina Cole as Class Representatives for settlement purposes only;
4) Appoint Katherine Aizpuru and Annick Persinger of Tycko & Zavareei LLP, and Joseph Sauder and Joseph Kenney of Sauder Schelkopf LLC as Class Counsel for settlement purposes only;
5) Appoint Angeion Group as the Settlement Administrator;
6) Order Defendant to provide the Notice List to the Settlement Administrator;[1]
7) Approve the form, manner, and content of the proposed notice and order the Settlement Administrator to distribute notice to the Settlement Class pursuant to the proposed Notice Plan described in the Settlement;
8) Approve the California Lawyers Foundation as the *Cy Pres* Recipient;
9) Set deadlines for filing claims, objections, and exclusions to the Settlement;

---

[1] In the Class Action Settlement, the parties defined the Notice List as "a list prepared by Defendant via an export from the Meazure Exam Platform that includes, for each person who started the February 2025 California Bar Exam, the person's first and last name and email address." Meazure has informed Settlement Class Counsel that, under the Master Services Agreement made as of November 7, 2024 between Meazure and the State Bar of California (the "MSA"), the Notice List information is confidential and there are restrictions on Meazure's disclosure of the Notice List information. Accordingly, Plaintiffs respectfully request that any Order the Court may enter preliminarily approving the Settlement specifically order Defendant to provide the Notice List to the Settlement Administrator. Meazure will provide a copy of this filing to the State Bar of California.

10) Schedule a Final Approval Hearing; and

11) Stay all proceedings until the Court renders a final decision on approval of the Settlement.

This motion is unopposed by Defendant ProctorU, Inc. d/b/a Meazure Learning.

Dated: September 18, 2026

Respectfully Submitted,

*/s/ Annick M. Persinger*

Annick M. Persinger (CA Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Fax: (202) 973-0950
*apersinger@tzlegal.com*

Katherine M. Aizpuru (CA Bar No. 367828)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Ave NW, Suite 1010
Washington, DC 20006
Telephone: (202) 973-0900
Fax: (202) 973-0950
*kaizpuru@tzlegal.com*

Joseph G. Sauder (pro hac vice)
Joseph B. Kenney (pro hac vice)
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
Fax: (610) 421-1326
*jgs@sstriallawyers.com*
*jbk@sstriallawyers.com*

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

Annick M. Persinger (CA Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Fax: (202) 973-0950
*apersinger@tzlegal.com*

Joseph G. Sauder (pro hac vice)
Joseph B. Kenney (pro hac vice)
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
Fax: (610) 421-1326
*jgs@sstriallawyers.com*
*jbk@sstriallawyers.com*

[Additional counsel in signature block]

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

*In re ProctorU California Bar Exam Litigation*

Case No. 4:25-cv-02095-JST

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Judge: Hon. Jon S. Tigar
Date: January 7, 2027
Time: 2:00 p.m.
Courtroom: 6

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1
II. PROCEDURAL BACKGROUND ..... 3
III. SETTLEMENT TERMS ..... 4
  A. The Proposed Settlement Class (Settlement Guidance ¶ 1.1) ..... 4
  B. The Released Claims (Settlement Guidance ¶ 1.2) ..... 5
  C. The Benefits to the Settlement Class and Proposed Allocation Plan (Settlement Guidance ¶¶ 1.3, 1.5) ..... 6
  D. Other Cases (Settlement Guidance ¶ 1.4) ..... 8
  E. The Anticipated Claims Rate (Settlement Guidance ¶ 1.6) ..... 8
  F. Reversions (Settlement Guidance ¶ 1.7) ..... 9
  G. Settlement Administration (Settlement Guidance ¶ 2) ..... 9
  H. The Notice Plan (Settlement Guidance ¶ 3) ..... 9
  I. Opt-Outs and Objections (Settlement Guidance ¶¶ 4, 5) ..... 10
  J. Attorneys' Fees, Costs, and Service Awards (Settlement Guidance ¶¶ 6, 7) ..... 11
  K. *Cy Pres* (Settlement Guidance ¶ 8) ..... 11
  L. Timeline and Proposed Schedule (Settlement Guidance ¶ 9) ..... 12
  M. Class Action Fairness Act (Settlement Guidance ¶ 10) ..... 12
  N. Comparable Outcomes (Settlement Guidance ¶ 11) ..... 12
IV. LEGAL STANDARD ..... 13
V. ARGUMENT ..... 13
  A. The Settlement Satisfies the Standard for Preliminary Approval ..... 14
    1. Rule 23(e)(2)(A): Plaintiffs and Class Counsel have adequately represented the proposed Settlement Class ..... 14
    2. Rule 23(e)(2)(B): The Settlement was negotiated at arm's length ..... 14
    3. Rule 23(e)(2)(C): The relief for the Settlement Class is substantial ..... 15
      i. Rule 23(e)(2)(C)(i): The costs, risks, and delay of trial and appeal ..... 15

ii. Rule 23(e)(2)(C)(ii): The proposed method of distributing relief and of processing Claims is and will be effective ..... 16

iii. Rule 23(e)(2)(C)(iii): The terms and timing of the proposed Fee Award are fair and reasonable ..... 16

iv. Rule 23(e)(2)(C)(iv): There are no supplemental agreements ..... 17

4. Rule 23(e)(2)(D): Settlement Class Members are treated equitably ..... 17

5. Additional Ninth Circuit factors favor approval or are neutral ..... 18

i. The amount offered in Settlement ..... 18

ii. The experience and views of Settlement Class Counsel ..... 19

iii. Government participation and settlement class reaction ..... 19

B. The Court Should Certify the Settlement Class for Settlement Purposes ..... 19

C. The Notice Plan Satisfies Due Process ..... 20

VI. CONCLUSION ..... 21

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Acosta v. Evergreen Moneysource Mortg. Co.*, 2019 WL 6051117 (E.D. Cal. Nov. 15, 2019) .......... 19

*Allagas v. BP Solar Int'l, Inc.*, 2016 WL 9114162 (N.D. Cal. Dec. 22, 2016) .......... 17

*Barr v. SelectBlinds LLC*, 2024 WL 5162609 (C.D. Cal. Mar. 4, 2024) .......... 8

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245 (N.D. Cal. 2015) .......... 17

*Briseno v. Henderson*, 998 F.3d 1014 (9th Cir. 2021) .......... 15

*Cabrera v. Google LLC*, 2025 WL 2494429 (N.D. Cal. Aug. 29, 2025) .......... 17

*Campbell v. Facebook, Inc.*, 951 F.3d 1106 (9th Cir. 2020) .......... 13

*Celano v. Marriott Int'l Inc.*, 242 F.R.D. 544 (N.D. Cal. 2007) .......... 20

*Churchill Vill., L.L.C. v. General Electric*, 361 F.3d 566 (9th Cir. 2004) .......... 13

*Dennis v. Kellogg Co.*, 2013 WL 6055326 (S.D. Cal. Nov. 14, 2013) .......... 16

*Greko v. Diesel U.S.A., Inc.*, 2013 WL 1789602 (N.D. Cal. Apr. 26, 2013) .......... 19

*Hanon v. Dataprods. Corp.*, 976 F.2d 497 (9th Cir. 1992) .......... 20

*In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617 (N.D. Cal. 2021) .......... 18

*In re Google Referrer Header Priv. Litig.*, 2014 WL 1266091 (N.D. Cal. Mar. 26, 2014) .......... 20, 21

*In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539 (9th Cir. 2019) .......... 14

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) .......... 13

*In re Mercury Interactive Corp. Sec. Litig.*,
618 F.3d 988 (9th Cir. 2010) .......... 17

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015) .......... 8, 20

*In re Toys R Us-Del., Inc.—Fair and Accurate Credit Transactions Act (FACTA) Litig.*,
295 F.R.D. 438 (C.D. Cal. 2014) .......... 8

*Knutson v. Schwan's Home Serv., Inc.*,
2014 WL 3519064 (S.D. Cal. July 14, 2014) .......... 21

*Lane v. Facebook, Inc.*,
696 F.3d 811 (9th Cir. 2012) .......... 21

*Linney v. Cellular Alaska P'ship*,
151 F.3d 1234 (9th Cir. 1998) .......... 19

*Louie v. Kaiser Found. Health Plan, Inc.*,
2008 WL 4473183 (S.D. Cal. Oct. 6, 2008) .......... 15

*Messineo v. Ocwen Loan Servicing*,
Inc., 2017 WL 733219 (N.D. Cal. Feb. 24, 2017) .......... 8

*Moreno v. Cap. Bldg. Maint. & Cleaning Servs., Inc.*,
2021 WL 1788447 (N.D. Cal. May 5, 2021) .......... 14

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
221 F.R.D. 523 (C.D. Cal. 2004) .......... 15, 16, 19

*Norton v. LVNV Funding, LLC*,
2021 WL 3129568 (N.D. Cal. July 23, 2021) .......... 14

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*,
688 F.2d 615 (9th Cir. 1982) .......... 18

*Paz v. AG Adriano Goldschmeid, Inc.*,
2016 WL 4427439 (S.D. Cal. Feb. 29, 2016) .......... 16

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) .......... 20

*West v. ExamSoft Worldwide, Inc.*,
No. 1:14-cv-22950-UU (S.D. Fla. Oct. 9, 2015) .......... 2, 8, 13

*Wolin v. Jaguar Land Rover N. Am., LLC*,
617 F.3d 1168 (9th Cir. 2010) ..... 20

*Wong v. Arlo Techs., Inc.*,
2021 WL 1531171 (N.D. Cal. Apr. 19, 2021) ..... 18

*Youth Just. Coals. v. City of L.A.*,
2020 WL 9312377 (C.D. Cal. Nov. 17, 2020) ..... 20

**STATUTES**

28 U.S.C. §§ 1712-14 ..... 12

**RULES**

Fed. R. Civ. P. 23(a) ..... 20

Fed. R. Civ. P. 23(a)(3) ..... 20

Fed. R. Civ. P. 23(a)(4) ..... 20

Fed. R. Civ. P. 23(b)(3) ..... 20

Fed. R. Civ. P. 23(e) ..... 13, 20

Fed. R. Civ. P. 23(e)(1) ..... 20

Fed. R. Civ. P. 23(e)(1)(B)(ii) ..... 19

Fed. R. Civ. P. 23(e)(2) ..... 12, 13

Fed. R. Civ. P. 23(e)(2)(A) ..... 14

Fed. R. Civ. P. 23(e)(2)(B) ..... 14

Fed. R. Civ. P. 23(e)(2)(C) ..... 15

Fed. R. Civ. P. 23(e)(2)(C)(i) ..... 15

Fed. R. Civ. P. 23(e)(2)(C)(ii) ..... 16

Fed. R. Civ. P. 23(e)(2)(C)(iii) ..... 16

Fed. R. Civ. P. 23(e)(2)(C)(iv) ..... 17

Fed. R. Civ. P. 23(e)(2)(D) ..... 17

## I. INTRODUCTION

Plaintiffs and the putative class members are test takers who used a platform created by Defendant ProctorU, Inc. d/b/a Meazure Learning ("Defendant" or "Meazure") to take the February 2025 California Bar Examination. They paid a $153 laptop fee to use Meazure's platform for the exam. They brought this action on behalf of themselves and approximately 4,100 test takers because they allege that Meazure's Exam Platform failed to perform as promised and expected.

Now, Plaintiffs move for preliminary approval of a $1.35 million non-reversionary Settlement Fund[1] to resolve claims against Meazure. The Settlement Fund will be distributed *pro rata* to all Settlement Class Members who submit a valid Claim and is sufficiently sized such that all Settlement Class Members who submit a valid Claim will almost certainly receive *at least* a full (100%) refund of the $153 laptop fee that each paid to take the February 2025 California Bar Exam using Meazure's Platform. In addition to payment of an amount equivalent to the full laptop fees to each Settlement Class Member who submits a valid Claim, the remainder of the Settlement Fund that is not budgeted for claims administration, or awarded in attorney's fees, costs, or Service Awards will also be distributed to Settlement Class Members such that they are likely to receive *more* than the full amount of the laptop fee that each paid to Meazure in connection with the 2025 Exam. Given that each Settlement Class Member who submits a valid Claim will receive at least the amount they paid for the laptop fee, Plaintiffs assert that the settlement is fair, reasonable, and adequate warranting preliminary approval.

Confirming that the Settlement is fair and adequate and provides meaningful value to the Settlement Class, the Settlement compares favorably to a finally approved settlement in a similar case, *West v. ExamSoft Worldwide, Inc.*, which involved technical failures associated with the administration of a bar exam, and which provided a partial refund of a similar fee to any test taker

---

[1] Unless otherwise indicated, capitalized terms are defined in the Settlement Agreement ("Settlement" or "Agreement"), attached as Exhibit A to the Declaration of Annick M. Persinger ("Persinger Decl.").

who made a valid claim. *See* Final Judgment Approving Settlement, *West v. ExamSoft Worldwide, Inc.*, No. 1:14-cv-22950-UU (S.D. Fla. Oct. 9, 2015), Dkt. 62 (approving agreement that Settlement Agreement compensated test-takers who submitted valid claims with a refund of up to $90, based on the fees of $100-150 that each paid to use the defendant's software to take the bar exam). Indeed, the instant Settlement represents even better value to the Settlement Class than the agreement in *West* because *West* provided only 60-90% of a refund of a similar fee, while the instant Settlement provides at least a *full* refund. Additionally, *West* was a claims-made agreement with a cap, while the instant Settlement is a non-reversionary common fund and will provide additional value to claimants, and then to a *Cy Pres* Recipient, the California Lawyers Foundation, whose work supporting the next generation of legal professionals is related to the subject matter of this lawsuit.

The Settlement also warrants preliminary approval because it was negotiated at arm's length and its value is substantial when weighed against the risk and delay of further litigation. The parties engaged in discovery while the motion to dismiss was pending, including serving and responding to written discovery requests and producing documents. As for risk, Meazure's motion to dismiss Plaintiffs' Consolidated Amended Class Action Complaint with prejudice is fully briefed. *See* ECF Nos. 56, 61, 62. These efforts allowed Plaintiffs to assess the strength of their claims and their litigation risk prior to mediation and to begin negotiations in advance of the mediation.

On July 14, 2026, the Parties engaged in an all-day in-person mediation with the Honorable Andrew J. Guilford (Ret.). The case did not settle during mediation, and the Parties continued their negotiations for several weeks until a term sheet was negotiated and executed on August 12, 2026. In reaching the Settlement, Settlement Class Counsel made an informed decision about the value of Plaintiffs' case informed by data from Defendant regarding the number of Settlement Class Members, the amount of the fees paid by the Settlement Class, and other information that allowed Settlement Class Counsel to weigh the potential relief that could be realized at trial and the risks to achieving that relief, relative to the benefits of the Settlement.

For the reasons set forth below, the Settlement satisfies the standard for preliminary approval, and thus Plaintiffs respectfully request that the Court grant this Motion, preliminarily approve the Settlement; provisionally certify the Settlement Class for settlement purposes only; appoint Plaintiffs as class representatives for settlement purposes only; appoint Katherine Aizpuru and Annick Persinger of Tycko & Zavareei LLP, and Joseph Sauder and Joseph Kenney of Sauder Schelkopf LLC as Class Counsel for settlement purposes only; appoint Angeion Group as Settlement Administrator; order Meazure to provide the Notice List to the Settlement Administrator;[2] approve the form, manner, and content of the proposed notice and order the Settlement Administrator to distribute notice to the Settlement Class pursuant to the proposed Notice Plan described in the Settlement; approve the California Lawyers Foundation as the *Cy Pres* Recipient; set deadlines; schedule a Final Approval Hearing; and stay all proceedings until the Court renders a final decision on approval of the Settlement.

## II. PROCEDURAL BACKGROUND

This putative class action was filed on February 27, 2025. ECF No. 1. On March 20, 2025, a motion to consolidate this case with *Trisha A.M. v. ProctorU, Inc.*, No. 4:25-cv-02197, and to appoint interim lead counsel was filed (the "Motion"). ECF No. 16. On March 17, 2025, another related case captioned *McDowell v. ProctorU, Inc.*, No. 4:25-cv-04259 was filed in the Central District of California. On May 15, 2025, Judge Wu transferred *McDowell* to the Northern District of California, and the Court granted the administrative motion to relate it to the two pending cases.

[2] In the Class Action Settlement, the parties defined the Notice List as "a list prepared by Defendant via an export from the Meazure Exam Platform that includes, for each person who started the February 2025 California Bar Exam, the person's first and last name and email address." Meazure has informed Settlement Class Counsel that, under the Master Services Agreement made as of November 7, 2024 between Meazure and the State Bar of California (the "MSA"), the Notice List information is confidential and there are restrictions on Meazure's disclosure of the Notice List information. Accordingly, Plaintiffs respectfully request that any Order the Court may enter preliminarily approving the Settlement specifically order Defendant to provide the Notice List to the Settlement Administrator. Meazure will provide a copy of this filing to the State Bar of California.

ECF Nos. 39, 42. Defendant filed its opposition to the Motion on April 24, 2025, and Plaintiffs filed their reply on May 1, 2025. ECF Nos. 31, 33. On May 28, 2025, Plaintiff's counsel in the *McDowell* case filed a statement of non-opposition to the Motion. ECF No. 41. On June 3, 2025, the Court granted the Motion. ECF No. 43.

On June 23, 2025, a Consolidated Amended Class Action Complaint ("Complaint") was filed. ECF No. 46. On October 6, 2025, Meazure moved to dismiss the Complaint. ECF No. 56. Plaintiffs filed their opposition on November 10, 2025, and Meazure filed its reply on December 8, 2025. ECF Nos. 61, 62.

While the motion to dismiss was pending, the parties discussed the potential for mediation. On April 1, 2026, the parties informed the Court that they agreed to mediate before Hon. Andrew Guilford (Ret.) and asked the Court to stay the case pending the outcome of mediation. ECF No. 68. The Court entered the stay on April 1, 2026. ECF No. 69. In advance of the mediation, the parties served written discovery, which both sides answered prior to the mediation.

## III. SETTLEMENT TERMS

The Settlement Agreement contains the following provisions, addressed in the order set forth by the Northern District of California Procedural Guidance for Class Action Settlements ("Settlement Guidance").

### A. The Proposed Settlement Class (Settlement Guidance ¶ 1.1)

The Settlement Agreement contemplates the certification of the following Settlement Class for settlement purposes only: all individuals who used the Meazure Exam Platform to take the February 2025 California Bar Examination. Settlement Agreement, § 4.1.[3] The proposed Settlement Class definition matches the proposed class in the operative complaint. *See* Settlement

---

[3] Excluded from the Settlement Class are: (a) all Judges who have presided over the Actions and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; and (d) any Settlement Class Member who files a timely and proper request for exclusion from the Settlement Class. *Id.* § 4.3.

Guidance ¶ 1.1.

**B. The Released Claims (Settlement Guidance ¶ 1.2)**

The Settlement includes the following Release:

> 21.4 The Releasing Parties release and forever discharge Defendant, Defendant's vendors, partners, assigns, representatives, current and former parent companies, subsidiaries, affiliated individuals and entities, divisions, legal successors, predecessors (including companies they have acquired, purchased, or absorbed), licensees, shareholders, insurers, assigns, joint venturers, and any related companies, and each and all of their respective officers, partners, beneficiaries, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, equity holders, investors, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, investors, funds, indemnitees, insurers, and reinsurers, past, present, and future, direct or indirect, and all persons acting under, by, through, or in concert with any of them (for purposes of this Agreement, the "Released Parties"), from any and all actions, causes of action, claims, class allegations and actions, or demands that have been or could have been asserted in any form by any member of the Settlement Class against the Released Parties, including, but not limited to, any and all injuries, losses, damages, costs, expenses, compensation, claims, suits, rights, rights of set-off and recoupment, demands, actions, obligations, and causes of action, and liabilities of any and every kind, nature, type, description, or character, whether known and unknown, contingent or vested, in law or in equity, based on direct or vicarious liability, and regardless of legal theory, including any and all statutory or regulatory violations, negligence, negligence per se, breach of contract (express or implied), breach of fiduciary duty, breach of confidence, misrepresentation (whether fraudulent, negligent, or innocent), unjust enrichment, bailment, wantonness, and/or failure to provide adequate notice pursuant to any statute or common law duty, common law claims or causes of action, violations of public policy, and any federal, state, or local statutory or regulatory claims, including but not limited to, the consumer protection laws and unfair and deceptive trade practice laws or other common laws or statutes of all fifty (50) states and U.S. territories and the United States, and further including, but not limited to, any and all claims for damages (including, but not limited to, any compensatory damages, special damages, consequential damages, punitive damages, statutory damages, statutory penalties, or fines), injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees, costs, expenses, and prejudgment interest, and any other form of relief that any Class Member has, has asserted, could have asserted, or could assert against any of the Released Persons proximately caused by or attributable to, directly or indirectly, whether or not currently known, arising out of, based upon, concerning, arising out of, or related in any way to the claims set forth in the Consolidated Amended Class Action Complaint ("Released Claims"). Notwithstanding anything herein to the contrary, the State Bar of California and its officers, employees, agents, and affiliated governmental entities are not Released Persons, and no claims against any such person or entity are released by this

Agreement.

Settlement Agreement, § 21.4.

Class Counsel believes that the Release is appropriately tailored, in that it is limited to claims arising from the factual predicate to the claims asserted in the Consolidated Amended Class Action Complaint and is therefore appropriate consideration in exchange for the relief provided by the Settlement. Persinger Decl. ¶ 22. The proposed release could include claims not included in the operative complaint that Settlement Class Counsel in their strategic judgment chose not to plead, but because the Release is appropriately tailored to the factual predicate underpinning the claims that were pleaded, it represents appropriate consideration. Settlement Guidance ¶ 1.2.

### C. The Benefits to the Settlement Class and Proposed Allocation Plan (Settlement Guidance ¶¶ 1.3, 1.5)

The Settlement creates a non-reversionary common fund that will be distributed pro rata to Settlement Class Members who submit a valid Claim, after payment of court-approved Attorneys' Fees, Costs, and Service Awards, and costs of administration. Settlement Agreement, §§ 7.1, 8.9. In addition to the monetary benefits, Meazure has agreed that for any future California Bar Examinations facilitated by Meazure, Meazure shall conduct an audit of quality assurance and quality control before the exam and produce a written report confirming the adequacy of the software. Settlement Agreement, § 5.3.

The Settlement Fund of $1.35 million is a fair, reasonable, and adequate recovery for the Settlement Class as it represents the recovery of 100% of the of the laptop fee that the Settlement Class paid. To receive a payment from the Settlement Fund, Settlement Class Members need only submit a Claim. Cash payments will be made after all Settlement expenses, including Administrative Costs, Attorney's Fees and Expenses, and Service Awards, are deducted. *Id.* § 3.18. The Settlement Payments will be reduced *pro rata* as needed; and if the number of valid Claims submitted do not consume the Net Settlement Fund, which is highly likely because the Settlement Class is only approximately 4,100 people, then Settlement Class Members who submitted valid Claims will receive more than $153. *Id.* § 8.9. *See also* Settlement Guidance ¶ 1.5. Importantly,

an award of $153 does not depend on a low claims rate to achieve, because the amount of the Settlement Fund sufficiently exceeds the total amount paid by all 4,100 Settlement Class Members in laptop fees.

While the operative complaint seeks remedies beyond complete refunds of the laptop fee and the prospective relief contemplated, including consequential damages for test takers that failed, that additional recovery would have been subject to significant litigation risk. *See* Settlement Guidance ¶ 1.3 (requiring discussion on a "claim by claim" basis). Specifically, for their claims for breach of express warranty, breach of implied warranty, and violation of the Song-Beverly Consumer Warranty Act, Plaintiffs sought, in addition to the laptop fee, consequential damages, such as lost wages, time spent studying, travel expenses, and test preparation expenses. Meazure would have raised an array of arguments in opposition to these categories of damages, and Plaintiffs would have faced significant hurdles at class certification and summary judgment to show that they and the proposed class members were entitled to reimbursement of these expenses because of the Meazure Platform's failures. Significantly, changed circumstances, including that the California State Bar Exam adjusted the scoring to account for the technical issues, substantially weakens, if not eliminates, any claim for consequential damages that could have existed beyond the complete refund of the laptop fee to use Meazure's platform (rather than handwriting the test).[4] Thus, any discount on the consequential damages contemplated in the operative complaint is appropriate, particularly since amounts will likely be paid to claimants beyond the full refund of

---

[4] The California State Bar implemented significant scoring adjustments for the February 2025 bar examination, including setting the raw passing score to 534 points, two standard errors below the recommended score of 560. The overall pass rate for the exam was 55.9%, which was the highest passing rate in California since 1965. In addition, any first-time test takers that either failed after the score adjustment or withdrew were eligible for the Provisional Licensure Program ("PLP"). The PLP allows eligible test-takers to practice law under a provisional license as long as they are supervised by an eligible California attorney. The PLP expires on December 31, 2027. As such, the California State Bar already provided additional consequential damages posed by a potential failure. While Plaintiffs are confident of their certification chances, consequential damages pose unique risks heightened by the relief already provided to the Settlement Class Members.

the laptop fee given the significant size of the Settlement Fund relative to the amount of laptop fees actually paid.

Approved Claims will be paid no later than 14 days after the Effective Date and will be paid electronically unless a Settlement Class Member elects to receive a paper check. Settlement Agreement, §§ 8.10, 8.11. If any checks subsequently become stale, those amounts shall be distributed to the *Cy Pres* Recipient. *Id.* §§ 8.11, 8.12.

**D. Other Cases (Settlement Guidance ¶ 1.4)**

Settlement Class Counsel are not aware of other cases affected by the Settlement.

**E. The Anticipated Claims Rate (Settlement Guidance ¶ 1.6)**

Class Counsel anticipates a claims rate of approximately 20%. Persinger Decl. ¶ 33; Declaration of Stephanie Saunders of Angeion Group, LLC Re: Proposed Notice Plan & Qualifications ("Saunders Decl.") ¶ 39. *In re Toys R Us-Del., Inc.—Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 468 n.134 (C.D. Cal. 2014) (noting that claims filing rates in consumer litigation range from 2-20%); *Messineo v. Ocwen Loan Servicing, Inc.*, 2017 WL 733219, at *7 (N.D. Cal. Feb. 24, 2017) (9.26% claims rate was higher than average participation); *Barr v. SelectBlinds LLC*, 2024 WL 5162609, at *10 (C.D. Cal. Mar. 4, 2024) (approving settlement with 7.5% cash claim rate); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 941 (9th Cir. 2015) (upholding settlement with a 3.4% claim rate).

Again, the total Settlement Fund exceeds the total amount paid in laptop fees by the Settlement Class Members such that every valid claimant will receive a full refund. As such, Class Counsel anticipates that the claims rate for this Settlement may be higher than for other class settlements because each Settlement Class Member will be awarded at least $153, which represents significant monetary relief. Persinger Decl. ¶ 17. For example, in *West*, a similar class action involving a botched bar exam administration, the claims rate was 19% where class members would receive $90 of a $100-$150 fee. *See* Persinger Decl. ¶ 28, Ex. D (Declaration of Kathleen Wyatt Re: Notice to Class at ¶ 10, *West v. ExamSoft Worldwide, Inc.*, No. 1:14-cv-22950-UU (S.D. Fla. Sept. 14, 2015) ("The response rate to date of the direct notice is 19%."), Dkt. 55-2). *See also*

Settlement Guidance ¶ 1.6.

**F. Reversions (Settlement Guidance ¶ 1.7)**

There will be no reversion to Meazure. *See* Settlement Guidance ¶ 1.7.

**G. Settlement Administration (Settlement Guidance ¶ 2)**

The proposed Settlement Administrator is Angeion Group ("Angeion"), a leading class action administration firm in the United States. Before selecting Angeion, Class Counsel considered bids from multiple reputable class action settlement administrators. Persinger Decl. ¶ 31. Class Counsel ultimately selected Angeion among three administrators who were contacted and provided proposals because of Angeion's expertise, the competitiveness of its bid, its proposal for effectuating the Notice Plan, and its strong data privacy and security procedures. Persinger Decl. ¶¶ 31-32; Saunders Decl. ¶¶ 6-38. Angeion estimates its total costs will be $44,055. Saunders Decl. ¶ 40. Class Counsel has worked with Angeion recently, in the cases set forth in Paragraph 33 of the Persinger Declaration.

**H. The Notice Plan (Settlement Guidance ¶ 3)**

To effectuate the Notice Plan, Meazure will provide a list of known email addresses for the Settlement Class Members to the Settlement Administrator. Settlement Agreement, § 12.1. Meazure has agreed to prepare a list via an export from the Meazure Exam Platform that includes, for each person who started the February 2025 California Bar Examination, the person's first and last name and email address. Persinger Decl. ¶ 35. The Settlement Administrator will then email the Class Notice to each Settlement Class Member whose email appears on the list no later than 21 days after the entry of the Preliminary Approval Order. Settlement Agreement, § 12.2. The Settlement Administrator will also establish a Settlement Website, an email address, and a toll-free telephone number where Settlement Class Members can obtain additional information about the Settlement and the Action. *Id.* §§ 12.3, 12.6, 12.7. The Settlement Administrator will also provide CAFA notice as provided in 28 U.S.C. § 1715 within 10 days after the filing of the Settlement Agreement and this motion for preliminary approval. *Id.* § 12.4. Settlement Guidance ¶ 10. The Notice Plan is reasonably calculated to reach the vast majority of the Settlement Class.

Saunders Decl. ¶¶ 16-26.

The proposed notice is easily understandable, particularly given that the Settlement Class is comprised primarily of law graduates, and satisfies the Settlement Guidance ¶ 3. The notice will include contact information for Settlement Class Counsel; a website with important deadlines and links to the notice, claim form, motions for preliminary and final approval and attorneys' fees, preliminary approval order, and other important documents. It will include information about the final approval hearing and a notice to Settlement Class Members that the date could change.

**I. Opt-Outs and Objections (Settlement Guidance ¶¶ 4, 5)**

The Class Notice will advise Settlement Class Members of their right to opt out of the Settlement or to object to the Settlement and/or to the application for Attorney's Fees and Expenses to Class Counsel and the Service Awards to the Class Representatives, and of the associated deadline to opt out or object. *See* Settlement Guidance ¶¶ 4, 5. The deadline to opt out or object to the Settlement will be 60 days after the Notice Deadline. Settlement Agreement, §§ 13.1, 14.1. Objections must be filed with the Clerk of the Court, postmarked on or before the Objection Deadline, and must contain: (a) the case name and number; (b) the name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for objection; (d) a statement of whether he/she intends to appear and speak at the Final Approval Hearing, either with or without counsel; (e) a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years; and (f) if the Settlement Class Member or his/her/its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she shall affirmatively so state in the objection. *Id.* §§ 14.3-14.4.

The request to opt out must: (a) identify the case name; (b) identify the name and address of the person requesting exclusion; (c) be personally signed by the person requesting exclusion; (d) certify that the person requesting exclusion is a member of the Settlement Class; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in the Action." Mass or class opt

outs are not permitted and shall be void. *Id.* § 13.3.

**J. Attorneys' Fees, Costs, and Service Awards (Settlement Guidance ¶¶ 6, 7)**

The Settlement Agreement contemplates Class counsel petitioning the Court for Attorneys' Fees and Expenses. Settlement Agreement, § 9.1. Class Counsel intends to seek up to $450,000, which is one-third of the Settlement Fund, which represents a 0.95 multiplier on Class Counsel's current lodestar of $473,668.30. As will be explained in their separately filed motion for attorneys' fees and costs, because the fee request will be very close to Settlement Class Counsel's actual lodestar, it is a reasonable request based on work necessarily incurred for the benefit of the Settlement Class. Settlement Guidance ¶ 6.

Separately from the request for attorneys' fees, Class Counsel also intend to seek reasonable litigation costs, which are currently estimated to be $27,823.29, which include the costs of mediation, court costs, and other reasonable expenses. Class Counsel also intend to seek Service Awards in the amount of $10,000 for each of the seven Plaintiffs to compensate them for their service on behalf of the Settlement Class, including by bravely pursuing litigation associated with their professional licensure and fully participating in the case. Settlement Guidance ¶ 7.

There is no clear-sailing provision.

**K. *Cy Pres* (Settlement Guidance ¶ 8)**

In the event there are any residual funds that remain unclaimed or unused after distributions are made to the Settlement Class Members, they will be donated to the *Cy Pres* Recipient, The California Lawyers Foundation. The California Lawyers Foundation is a 501(c)(3) nonprofit dedicated to improving access to justice and increasing diversity in the legal profession, and invests in programs and partnerships that educate and inspire the next generation of legal professionals.[5] The *Cy Pres* Recipient is related to the subject matter of the litigation because the case involves the final hurdle for an aspiring lawyer to become a California lawyer. Settlement Class Counsel

---

[5] *See* https://calawyersfoundation.org/about/about-us/ (last visited September 18, 2026).

do not have any relationship to the *Cy Pres* Recipient other than the Settlement. Settlement Guidance ¶ 8.

**L. Timeline and Proposed Schedule (Settlement Guidance ¶ 9)**

Plaintiffs ask the Court to schedule the time, date, and place of the Final Approval Hearing to decide whether the Settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Plaintiffs also request that the Court set the following deadlines:

| **Event** | **Deadline** |
|---|---|
| Notice Deadline | 21 days after entry of the Preliminary Approval Order |
| Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards | 35 days prior to the Deadline to Object or Opt-Out |
| Deadline to Object or Opt-Out | 60 days from the Notice Deadline |
| Claim Deadline | 60 days from the Notice Deadline |
| Distributions to Settlement Class Members | 14 days after the Effective Date |
| Motion for Final Approval of the Settlement | 14 days prior to the Final Fairness Hearing |
| Final Fairness Hearing | [90 days from the Order Granting Preliminary Approval, or such date as is convenient for the Court] |

**M. Class Action Fairness Act (Settlement Guidance ¶ 10)**

The Settlement Agreement requires that the Settlement Administrator comply with the notification provisions of the Class Action Fairness Act, 28 U.S.C. § 1715. The Settlement is not a coupon settlement, does not obligate Settlement Class Members to pay sums that result in net losses to them, and does not discriminate based on geographic location. 28 U.S.C. §§ 1712-14.

**N. Comparable Outcomes (Settlement Guidance ¶ 11)**

The Settlement here compares favorably to a settlement reached in a nearly identical case involving fees paid to take exams that then had failures. Specifically, a class action was brought against ExamSoft Worldwide Inc. in 2014 related to its administration of the July 2014 bar exam,

referred to colloquially as "barmageddon."[6] There, ExamSoft's software allegedly malfunctioned and caused delays and failures when attempting to upload completed bar exams. The settlement covered 43 states and provided a $90 payment to each class member. The cost of using ExamSoft's software ranged between $100 to $150 per test taker. *West v. ExamSoft Worldwide, Inc.*, No. 1:14-cv-22950-UU, ECF No. 56 (S.D. Fla. Sept. 14, 2015). Thus, the range of recovery of the fee was between 60 and 90%. Here, however, the Settlement Class will receive at least 100% of the $153 laptop fee, making this Settlement superior to the relief provided in the ExamSoft case. This Settlement is also superior because Settlement Class Members who submit valid claims are likely to receive more than full reimbursement of the $153 laptop fee given the relative size of the Settlement Fund, and because the Settlement here is non-reversionary.

## IV. LEGAL STANDARD

The Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. 2020) (cleaned up). The trial judge may exercise his or her sound discretion in considering a preliminary approval motion. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). The Rule 23(e)(2) factors that inform the analysis, along with additional factors outlined in *Churchill Vill., L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004), are discussed below.

## V. ARGUMENT

The Settlement, which is the result of good-faith, informed, arm's-length negotiation between competent counsel with the aid of an experienced mediator, satisfies each factor for preliminary approval in the Ninth Circuit and under Rule 23(e).

---

[6] https://www.abajournal.com/news/article/examsoft_settles_barmageddon_suit_did_problems_lead_to_lower_exam_scores (last visited September 18, 2026).

### O. The Settlement Satisfies the Standard for Preliminary Approval

#### 1. Rule 23(e)(2)(A): Plaintiffs and Class Counsel have adequately represented the proposed Settlement Class

Plaintiffs and Settlement Class Counsel have adequately represented the Settlement Class. All of the Plaintiffs have "actively participated in the prosecution of this case," *Norton v. LVNV Funding, LLC*, 2021 WL 3129568, at *8 (N.D. Cal. July 23, 2021), and "[t]here are no indications that [Plaintiffs have] failed to adequately represent the interests of the class," *Moreno v. Cap. Bldg. Maint. & Cleaning Servs., Inc.*, 2021 WL 1788447, at *10 (N.D. Cal. May 5, 2021). Plaintiffs assisted Settlement Class Counsel by reviewing the pleadings, responding to interrogatories, searching for and producing documents, being available during mediation, and reviewing the Settlement Agreement. Persinger Decl. ¶ 40. Plaintiffs have no conflicts with the other Settlement Class Members. *Id.* ¶ 41.

Class Counsel have also adequately represented the Settlement Class. Settlement Class Counsel are particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases. Persinger Decl. ¶¶ 42-54; *Id.* at Exs. B-C (firm resumes). Here, Class Counsel investigated and brought claims against Meazure on behalf of several affected clients, briefed Meazure's motion to dismiss, obtained documents in discovery, and participated in a full-day in-person mediation with the Honorable Andrew J. Guilford (Ret.). Persinger Decl. ¶¶ 6-16.

#### 2. Rule 23(e)(2)(B): The Settlement was negotiated at arm's length

The Ninth Circuit also "put[s] a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution" in analyzing whether to approve a class action settlement. *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019) (cleaned up). Here, the Parties briefed Meazure's motion to dismiss and completed sufficient fact discovery (including written discovery responses and production of documents by both sides), and the settlement was reached only after a full-day mediation and several follow up discussions between counsel for the parties. Persinger Decl. ¶¶ 12-16. For example, Plaintiffs knew the size of the affected class, as well as the

amount that they paid Meazure as well as detailed information about the strength of their legal claims to evaluate the benefits of the Settlement against the risks and potential relief that could be achieved through litigating through judgment. *Id.* ¶ 16. Thus, Plaintiffs and Settlement Class Counsel were well apprised of the salient legal and factual issues before reaching the decision to settle the Action. *Id.*, ¶ 63; *see also Louie v. Kaiser Found. Health Plan, Inc.*, 2008 WL 4473183, at *6 (S.D. Cal. Oct. 6, 2008) ("Class counsels' extensive investigation, discovery, and research weighs in favor of preliminary settlement approval.").

Further, the Settlement includes none of the indicia of collusion identified by the Ninth Circuit. Class Counsel will not receive a disproportionate distribution of the Settlement Fund, the Settlement Agreement contains no "clear sailing" provisions for fees or service awards, and unclaimed settlement funds will not revert to Meazure—they will be distributed to Settlement Class Members or to the *Cy Pres* Recipient. *Briseno v. Henderson*, 998 F.3d 1014, 1025-28 (9th Cir. 2021); Settlement Agreement, § 7.1.

**3. Rule 23(e)(2)(C): The relief for the Settlement Class is substantial**

**i. Rule 23(e)(2)(C)(i): The costs, risks, and delay of trial and appeal**

First, the Settlement is fair, reasonable, and adequate in light of the strengths and risks of Plaintiffs' case. Persinger Decl. ¶¶ 17-29. While Class Counsel are confident in the strength of Plaintiffs' claims, there is risk inherent in litigation. *Id.* Should the case proceed, Plaintiffs could see their claims dismissed or narrowed by the pending motion to dismiss, or subsequently narrowed by summary judgment, motions *in limine*, at trial, or on a subsequent appeal. *Id.* Moreover, class certification will be contested and poses another significant risk.

Second, the risks, expense, complexity, and likely duration of further litigation also support preliminary approval of the Settlement. *Id.* ¶¶ 24-27. In evaluating these factors, the Court should "consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal.

2004). "In this respect, '[i]t has been held proper to take the bird in hand instead of a prospective flock in the bush.'" *Id.* (cleaned up). If the Court does not approve the Settlement, the Parties would incur the expense and burden of continued litigation. Persinger Decl. ¶ 24-27; *see Paz v. AG Adriano Goldschmeid, Inc.*, 2016 WL 4427439, at *5 (S.D. Cal. Feb. 29, 2016). Even if Plaintiffs were to defeat the pending motion to dismiss, any recovery would be delayed by discovery, class certification, summary judgment, and trial, and any appeals could also take years to resolve. Persinger Decl. ¶¶ 24-27. Absent settlement, there is no guarantee that any of this would lead to greater benefits for the Settlement Class Members. *Id.* The Settlement provides immediate and substantial cash payments to Claimants. It is "plainly reasonable for the parties at this stage to agree that the actual recovery realized and risks avoided here outweigh the opportunity to pursue potentially more favorable results through full adjudication." *Dennis v. Kellogg Co.*, 2013 WL 6055326, at *3 (S.D. Cal. Nov. 14, 2013).

**ii. Rule 23(e)(2)(C)(ii): The proposed method of distributing relief and of processing Claims is and will be effective**

The proposed distribution plan is effective. Settlement Class Members must submit a Claim Form with customary identifying information (including the Claimant's name, address, email address, and telephone number), submit an attestation that they used the Meazure Exam Platform to take the February 2025 California Bar Exam, and select whether they would like an electronic payment or a mailed check. Settlement Agreement, §§ 8.1, 8.2. The Claim Form may be submitted through the Settlement Website. *Id.* § 8.2, Exhibit B. Payments will be made through a manner of payment that is cost- efficient, secure, and convenient for Claimants, such as various forms of electronic payment (direct deposit, Venmo, Zelle, etc.) and check. *Id.* Exhibit B; *see also* Settlement Guidance ¶ 3 (Plaintiffs' Counsel should consider "distributions to class members via direct deposit"). This procedure is Claimant-friendly, efficient, cost-effective, proportional, and reasonable.

**iii. Rule 23(e)(2)(C)(iii): The terms and timing of the proposed Fee Award are fair and reasonable**

The terms and timing of the proposed Attorneys' Fees and Expenses are fair and

reasonable. Class Counsel will seek approval of attorneys' fees in the amount of up to $450,000, which is one-third of the $1.35 million Settlement Fund, which represents a 0.95 multiplier on Class Counsel's current lodestar. Class Counsel's current lodestar is $473,668.30, for 696 hours of work. Persinger Decl. ¶ 55. Since their lodestar will continue to increase in the process of seeking approval, the 0.95 multiplier will further decrease. *Id.* ¶ 56. Settlement Administrative Expenses are estimated to be approximately $44,055. *Id.* ¶ 33; Saunders Decl. ¶ 40.

Plaintiffs' Counsel will also seek $10,000 as a Service Awards for each of the seven Plaintiffs, who responded to discovery requests, produced documents, ensured their availability for mediation, and participated in settlement discussions. Persinger Decl. ¶¶ 40-41; *see Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 268 (N.D. Cal. 2015) (approving $10,000 service award to named plaintiff); *Allagas v. BP Solar Int'l, Inc.*, 2016 WL 9114162, at *3-4 (N.D. Cal. Dec. 22, 2016) (approving $7,500 service award to plaintiffs who were deposed and $3,500 to one named plaintiff who was not deposed); *also Cabrera v. Google LLC*, 2025 WL 2494429, at *10 (N.D. Cal. Aug. 29, 2025) (awarding $9,000 service award to named plaintiff). As will be explained further in Plaintiffs' forthcoming motion, Service Awards in this amount are appropriate here where the named plaintiffs have publicized their names via litigation involving a professional licensing examination, and have fully participated in the litigation, including through responding to discovery and producing documents.

Class Counsel will file a motion seeking this relief at least 35 days before the deadline to object or opt out, which will afford Settlement Class Members a full opportunity to consider this issue before deciding how to proceed under the Settlement. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010); *see also* Settlement Guidance ¶ 9.

**iv. Rule 23(e)(2)(C)(iv): There are no supplemental agreements**

The Parties have no agreements other than the Settlement Agreement.

**4. Rule 23(e)(2)(D): Settlement Class Members are treated equitably**

The Settlement treats Settlement Class Members equitably relative to each other. Fed. R. Civ. P. 23(e)(2)(D). Each Settlement Class Member may make a claim, to be reviewed and

reasonably audited for timeliness and validity, and the *pro rata* allocation of the Settlement is fair and reasonable because it provides equitable relief to all Settlement Class Members who make a valid claim and is consistent with the distribution of funds in other settlements with common funds. *See, e.g.*, *In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d 617, 629 (N.D. Cal. 2021) (distribution that would provide "pro rata" share of common fund treated class members equitably to one another and "weigh[ed] in favor of final approval"). Every Settlement Class Member who submits a valid claim will be reimbursed for the laptop fee that they paid to Meazure regardless of whether they passed or failed the exam because no Class Member got the Exam experience they paid for regardless of the status of their result.[7]

**5. Additional Ninth Circuit factors favor approval or are neutral**

**i. The amount offered in Settlement**

The "relief that the settlement is expected to provide to class members is a central concern," which the Court should consider. *Wong v. Arlo Techs., Inc.*, 2021 WL 1531171, at *9 (N.D. Cal. Apr. 19, 2021) (cleaned up). "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of S.F.*, 688 F.2d 615, 628 (9th Cir. 1982). Here, the $1.35 million settlement fund represents 100% of Plaintiffs' total potential damages on a theory of liability seeking refunds of the laptop fee. In addition, the Settlement also contemplates prospective relief in the form of Meazure's agreement to conduct quality control audits of future California Bar Examinations facilitated by Meazure. This is a fair, reasonable, and adequate compromise for the class given the risk of trial and on several pending dispositive motions. Indeed,

---

[7] Notably, to ensure that no test-taker failed the Exam as a result of Meazure's platform problems, the California Bar already adjusted the February 2025 Bar Exam results—changing some "no pass" results to "pass"—to take into account the impact of Meazure's Platform failures on "no pass" results. *See, e.g.*, Sophie Clark, *California Bar Exam Changes Hundreds of Scores from 'Fail' to 'Pass'*, Newsweek (June 3, 2025), https://www.newsweek.com/california-bar-exam-changes-hundreds-scores-fail-pass-2080421.

the difficulty of predicting jury trial outcomes has in part caused courts to find similar recoveries to be fair and reasonable. *See, e.g.*, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("The fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved." (cleaned up)); *see also, e.g.*, *Greko v. Diesel U.S.A., Inc.*, 2013 WL 1789602, at *5 (N.D. Cal. Apr. 26, 2013) (approving settlement representing 24% of potential damages); *Acosta v. Evergreen Moneysource Mortg. Co.*, 2019 WL 6051117, at *11 (E.D. Cal. Nov. 15, 2019) (approving settlement representing 14.4-21.3% of potential maximum recovery). Further, as described above, the amount of the Settlement is substantial given the litigation risks associated with pursuing additional consequential damages remedies; and the Settlement compares favorably to a similar settlement in another case involving bar examination software. *See supra* Parts III.C, N.

**ii. The experience and views of Settlement Class Counsel**

Class Counsel believe the Settlement is fair, reasonable, and adequate recovery for the Settlement Class given the recovery of approximately 100% of the laptop fee, which risked receiving nothing in the event Plaintiffs lost the pending motion to dismiss, or later lost at summary judgment or at trial. Persinger Decl. ¶¶ 16-17, 24-27. Settlement Class Counsel are experienced in class action litigation, including consumer protection cases, and have a nuanced understanding of the legal and factual issues involved in this case. *Id.* ¶ 42-54, Exs. B & C (firm resumes). "'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation." *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 528 (cleaned up). Thus, this factor supports preliminary approval.

**iii. Government participation and settlement class reaction**

The government participation and settlement class reaction factors are neutral here.

**P. The Court Should Certify the Settlement Class for Settlement Purposes**

On a motion for preliminary approval, the parties must also show that the Court "will likely be able to … certify the class for purposes of judgment on the proposal." Fed. R. Civ. P.

23(e)(1)(B)(ii); see also Fed. R. Civ. P. 23(a) and (b)(3).

With approximately 4,100 Settlement Class Members, the Settlement Class is sufficiently numerous. Persinger Decl. ¶ 21; *see, e.g.*, *Celano v. Marriott Int'l Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007) (numerosity is satisfied with at least 40 members). Typicality is met as both Plaintiffs and the Settlement Class Members' claims arise from the performance of Meazure's software such that they suffered the same alleged injury and have the same interests. Fed. R. Civ. P. 23(a)(3); *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Plaintiffs and Settlement Class Counsel are adequate. Fed. R. Civ. P. 23(a)(4); *supra* § V.A.1. Class certification is also "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Class-wide resolution is the only practical method of addressing the alleged violations at issue. *See Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175-76 (9th Cir. 2010). The Settlement Class also satisfies the commonality and predominance requirements. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011); Fed. R. Civ. P. 23(b)(3). The Settlement Class's claims depend on the common contention that Meazure's Software did not perform as advertised.

**Q. The Notice Plan Satisfies Due Process**

The parties' proposed Notice Plan consists of (1) direct notice via email based on the email address used to register for the February 2025 California Bar Exam; (2) a Settlement Website where the Long Form Notice and other important case documents will be available; and (3) a toll-free informational telephone number. Settlement Agreement § 12. Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by the proposal" if it is likely Rule 23(e)(2) is met and certification will be granted. The operative notice plan is the best notice practicable and is reasonably designed to reach the Settlement Class Members. Persinger Decl. ¶¶ 35-39; *see also* Settlement Guidance ¶ 3. Courts in the Ninth Circuit have approved less comprehensive approaches to class notice. *See, e.g.*, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d at 946; *In re Google Referrer Header Priv. Litig.*, 2014 WL 1266091, at *7 (N.D. Cal. Mar. 26, 2014) (approving notice plan with only indirect notice); *Youth Just. Coals. v. City of L.A.*, 2020 WL 9312377, at *5 (C.D. Cal. Nov. 17, 2020) (same).

The notice contains all information required to apprise the Settlement Class Members of their rights under the Settlement and is written in simple, straightforward language in compliance with Settlement Guidance ¶ 3. It provides: (1) background information about the Action; (2) a description of the benefits provided by the Settlement; (3) an explanation of how Settlement Class Members can obtain benefits; (4) an explanation of how Settlement Class Members can opt out of or object to the Settlement; (5) an explanation that any claims against Defendant that could have been litigated in the Action will be released if the Settlement Class Member does not opt out; (6) information regarding Class Counsel's forthcoming request for Attorneys' Fees and Expenses and Service Awards; (7) the Final Approval Hearing date; (8) an explanation of eligibility for appearing at the Final Approval Hearing; and (9) Settlement Class Counsel's contact information. Settlement Agreement, Ex. A.

This approach to notice is more than adequate. *See, e.g.*, *Knutson v. Schwan's Home Serv., Inc.*, 2014 WL 3519064, at *5 (S.D. Cal. July 14, 2014) (approving mailed notice where notice would include the settlement website with full settlement details and the claim administrator's toll free number); *In re Google Referrer Header Priv. Litig.*, 2014 WL 1266091, at *6 (approving notice plan with only indirect notice, including internet-based notice). This information provides "sufficient detail" to allow class members with adverse viewpoints to conduct further investigation and "come forward and be heard." *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (internal quotation marks omitted). Accordingly, this notice program will fully apprise Settlement Class Members of their rights under Rule 23(e) and should be approved.

## VI. CONCLUSION

Plaintiffs respectfully request that the Court grant preliminary approval and enter the accompanying proposed order.

Dated: September 18, 2026

Respectfully Submitted,

*/s/ Annick M. Persinger*
Annick M. Persinger (CA Bar No. 272996)

**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, CA 94612
Telephone: (510) 254-6808
Fax: (202) 973-0950
*apersinger@tzlegal.com*

Katherine M. Aizpuru (CA Bar No. 367828)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Ave NW, Suite 1010
Washington, DC 20006
Telephone: (202) 973-0900
Fax: (202) 973-0950
*kaizpuru@tzlegal.com*

Joseph G. Sauder (pro hac vice)
Joseph B. Kenney (pro hac vice)
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
Fax: (610) 421-1326
*jgs@sstriallawyers.com*
*jbk@sstriallawyers.com*

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*