**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re ProctorU California Bar Exam Litigation* | Case No.: 4:25-cv-02095-JST<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Jon S. Tigar<br>Date: January 7, 2027<br>Time: 2:00 p.m.<br>Courtroom: 6 |

Plaintiffs Laura Perjanik, Samuel McClain, Victoria Tulsidas, Katrina McDowell, Jenny Ayoub, Tamir Sukkary, and Edina Cole and Defendant ProctorU, Inc. d/b/a Meazure Learning ("Meazure") have entered into a Settlement Agreement ("Agreement"),[1] which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed Settlement and dismissal of the Action with prejudice as to Meazure upon the terms and conditions set forth therein.

The Court has before it Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Motion"). After reviewing the Motion, the Settlement Agreement and exhibits thereto, the Declarations of Annick Persinger and Stephanie Saunders and exhibits thereto, the arguments and authorities presented by the Parties and their counsel, and the record in the Action, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Court finds that it has jurisdiction over the subject matter of this Action and over all Parties to the Action.

2. Plaintiffs have moved the Court for an order under Federal Rule of Civil Procedure 23(e)(1) authorizing notice to be sent of the Settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed Settlement and dismissal of the Action with prejudice. The Court, having read and considered the Settlement Agreement and having heard the Parties, hereby concludes that it will likely be able to approve the Settlement under Rule 23(e)(2) and certify the Class for purposes of judgment on the Settlement. The Court therefore directs notice to be sent in accordance with the Notice Plan set forth in the Settlement Agreement and preliminarily approves the Settlement Agreement in its entirety, subject to the Final Approval Hearing referred to in Paragraph 20 of this Order.

---

[1] Unless otherwise indicated, capitalized terms have the same meanings as those set forth in the Parties' Settlement Agreement, attached as Exhibit A to the Declaration of Annick M. Persinger submitted in support of Plaintiffs' Motion for Preliminary Approval.

3. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is preliminarily fair, reasonable, and adequate and in the best interests of the Settlement Class defined below. The Court finds that the Settlement is within the range of reasonableness so that Notice of the Settlement should be given to the Class as provided in the Settlement Agreement and this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the Parties involved in both settlement of these claims and continuation of the litigation. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and appeal. The Court also finds that Plaintiffs and Settlement Class Counsel have adequately represented the Class and that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) provides adequate relief for Settlement Class Members, taking into account the costs, risks, and delay of further litigation, the highly effective methods the Settlement provides for processing claims and distributing relief, and the terms of the proposed award of attorney's fees; (c) treats Settlement Class Members equitably relative to each other; (d) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act, 28 U.S.C. § 1715, the United States Constitution, and the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements; and (e) is not a finding or admission of liability by Meazure or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

## **Certification of the Settlement Class**

4. For purposes of settlement only: (a) Annick Persinger and Katherine Aizpuru of Tycko & Zavareei LLP and Joseph Sauder and Joseph Kenney of Sauder Schelkopf LLC are appointed as Settlement Class Counsel for the Settlement Class; and (b) Plaintiffs Laura Perjanik, Samuel McClain, Victoria Tulsidas, Katrina McDowell, Jenny Ayoub, Tamir Sukkary, and Edina Cole are appointed Class Representatives for the Settlement Class. The Court finds that these

attorneys are competent and capable of exercising the responsibilities of Settlement Class Counsel for the Settlement Class and that Plaintiffs will adequately protect the interests of the Settlement Class defined below.

5. For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement: all individuals who used the Meazure Exam Platform to take the February 2025 California Bar Examination. Excluded from the Settlement Class are (a) all Judges who have presided over the Actions and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent, or subsidiary of Defendant and any entity in which Defendant has a controlling interest; and (d) any Settlement Class Member who files a timely and proper request for exclusion from the Settlement Class.

6. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 20 below, that, within the context of and for the purposes of settlement only, the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of fact and law common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; (d) the Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; (e) common questions of law or fact predominate over questions affecting individual members; and (f) a class action is a superior method for fairly and efficiently adjudicating the Action.

**Notice and Administration**

7. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including the Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibit A thereto, the Claim Form attached to the Settlement Agreement as Exhibit B, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of

Civil Procedure. The Court further finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. The Court also finds that the Notice Plan constitutes valid, due, and sufficient notice to all persons entitled thereto and meets the requirements of Due Process. The Court further finds that the Notice Plan fully complies with the United States District Court for the Northern District of California's Procedural Guidance for Class Action Settlements.

8. The Parties have selected a reputable settlement administration company, the Angeion Group ("Angeion"), to serve as the Settlement Administrator. The Court hereby appoints, authorizes, and directs Angeion to be the Settlement Administrator, and thereby to perform and execute the notice and other responsibilities set forth in the Settlement Agreement. The Court further directs Angeion to comply with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

9. The Parties, without further approval from the Court, are hereby permitted to revise the Notice to the Settlement Class (Exhibit A to the Settlement Agreement) and the Claim Form (Exhibit B to the Settlement Agreement) in ways that are appropriate to update those documents for purposes of accuracy or formatting, so long as they are consistent in all material respects with the Settlement Agreement and this Order.

10. The Court orders Meazure to provide the Notice List to Angeion in accordance with the terms of the Settlement Agreement.

11. The Court orders Angeion to send the Notice to potential Settlement Class Members by the Notice Deadline, which is 28 days after entry of this Preliminary Approval Order, and otherwise implement the Notice Plan as set forth in the Settlement Agreement.

12. The Court approves the establishment of the Settlement Fund under the Settlement Agreement as a qualified settlement fund as defined in Section 1.468B-1(a) of the U.S. Treasury Regulations and retains continuing jurisdiction as to any issue that may arise in connection with

the formation or administration of the Settlement Fund. The Settlement Administrator is authorized to withdraw amounts from the Settlement Fund to pay for the Notice Plan.

**Submission of Claims and Requests for Exclusion**

13. Settlement Class Members who wish to receive benefits under the Settlement must complete and submit a timely and valid Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked or electronically submitted by the Claim Deadline, which is 60 days after the Notice Deadline.

14. Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude him or herself or "opt out" from the Settlement Class. Any such person may do so if they comply with the procedures set forth in the Settlement Agreement for Requests for Exclusion on or before the Opt-Out Deadline, which is 60 days after the Notice Deadline. Any members of the Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

15. Settlement Class Members who fail to timely opt out of the Settlement shall be bound by all terms of the Settlement Agreement and the Final Approval Order (if issued), regardless of whether they have requested exclusion from the Settlement Agreement, regardless of whether they have submitted a Claim Form, and regardless of whether that Claim Form has been deemed valid.

16. The Settlement Administrator will provide the list of Settlement Class Members that timely submitted Requests for Exclusion to Settlement Class Counsel and counsel for Defendant no later than seven (7) calendar days after the Objection/Opt-Out Deadline and Claim Deadline.

**Objections and Appearances**

17. Any Settlement Class Member who has not timely filed a Request for Exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, to the Final Approval Order being entered dismissing the Action with prejudice, to the Attorneys' Fees and

Expenses sought by Class Counsel, or to the Service Awards sought for the Class Representatives as set forth in the Notice Plan and the Settlement Agreement.

18. Any Settlement Class Member who wishes to object must do so on or before the Objection Deadline, which is 60 days after the Notice Deadline. Settlement Class Members shall submit written objections to the Court, by filing them with the Clerk of the Court, United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612.

19. To be valid, an objection must comply with the objection procedures set forth in the Settlement Agreement, must be in writing, and include (a) the case name and number; (b) the name, address, and telephone number of the Settlement Class Member objecting, and, if represented by counsel, of his/her counsel; (c) the basis for objection; (d) a statement of whether he/she intends to appear and speak at the Final Approval Hearing, either with or without counsel; (e) a list of all other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five (5) years; and (f) if the Settlement Class Member or his/her counsel has not objected to any other class action settlement in the United States in the previous five years, he/she shall affirmatively so state in the objection. For an objection to be considered by the Court, the Settlement Class Member must not have opted out of the Settlement and the objection must be electronically filed or mailed first-class postage prepaid and addressed in accordance with the instructions and the postmark date indicated on the envelope must be no later than the Objection Deadline, as specified in the Notice.

20. Settlement Class Members who fail to file and serve timely written objections in compliance with the requirements of the foregoing paragraph and the Settlement Agreement shall be deemed to have waived any such objection, shall be bound by the terms of the Settlement Agreement and the Final Approval Order (if issued), shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means, and shall be foreclosed from objecting to any of the following: (a) whether the proposed settlement of

the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether the Final Approval Order dismissing the Action with prejudice should be entered; (c) whether to approve payment of the Attorneys' Fees and Expenses requested by Settlement Class Counsel; and (d) whether to approve payment of Service Awards to the Class Representatives as requested by Settlement Class Counsel.

**Final Approval Hearing**

21. The Final Approval Hearing shall be held before this Court on _______________ at ______ a.m./p.m. in Courtroom 6 on the 2nd Floor of the Ronald V. Dellums Federal Building and U.S. Courthouse, located at 1301 Clay Street, Oakland, CA 94612, such date being ___ days after the entry of this Preliminary Approval Order, to determine: (a) whether the proposed Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether the Final Approval Order dismissing the Action with prejudice should be entered; (c) whether to approve payment of the Attorneys' Fees and Expenses requested by Settlement Class Counsel; and (d) whether to approve payment of the Service Awards to the Class Representatives as requested by Settlement Class Counsel. The Final Approval Hearing may be postponed, adjourned, held telephonically, or continued by further order of this Court.

22. Plaintiffs and Settlement Class Counsel shall file their motion seeking final approval of the Settlement by no later than the Final Approval Motion Deadline, 14 days after the Opt-Out and Objection Deadline, and no later than 14 days before the Final Approval Hearing.

23. Plaintiffs and Settlement Class Counsel shall file their motion for an award of Attorneys' Fees and Expenses and for Service Awards for the Class Representatives by no later than the deadline, which is 35 days before the Opt-Out Deadline and Objection Deadline.

**Related Orders**

24. All further proceedings in the Action are ordered stayed until entry of the Final Approval Order or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain or effectuate final approval of the Settlement Agreement.

25. Settlement Class Counsel and Defendant's Counsel may use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Class Notice or to any other exhibits that the parties jointly agree are reasonable or necessary.

26. In aid of this Court's jurisdiction to oversee the settlement approval process, Settlement Class Members, unless they exclude themselves from the Settlement Class, are hereby temporarily enjoined from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any claims against Meazure that arise from or relate to conduct that was alleged or could have been alleged in the Action based on any or all of the same factual predicates for the claims alleged in the Action. *See* 28 U.S.C. § 1651.

27. Settlement Class Members who do not submit a timely Request for Exclusion shall be bound by all determinations and judgments in the Action concerning the Action and Settlement Agreement, whether favorable or unfavorable.

28. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement Agreement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

29. Any Settlement Class Member who does not submit a timely and valid Claim Form: (a) shall be forever barred from receiving any monetary payment under the Settlement; and (b) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Final Approval Order, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class Member.

30. The Court preliminarily approves the selection of California Lawyers Foundation as the *Cy Pres* Recipient, and finds that the California Lawyers Foundation is related to the subject

matter of the litigation because its purpose is to improve access to justice, increase diversity in the legal profession, and inspire the next generation of legal professionals.

31. For the sake of clarity, the Court enters the following deadlines for the remainder of the proceedings in this Action:

| **Event** | **Deadline** |
|---|---|
| Notice Deadline | 28 days after entry of the Preliminary Approval Order |
| Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards | 35 days prior to the Deadline to Object or Opt-Out |
| Deadline to Object or Opt-Out | 60 days from the Notice Deadline |
| Claim Deadline | 60 days from the Notice Deadline |
| Distributions to Settlement Class Members | 14 days after the Effective Date |
| Motion for Final Approval of the Settlement | 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | [90 days from the Order granting Preliminary Approval, or such day as is convenient for the Court] |

IT IS SO ORDERED.

Date: ________________________

________________________________________
Honorable Jon S. Tigar
United States District Judge